# Exhibit I

# COHEN | BUSINESS LAW GROUP

*A Professional Corporation*

**Attorneys**
Jeffrey A. Cohen
Michael S. Hanna
Nuzayra J. Haque

**Of Counsel**
J. Eric Kirkland
Bennet G. Kelley

**Los Angeles Office**
10990 Wilshire Blvd., Suite 1025
Los Angeles, CA 90024
Telephone: (310) 469-9600
Facsimile: (310) 469-9610

**South bay Office**
2321 Rosecrans Ave., Suite 3225
El Segundo, CA 91423
Telephone: (310) 906-1900
Facsimile: (310) 906-1901

October 26, 2018

Andrew D. Epstein
Barker, Epstein & Loscocco
176 Federal Street
Boston, MA 02110

Via Email and U.S. Mail
photolaw@aol.com

## SETTLEMENT DISCUSSIONS - CA EVID CODE §§1152, 1154 and F.R.C.P §408

**Re: Response to Demand Letter and Mass Gen Laws c 93A Demand**

| | |
|---|---|
| Our Client: | Dawn Dorland |
| Infringing Author: | Sonya Larson |
| US. Copyright Reg. No. | TXu002101420 |
| Copyrighted Work: | "Dorland Kidney chain final recipient letter July 2, 2015" by Dawn Dorland (The "Work") |
| Infringing Content: | Portions of "The Kindest" by Sonya Larson |
| Our File No.: | 7277.001 |

Dear Mr. Epstein:

We are in receipt of correspondence from you directed to the undersigned dated September 28, 2018, and correspondence from you directed to our client, Dawn Dorland, dated September 27, 2018. This correspondence shall respond to both letters (collectively the "Letters").

**Massachusetts State Bar Rules Violation**

Despite your awareness that this office is counsel for Dawn Dorland, you still chose to make a direct communication with our client by writing her on September 27, 2018 about the subject of our representation, without obtaining our consent to do so, an act in violation of Massachusetts Rules of Professional Conduct § 4.2, which for your reference states:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.

At no time has this office ever granted consent for you or your firm to communicate directly with our client, and your actions are a direct violation of § 4.2. We take this violation very seriously and require your immediate assurance that this will not occur again.

**Settlement Discussions**

Firstly, you have completely misrepresented the Cease and Desist letter sent to your client's attorney on or about September 6, 2018 (the "C&D Letter"). While we had the decency to send the letter to your client's prior counsel and provide you with a courtesy copy once we were made aware of your involvement, you chose to contact our client directly in response, and in doing so you have either misunderstood or misread the letter, or you are intentionally attempting to create a misleading record.

Despite the inaccurate and misleading summary set forth in your letter, the C&D Letter from this office was sent to your client's prior counsel demanding that your client immediately cease and desist the continued intentional violation of our client's rights in connection with the work **"Dorland Kidney chain final recipient letter July 2, 2015"** by Dawn Dorland bearing Federal Copyright Registration Number TXu002101420 (the "Work"). Even a cursory review of the C&D Letter establishes that the C&D Letter is well taken in all respects. That letter makes the following points:

1. Our client created and published the Work on or about July 2, 2015.
2. Your client has republished a derivative work in violation of the rights of our client wherein she has reproduced nearly identical portions of the Work in her publication entitled "The Kindest".
3. Your client, knowing that she had acted improperly, entered into various agreements with AmericanShortFiction.org, Audible.com and BrillianceAudio.com and the Boston Book Festival to publish the Kindest, in violation of the rights of our client without any attribution or authorization.
4. Your client has taken steps to publicly display The Kindest featuring the Work on various publicly available websites.

Furthermore, your letter to this office adds the following to the analysis:

1. You have expressly admitted both access to the Work and actual copying.
2. Your client has publicly displayed The Kindest in a manner that was close enough to the Work, and sufficiently identified the Work, that at least one member of the public at the performance saw fit to contact our client and inform her.
3. You appear to admit "plagiarism" standing on the belief that it is not actionable.
4. You admit that The Kindest was "inspired by" the Work and you have confirmed that she "admits that she initially used a few words and phrases that appear in" the Work.
5. Numerous other previously unknown factual statements beneficial to any case against your client.

