UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SONYA LARSON<br><br>                       Plaintiff,<br>v.<br><br>DAWN DORLAND PERRY, et al.<br><br>                       Defendants. | Civil Action<br><br>No. 1:19-cv-10203-IT |

**ASSENTED TO MOTION OF PLAINTIFF FOR LEAVE TO SUBSTITUTE THE CORRECT EXHIBIT FOR AN EXHIBIT ERRONEOUSLY INCLUDED IN**
**I.    PLAINTIFF'S COMPLAINT AND**
**II.    IN HER OPPOSITION TO THE MOTION TO DISMISS OF**
<u>**DEFENDANTS, COHEN BUSINESS LAW GROUP, PC, AND JEFFREY A. COHEN**</u>

      Plaintiff, Sonya Larson, moves this court for leave to substitute the correct exhibit for an exhibit erroneously filed with both her Complaint, and with her Opposition to the Motion to Dismiss of Defendants, Cohen Business Law Group, PC, and Jeffrey A. Cohen.  Defendants, Cohen Business Law Group, PC, and Jeffrey A. Cohen are hereinafter referred to as the "Law Firm."  As grounds for this Motion, Plaintiff states as follows:

      1.      This is an action for declaratory judgment, defamation, tortious interference with contractual relations and violation of M.G.L. Chapter 93A, the Massachusetts Consumer Protection Act.

2.      The action is based on Plaintiff's Short Story entitled, *The Kindest*. The Story is about a kidney donor and the interaction between the donor and the recipient.

3.      Defendant, Dawn Dorland Perry ("Dorland") claims that she is a kidney donor and that Plaintiff infringed a letter that Dorland allegedly sent to her kidney recipient that she posted on her Facebook page.

4.      Plaintiff is seeking leave to correct one exhibit in her Complaint and one exhibit in her Opposition to the Law Firm's Motion.

I.      <u>Correction to the Complaint</u>.

5.      Plaintiff's Complaint (Dkt. # 1) contains the following exhibits that are relevant to this Motion.

6.      Exhibit A to the Complaint is a copy of the letter Dorland posted on her Facebook page.

7.      Exhibit C to the Complaint is a copy of Plaintiff's story, *The Kindest*. The Story contains a letter written by an anonymous wealthy white woman who donated a kidney to a poor Chinese-American recipient. Larson uses the letter in her Story as a literary device to introduce her characters.

8.      Exhibit D was intended to be a copy of the letter that was used in *The Kindest*. Unfortunately, Exhibit D is a draft version of the letter and it is not a copy of the letter that is used in *The Kindest* (Exhibit C).

9.      Plaintiff is seeking leave to substitute the correct copy of the letter that is used in *The Kindest* in place of the draft letter that was filed with her Complaint. A copy of the correct version of Exhibit D is attached hereto as "Exhibit 1."

II.     Correction to Plaintiff's Opposition.

10.     Plaintiff made the same error in her Opposition to the Law Firm's Motion to Dismiss (Dkt. 11-12) by including a draft version of the letter from *The Kindest* instead of the actual letter that appears in the Short Story.

11.     Plaintiff is seeking leave to substitute the correct copy of the letter that is used in *The Kindest* in place of the draft letter that was attached as an exhibit to her Opposition (Dkt. # 16).  A copy of the correct version of Exhibit D to the Opposition is attached hereto as "Exhibit 1."

12.     None of the Defendants in this Action will be prejudiced by this Motion.

13.     Dorland has until April 25, 2019, to respond to Plaintiff's Complaint.  Dorland has assented to this Motion.

14.     The Law Firm Defendants also assent to Plaintiff's Motion to Substitute Exhibits on the basis that the Motion has no impact on the arguments raised in the Firm's Motion to Dismiss or Plaintiff's Opposition. (Dkt. Nos. 11-12; 16).  The substitution of Plaintiff's exhibits is immaterial to the Law Firm's arguments that the Court lacks subject matter jurisdiction to adjudicate Plaintiff's claims, that the Court does not have personal jurisdiction over the Firm, and that the Firm's conduct is protected by the litigation privilege.  Similarly, the substitution of Plaintiff's exhibits is immaterial to the defenses Plaintiff raises in her Opposition to the Firm's Motion to Dismiss.

15.     The Law Firm's Motion does not include any issues related to Plaintiff's Short Story, Dorland's letter, the merits of the infringement claim or the request for declaratory judgment.

WHEREFORE, Plaintiff, Sonya Larson moves this Court for leave to substitute the correct version of the letter in her Short Story for the ones erroneously included in both her Complaint (Docket No. 1) and her Opposition (Docket No. 16).

                Respectfully submitted,
                SONYA LARSON,
                By her attorney,

                /s *Andrew D. Epstein*
                _____

April 19, 2019              Andrew D. Epstein, Esquire (BBO #155140)
                Barker, Epstein & Loscocco
                176 Federal Street
                Boston, MA 02110
                Tel: (617) 482-4900
                Fax: (617) 426-5251
                Photolaw@aol.com

Local Rule 7.1(a)(2) Certification

I, Andrew D. Epstein, certify that on April 18 and 19, 2019, I conferred with counsel for Defendants Dawn Dorland Perry, Cohen Business Law Group, PC, and Attorney Jeffrey A. Cohen pursuant to Local Rule 7.1(a)(2), and Defendants' counsel indicated that they assented to this motion as stated therein.

*s/ Andrew D. Epstein*

Certificate of Service

I certify that Plaintiff's Motion for Leave to Substitute the Correct Exhibit for ones erroneously filed in Plaintiff's Complaint and in her Opposition was sent to all counsel of record through the court's ECF system.
.

*/s/ Andrew D. Epstein*
_____

April 18, 2019                                                                  Andrew D. Epstein