# Exhibit E



# COHEN | BUSINESS LAW GROUP

A Professional Corporation

**Attorneys**
Jeffrey A. Cohen
Michael S. Hanna

**Of Counsel**
J. Eric Kirkland
Bennet G. Kelley

Los Angeles Office
10990 Wilshire Blvd., Suite 1025
Los Angeles, CA 90024
Telephone: (310) 469-9600
Facsimile: (310) 469-9610

South bay Office
2321 Rosecrans Ave., Suite 3225
El Segundo, CA 91423
Telephone: (310) 906-1900
Facsimile: (310) 906-1901

July 3, 2018

The Boston Book Festival
32R Essex Street, Suite 5
Cambridge, MA 02139

**Via Overnight Mail &
Email to info@bostonbookfest.org**

    Re:    **Dawn Dorland Copyright Claim**
           Our Client:    Dawn Dorland
           Our File no.:   7277.001

## SETTLEMENT COMMUNICATION FRE RULE 408; CRE §§1152, 1154

To the Boston Book Festival:

    Please be advised that this office is copyright counsel for Dawn Dorland with respect to her copyrighted work "Dorland kidney chain final recipient Work July 2, 2015" (hereinafter, the "Work"). Please direct any communications concerning this matter to this office.

    We have reviewed various communications between our client and members of your staff, Norah Piehl and Raquel Hitt, regarding the Boston Book Festival ("BBF") decision to publish a short story authored by Sonya Larson entitled "The Kindest" as part of the 10th annual festival, to be featured in the festival's One City One Story ("1C1S") section. BBF has previously been placed on notice by our client that this short story contains the Work in whole or in part. We are informed that prior to the involvement of this office, our client attempted to amicably resolve this matter by requesting that BBF include an acknowledgment of the Work in the "The Kindest". We understand that her proposal was flatly, if not somewhat dismissively and rudely rejected without fully considering the rights of our client or the potential liability of BBF. By this letter we hope to resolve this matter with you, but in the event that is not possible, you may rest assured that we will protect our client's rights.

    BBF has already admitted infringement of the Work by Ms. Larson and potentially either direct or contributory infringement by BBF. We do not have the benefit of having reviewed any purported revision to "The Kindest" to determine whether any infringement remains, however, the duplication in some instances, and striking similarity in others, between the Work and The Kindest, is so particularly egregious that it is our opinion that any decision to publish The Kindest would necessarily infringe our client's rights. **As such, please accept this correspondence as a formal**

demand that you cease and desist of and from any further printing, copying, distribution, or other activities related to "The Kindest" until such time as this matter has been resolved. Any failure to acknowledge the rights of our client or failure to cooperate with this office towards finding an amicable resolution will require further formal action to protect our client's rights. We and our client remain hopeful that BBF is more reasonable than its previous response to our client would make it seem. Do not test our resolve in this regard, nor our willingness to reach an appropriate resolution.

In order to further evaluate this matter, we ask that you provide this office with an advance copy of the purportedly revised "non-infringing" version of "The Kindest". We are willing to consider a stipulated protective order or stipulation of non-disclosure in this regard if you believe that would be helpful, and we ask that you provide the advance copy within ten (10) days of the date of this letter. Further, we will take your failure to provide such a copy as an admission that no such change or that only a *de minimis* change has been made, such that the revised version continues to violate the rights of our client. As such, we would be left with no alternative but to proceed accordingly to prevent intended publication and otherwise protect our client's rights. Be further advised that such action, if necessary, would no longer be for attribution, but will demand the full measure of penalties for statutory copyright infringement under 17 U.S.C. § 504(c), which as you likely are aware, could be as high as $150,000 under facts such as those presented herein wherein BBF has admitted infringement and willfully proceeds in complete and intentional disregard of our client's rights despite such advance knowledge of infringement. The shortness, and quite frankly the rudeness of your prior response to our client will not be considered favorably by the court.

Again, the purpose of this correspondence is to confirm your admission of infringement and likely liability as a result thereof. However, our purpose is also to genuinely provide BBF the opportunity to correct this situation, and this office remains open to legitimate discussions in this regard. Nothing contained herein or not contained herein should be taken as a waiver of any rights of our client, all of which are hereby expressly reserved.