///
///
///

The C&D Letter demands the following:

1. A stipulated judgment in the amount of $180,000.00 to be held and not filed unless your client violates the terms of a settlement agreement to be drafted and agreed between the parties;
2. Assurance that your client agrees to cease and desist of and from any further violation of our client's copyrights with respect to the Work or anything derivative thereof in "the Kindest" or any other publication;
3. Reimbursement of actual legal expenses incurred by our client as the result of the Larson infringement; and
4. Other terms typical for a settlement agreement of this type.

The prior demand expired on its own terms September 16, 2018 after it was not accepted. There has been no counter offer until your Letters. Please be advised that based upon the failure to accept this demand, it is hereby withdrawn.

Notably missing from the C&D Letter is the fact that there is no compensatory demand other than the request that our client be reimbursed her actual fees incurred as the direct result of your client's actions and her refusal to act reasonably upon first being contacted, and as was suggested by the Boston Book Festival, who in their wisdom attempted to mediate this dispute between the parties – which failed because your client refused to engage in reasonable discussions. The request for a non-entered stipulated judgment is preventative only.

Contrary to your letter, there is no claim of any entitlement to statutory damages for any publication occurring prior to the Work's registration date. There is, however, a demand that your client not take further steps to violate Dorland's rights which would absolutely be entitled to statutory damages at the highest given her obvious awareness of her infringement as made clear by her proposals to BBF as we negotiated a solution to the problem created by your client and as made clear by the admissions in your letter.

**Legitimate Copyright Claims**

Your position fails to recognize our client's legitimate rights. In order for our client to prevail in the present claim against your client, she need only establish (1) ownership by the plaintiff of a protectible property interest; (2) unauthorized copying of the material by the defendant; and (3) damage resulting from the copying." Golding v. R.K.O. Pictures, Inc., 35 Cal.2d 690, 694, 221 P.2d 95 (1950). Your letter and the communications from your client to our client, the Boston Book Festival, and others establishes without any shred of doubt the first two elements. Your letter appears to focus solely upon the issue of damages, asserting that she is not entitled to statutory damages.

However, this argument is fatally flawed for several reasons. Ms. Dorland is and will absolutely be entitled to statutory damages as the result of your client's conduct after her registration – as we have made clear in our C&D Letter. Your client is on notice of our client's claim of right, and if she continues to disregard our client's rights, we will take steps to require your client's cooperation and collect damages for her willful infringement in the range of $180,000.00 per intentional infringement.

Should your client agree to provide her assurances that she will stop infringing on our client's rights to the Work, there is still the question of your client's past infringement. Whether our client is entitled to statutory damages or not, and even if all she is entitled to is actual or even nominal damages, our client is still entitled to those, plus attorney's fees, costs and potentially exemplary damages, which we would assert should be measured by the applicable measure of statutory damages.

Furthermore, there are other causes of action reserved in the C&D Letter which could and will result in additional claims under state and/or Federal law including but not limited to California Business and Professions Code §17200 for your client's unfair and unlawful competition in publishing the Work, depriving our client of the methodology and timing of how, when, and where to publish and display her work. Given the astounding reasonableness of the existing demand, we do not see it as necessary to go into the full extent of all claims against your client at this time. What we have presented is far more than sufficient.