Very truly yours,

COHEN BUSINESS LAW GROUP
A Professional Corporation

JEFFREY A. COHEN

JAC/
L-BBF 20180628.5(JAC)

GREGORIO PLLC
301 S. Elm St., Ste 507
Greensboro, NC 27401
(336) 645-3595
james@gregoriopllc.com

July 17, 2018

*Via Email:* jac@cohenblg.com

Jeffrey A. Cohen, Esq.
Cohen Business Law Group
10990 Wilshire Blvd., Suite 1025
Los Angeles, CA 90024

Re. *Dawn Dorland Copyright Claim*

Dear Mr. Cohen:

I am legal counsel to Sonya Larson. Your correspondence of July 3, 2018 to The Boston Book Festival ("BBF") has been forwarded to me.

**The allegations presented in your letter are absolutely, unequivocally, entirely, irrefutably, demonstrably false, frivolous, and without merit.**

I am skeptical that "*BBF has already admitted infringement of the Work by Ms. Larson,*" as you allege. Regardless, BBF is not authorized to communicate on my client's behalf and, in any case, **no infringement occurred, and no attribution to your client is warranted.**

Regrettably, your client made no effort whatsoever to engage directly with Ms. Larson regarding this matter. Nor did I receive any communication after my invitation, *via* Rebecca Markovits ("*please forward my contact information to Ms. Dorland, and convey to her that I will be happy to talk with her (or her attorney) about any concerns she may have regarding Sonya's story.*").

In order to further evaluate this matter, please immediately forward to me for review: (1) a copy of "*Dorland kidney chain final recipient Work July 2, 2015,*" (2) evidence of the allegedly egregious "*duplication in some instances, and striking similarity in others*" between The Kindest and your client's work, (3) the date of first publication of your client's work, and (4) copyright registration number/date of your client's work.

Be advised: **Your client's actions constitute harassment, defamation *per se*, and tortious interference with business and contractual relations. In particular: Demand is hereby made that your client cease and desist from any and all defamatory communication regarding my client, including without limitation any contact regarding this matter with any media organization, and with her employer.**

My client is humbled and honored to have her work recognized by the Boston Book Festival. If BBF elects – as would be their prerogative – not to publish The Kindest as its 2018 *One City One Story* selection, we shall consider the actions of Dawn Dorland to be the proximate cause of the resulting injury to my client. Be assured, Ms. Dorland *will* be held accountable. Furthermore, if Ms. Dorland commences a lawsuit in connection with this matter in any state or federal court, my client will seek Rule 11 sanctions against Ms. Dorland and her attorneys.

**I strongly recommend you withdraw your demand letter immediately.**

You have been notified.

Nothing contained herein or not contained herein should be taken as a waiver of any rights of my client, all of which are hereby expressly reserved.

Most sincerely,

GREGORIO PLLC

James A. Gregorio, Esq.

cc:     Paul Sennott, Esq. *via email:* paul@sennottwilliams.com



**COHEN** | BUSINESS LAW GROUP

A Professional Corporation

**Attorneys**
Jeffrey A. Cohen
Michael S. Hanna

**Of Counsel**
J. Eric Kirkland
Bennet G. Kelley

Los Angeles Office
10990 Wilshire Blvd., Suite 1025
Los Angeles, CA 90024
Telephone: (310) 469-9600
Facsimile: (310) 469-9610

South bay Office
2321 Rosecrans Ave., Suite 3225
El Segundo, CA 91423
Telephone: (310) 906-1900
Facsimile: (310) 906-1901

July 20, 2018

James A. Gregorio, Esq.
Gregorio PLLC
301 S. Elm St., Ste 507
Greensboro, NC 27401

Via Email and U.S. Mail
james@gregoriopllc.com

### Re: Dawn Dorland Copyright Claim

| | |
|---|---|
| Our Client: | Dawn Dorland |
| Our File No.: | 7277.001 |
| Copyrighted Work: | "Dorland Kidney chain final recipient letter July 2, 2015" by Dawn Dorland |
| Infringing Content: | Portions of "The Kindest" by Sonya Larson |

Dear Mr. Gregorio:

This office is counsel for Dawn Dorland with respect to the issues address herein. We are in receipt of your letter dated July 17, 2018, and this correspondence is a response to that letter.