**Massachusetts General Laws c. 93A**

Your effort to invoke inapplicable Mass. Gen. Laws. c.93A is absurdly inapplicable, not only from a jurisdictional standpoint but also from a factual one. Your use of the obviously pre-drafted canned paragraphs in your letter which contain errors and mis-citations causes one to wonder whether you have ever bothered to read the cases that you cited. In the event that you have not done so, please be aware that those cases deal with factual situations which are highly factually distinct from anything even alleged in the present case. We suspect this firm is not the first to be blessed with this exact language from your office. If you take the time to understand 93A, you will see that it applies where there is bad faith effort to refuse to engage in good faith discussions toward "damage control" in the exact situation that your client has caused here. The purpose of the C&D Letter was to encourage your client to stop violating the rights of our client – in good faith – in an effort to try to avoid having to secure her cooperation by way of court order. The C&D Letter is precisely what your 93A statute is intended to encourage – good faith discussions about a solution to the problems that she has created for our client.

Your client is fully aware that the initial conversations with your client sought simply an attribution. Your client's bad faith refusal to acknowledge her wrongdoing have led us to the point where our client has had to request reimbursement of her expended fees – which your client has also refused – at least to this point. In fact, casting stones with regard to your c.93A statute is particularly unwise since it is your client and your letter that in reality are in violation of c.93A. You have in your possession a legitimate demand letter in the form of a request that your client cease and desist from further violation of our client's rights. Your response letter is exactly what cases like <u>Lodie v. Anton's Cleaners</u> 1993 Mass. App. Div. 29 (cited in your letter as "Loddie") are intended to address in finding that c.93A is applicable. That case was not as much about the 100 offers in response to 4,000 losses, but the fact that Anton's Cleaners, in bad faith, sought to enforce a release on the back side of the ticket that the plaintiff's mother would never have even had a chance to read. This is much like your position that despite your client admitting accessing and actual copying of a portion of the Work, that your client bears no responsibility for the damages that she has caused. We would point out that your response is far more in violation than the C&D Letter could ever be characterized – even were it to be mischaracterized as you have attempted to do.

Your position seems to be one of "the best defense is a good offense"; lacking any meritorious defense for the actions of your client and seeing all of the elements of an action for copyright infringement laid out in front of you, you have chosen to attack the messenger. Neither our client, Ms. Dorland, a selfless, anonymous kidney donor, nor this firm, bears any responsibility for your client's wrongs. Rest assured that if we cannot reach a reasonable settlement, that our client's rights will be protected.

Rather than continue any discussion regarding your client's nonsensical, non-existent claims against our client arising out of the C&D letter, we suggest that you focus upon your further compliance with your own State's state bar rules, and seeing what you can do to provide a response to our C&D letter which is both reasonable and complies with your rule c.93A.

### Jurisdiction

Finally, the only appropriate jurisdiction applicable to the dispute between our clients as to your client's infringement of her copyright is California, with the appropriate venue being Los Angeles. If we cannot reach a resolution, which we encourage your client to take very seriously, this is legitimately where we intend to proceed, and your letter contains no legitimate position to the contrary. Rest assured that if you decide to file any claim in Massachusetts involving this firm or our California resident client, we will swiftly move to dismiss your suit for lack of jurisdiction and seek attorneys' fees and costs as well as treble damages under your c.93A statute.

### Further Discussions

Should you be interested in a serious conversation about resolution of this matter involving your client's enforceable assurances that she will cease and desist of and from any further infringement and reimburse the costs our client has had to incur thus far in this matter, please let us know. Otherwise, please understand that we intend to proceed accordingly to protect the interests of our client, those of this firm and its attorneys. I would suggest that rather than exchanging any further "saber rattling" letters, that we set up a call, a mediation, an arbitration, or some other effort to try to resolve this matter for our respective clients. If that is not to be, that is ok too.

The forgoing is not intended to be a full litany of all rights that our client may have. Nothing contained herein, or not expressly included, should be taken as a waiver of any other rights that our client may have, and all such rights are expressly reserved. Please do not take our expression of continued willingness to reach a resolution with your client as a sign of weakness - as that would be an error. We look forward to hearing from you accordingly.

Very truly yours,

COHEN BUSINESS LAW GROUP
A Professional Corporation

JEFFREY A. COHEN

JAC/nk
L-Epstein 20181015.3