Pursuant to your request, please find enclosed herewith a redacted copy of our client's work "Dorland Kidney chain final recipient letter July 2, 2015" ("Work"), U.S. Copyright application number 1-6654473411. While we believe that your client is already in possession of an unredacted copy, please let us know if that would be of assistance to your analysis and we can discuss providing an unredacted copy.

Given your request for a copy of the Work, it appears that the positions expressed in your letter were taken without ever having reviewed the Work. Now that you are in possession of the Work, we are certain that you will agree that it is not only possible that your client copied the Work, but that it would be impossible for your client to have independently created her version of the Work that is included in the short story "The Kindest," without having copied the Work.

As you can see, certain portions of "The Kindest" are included almost verbatim from the Work, and the entire letter portion of "The Kindest" is indisputably adapted directly from the Work. There can be no reasonable dispute in this regard that your client is has infringed upon our client's copyright in the Work under 17 U.S.C. § 501(a), including our client's exclusive rights under 17

James Gregorio
July 20, 2018
Pg. 2

U.S.C. §§ 106(1), 106(2), 106(3), and 106(5) by reproducing the Work in "The Kindest," preparing a derivative work in "The Kindest" based upon the Work, distributing copies of the Work to American Short Fiction, Audible.com, and the Boston Book Festival, and by publicly displaying the Work, respectively.

Given the obvious and substantial similarities between the relevant portions of "The Kindest" and the Work, we intend to assert all available rights and remedies that our client may have, unless we are able to come to a mutually agreeable solution with all parties involved, including your client. Our client's position in this matter, at least to this point, has been extraordinarily conciliatory. Frankly, despite the tone of your letter and the failure to include any law or facts upon which your positions are based (including your threat to seek Rule 11 sanctions), our client remains willing to settle this matter without a full recovery of the damages to which she may be entitled. However, this willingness could change should your client continue to make baseless threats or take any action to interfere with our client's rights.

We are in discussions with Boston Book Festival ("BBF") concerning settlement of our claims against them. BBF has advised that they are reluctant to publish "The Kindest" until the claims between your client and our client are settled. If BBF has contacted you for authority to include an appropriate attribution or for any other authority to allow them to proceed with a settlement, we would suggest that you take them seriously. It appears that your failure to reach an agreement with our client would not be in your client's best interest.

To the extent that your client is willing to recognize the rights of our client and to the extent that she is interested in exploring the settlement of the potential claims against your client at this time, we would be willing to entertain such discussions, as we do wish to achieve a solution for all involved in a timely manner. Accordingly, please contact this office to discuss this matter further, as time is of the essence for all involved. Otherwise, please stop interfering with our efforts to prevent the further violation of our client's rights.

Very truly yours,

**COHEN BUSINESS LAW GROUP**
**A Professional Corporation**

*Michael Hanna*

**MICHAEL S. HANNA**

cc: Paul Sennott, Esq. via email at paul@sennottwilliams.com

MSH/nk

L-Gregorio 20180720.2



**Attorneys**
Jeffrey A. Cohen
Michael S. Hanna

**Of Counsel**
J. Eric Kirkland
Bennet G. Kelley

Los Angeles Office
10990 Wilshire Blvd., Suite 1025
Los Angeles, CA 90024
Telephone: (310) 469-9600
Facsimile: (310) 469-9610

South bay Office
2321 Rosecrans Ave., Suite 3225
El Segundo, CA 91423
Telephone: (310) 906-1900
Facsimile: (310) 906-1901

September 6, 2018

James A. Gregorio, Esq.
Gregorio PLLC
301 S. Elm St., Ste 507
Greensboro, NC 27401

Via Email and U.S. Mail
james@gregoriopllc.com

**FRE 408 & California Evidence Code Section 1152 & 1154**

**Re: Dawn Dorland Final Settlement Demand and Reservation of Rights**

| | |
|---|---|
| Our Client: | Dawn Dorland |
| Our File No.: | 7277.001 |
| Copyrighted Work: | "Dorland Kidney chain final recipient letter July 2, 2015" by Dawn Dorland (The "Work") |
| Infringing Content: | Portions of "The Kindest" by Sonya Larson |

Dear Mr. Gregorio:

As you are aware, this office is counsel for Dawn Dorland with respect to the issues addressed herein as well as in our July 20, 2018 correspondence to you.

It has come to our attention that your client continues to engage in conduct violative of the rights of our client. While the Boston Book Festival has apparently agreed with our position as to your client's infringement, we are aware of further and additional conduct by your client that we believe has infringed and continues to infringe upon the rights of our client. The purpose of this letter is to demand that your client CEASE AND DESIST of and from all further infringement of the rights of our client, copyright and otherwise.

Specifically, our client has discovered claims which include but are not limited to claims under 17 U.S.C. §§ 106(1), 106(2), 106(3), and 106(5), respectively, for:

- reproducing the Copyrighted Work ("Work") in "The Kindest";
- preparing a derivative work in "The Kindest" based upon the Work;
- distributing copies of the Work to AmericanShortFiction.org, Audible.com (in the United States, United Kingdom, and Australia), BrillianceAudio.com, and the Boston Book Festival; and

James Gregorio
September 6, 2018
Pg. 3


Should your client continue to stonewall further discussions along these lines, she will not be pleased with the result. Should we not hear from you within ten (10) days of the date of this letter, this demand shall automatically expire without further notice and shall not be renewed.

The foregoing is not intended to be a full litany of all rights that our client may have. Nothing contained herein, or not expressly included, shall be taken as a waiver of any other rights that our client may have, and all such rights are expressly reserved. Our client is truly hopeful that your client takes the reasonable path here, but please understand that the present circumstances will simply not be tolerated any further.

Very truly yours,

COHEN BUSINESS LAW GROUP
A Professional Corporation

MICHAEL S. HANNA

MSH/nk

L-Gregorio 20180808.5



## COHEN | BUSINESS LAW GROUP

*A Professional Corporation*

**Attorneys**
Jeffrey A. Cohen
Michael S. Hanna

**Of Counsel**
J. Eric Kirkland
Bennet G. Kelley

**Los Angeles Office**
10990 Wilshire Blvd., Suite 1025
Los Angeles, CA 90024
Telephone: (310) 469-9600
Facsimile: (310) 469-9610

**South bay Office**
2321 Rosecrans Ave., Suite 3225
El Segundo, CA 91423
Telephone: (310) 906-1900
Facsimile: (310) 906-1901

September 26, 2018

Andrew D. Epstein
Barker, Epstein & Loscocco
176 Federal Street
Boston, MA 02110

Via Email and U.S. Mail
photolaw@aol.com

### FRE 408 & California Evidence Code Section 1152 & 1154

### Re: Dawn Dorland Final Settlement Demand and Reservation of Rights

| | |
|---|---|
| Our Client: | Dawn Dorland |
| Our File No.: | 7277.001 |
| Copyrighted Work: | "Dorland Kidney chain final recipient letter July 2, 2015" by Dawn Dorland (The "Work") |
| Infringing Content: | Portions of "The Kindest" by Sonya Larson |

Dear Mr. Epstein:

This office is counsel for Dawn Dorland with respect to the issues addressed herein. We have recently been notified by James Gregorio, Esq., former counsel for Sonya Larson, that you are now representing Ms. Larson with respect to these issues.

We are seeking to resolve certain issues between Ms. Larson and our client pursuant to the September 6, 2018 correspondence from this office to Mr. Gregorio, a copy of which you should have in your file; a courtesy copy of that correspondence is enclosed herewith for your reference.

We hereby renew our demand as stated in items (1)-(4) on pg. 2 of that correspondence to Mr. Gregorio, and we require a response from your client within seven (7) days of the date of this letter, after which this demand shall automatically expire without further notice and it shall not be renewed.

///

///

///

**TRANSACTIONS AND LITIGATION**
| BUSINESS | CORPORATE | INTERNET & TECHNOLOGY | INTELLECTUAL PROPERTY | DATA BREACH | NEW MEDIA |

Andrew Epstein
September 26, 2018
Pg. 2

The foregoing is not intended to be a full litany of all rights that our client may have. Nothing contained herein, or not expressly included, shall be taken as a waiver of any other rights that our client may have, and all such rights are expressly reserved. Our client is hopeful that your client acts reasonably and meets our demands, however, further silence from your client will necessarily prompt our client to take appropriate legal action to enforce her rights.

Very truly yours,

**COHEN BUSINESS LAW GROUP**
**A Professional Corporation**

*[signature]*

**MICHAEL S. HANNA**

Enclosure

cc: Jeffrey A. Cohen

MSH/nk
L-Epstein 20180926