UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SONYA LARSON,

               Plaintiff

     v.

DAWN DORLAND PERRY,
COHEN BUSINESS LAW GROUP, PC and
JEFFREY A. COHEN, ESQUIRE,

               Defendants.

C. A. No.: 1:19-CV-10203-IT

## DEFENDANT DAWN DORLAND PERRY'S REPLY BRIEF IN FURTHER SUPPORT OF HER PARTIAL MOTION TO DISMISS AND MOTION TO STRIKE AFFIDAVIT OF SONYA LARSON

Respectfully submitted,

DAWN DORLAND PERRY,

By her attorneys,

Howard M. Cooper, Esq. (BBO # 543842)
Suzanne Elovecky, Esq. (BBO # 670047)
Elizabeth E. Olien, Esq. (BBO # 689350)
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
Tel.: 617-720-2626
Fax: 617-227-5777
hcooper@toddweld.com
selovecky@toddweld.com
eolien@toddweld.com

Defendant Dawn Dorland Perry ("Ms. Dorland") respectfully submits this brief reply in order to respond to certain matters in Plaintiff's opposition to her motion to dismiss which could not have been fairly anticipated.

### A. Ms. Larson Improperly Alleges New Facts in Her Opposition Which Should be Stricken From the Record.

Ms. Larson improperly argues numerous new facts in her opposition, without seeking leave to amend her complaint, all in an attempt to salvage her claims.  This is impermissible: "For the purposes of deciding whether a plaintiff's factual allegations are sufficient in the context of a motion to dismiss under Rule 12(b)(6), the court may not look beyond the complaint to facts alleged solely in a plaintiff's moving papers."  Klein v. MHM Correctional Services, Inc., CA No. 08-11814-MLW, 2010 WL 3245291, * 2 (D. Mass. Aug. 16, 2010); see also Miller v. Suffolk Cty. House of Correction, No. CIV.A.01-11331-DPW, 2002 WL 31194866, at *2 (D. Mass. Sept. 27, 2002) (Woodlock, J.) citing Schneider v. California Dept of Corrections, 151 F.3d 1194, 1197 n. 1 (9th Cir.1998) (court may not look to additional facts alleged in opposition to motion to dismiss when deciding 12(b)(6) motion); Shanahan v. City of Chicago, 82 F.3d 776, 781 (7th Cir.1996) (plaintiff may not present new allegations in response to dispositive motion); Scholastic, Inc. v. Stouffer, 124 F.Supp.2d 836, 851 n. 16 (S.D.N.Y.2000) (parties are not entitled to assert new facts in submissions on a motion to dismiss); Davis v. Cole, 999 F.Supp. 809, 813 (E.D.Va.1998) (court may not rely on additional allegations in response to motion to dismiss); In re Colonial Ltd. P'ship Litig., 854 F.Supp. 64, 79 (D.Conn.1994) (plaintiff may not rely on new allegations introduced in response to motion to dismiss).

Here, Ms. Larson not only intersperses her Opposition with new facts,[1] she also submits an entire affidavit which (a) purports to verify the new facts alleged in the Opposition, (b) sets forth eighteen paragraphs of new allegations, and (c) attaches new documents, purporting to supplement the record with this additional information. See ECF Nos. 29, 30. Again, this is impermissible in response to a motion to dismiss. Ms. Dorland respectfully requests that each and every new fact, which includes but is not limited to Ms. Larson's affidavit, be stricken from the record and ignored in considering the pending motion.

**B. Ms. Dorland Properly Cited to The Record Concerning the Brilliance Audio Version of Ms. Larson's Infringing Letter.**

At the same time, Ms. Larson contends on p. 10 of her Opposition that the "Brilliance Audio version of the story is not in the record and should not be used by this court in deciding the pending motion." ECF No. 29 at p. 10. In her Motion, Ms. Dorland appropriately cited to the specific page in the record that she used as her source for her argument. See Motion at p. 4-5. Exhibit F to the Complaint is an article published by the Boston Globe on July 26, 2018. See ECF No. 1-6. Page 8 of said Exhibit F is – as Ms. Dorland stated in her Motion – a side-by-side comparison that states at the top of the left column "ORIGINAL LETTER by DAWN DORLAND", and at the top of the right column, "EXCERPT FROM THE KINDEST (Brilliance Audio 2016 version) by SONYA LARSON". See ECF No. 1-6 (Exhibit F to the Complaint) at p. 8 of 8. There can be no dispute that Ms. Dorland properly cited to the record – i.e., and exhibit

---

[1] For example, Section E of Ms. Larson's Opposition, which spans pages 3 through 5, does not contain a single cite to the Complaint, and instead relies solely on bald assertions of fact, or facts alleged in Ms. Larson's Affidavit. See ECF No. 29, pp. 3-5. Similarly, Section J of the Opposition states numerous new facts, such as statements concerning other kidney donors, google search results, and Ms. Larson's apparent excuse that her use of Ms. Dorland's original writing is permitted by writing manuals. Id. at p. 8-9. Again, in Section L of the Opposition, Ms. Larson again relies almost completely on new facts, including new documents attached to her affidavit. Id. at p. 9-10. Sections M, N, O and P rely almost entirely on new facts, and the remaining sections are littered with references thereto.

to Ms. Larson's own complaint – when she referenced the Brilliance Audio version of Ms.

Larson's adaptation of Ms. Dorland's letter.

   **C.  Ms. Larson Fails to Allege – And Cannot Allege – That she is Engaged in Trade and Commerce with Ms. Dorland, Which is Fatal to Her Chapter 93A Claim**

   Ms. Larson appears to argue - without citation to any authority, that Ms. Dorland's

attorney's correspondence, which was sent in an effort to protect Ms. Dorland's rights,

constituted "tangible or intangible property" for the purposes of Chapter 93A. Ms. Dorland has

not been able to find any support for this convoluted theory.

   Massachusetts law is clear: when courts are deciding whether litigants are involved in

trade or commerce, for purposes of Chapter 93A[2], they look at "the nature of the transaction, the

character of the parties and their activities, and whether the transaction was motivated by

business or personal reasons."  See, e.g., Kim v. Soule, CA No. 13-10240-TSH, 2014 WL

2117385 at * 2 (D. Mass. May 20, 2014) citing Poznik v. Mass. Med. Prof'l Ins. Ass'n, 417

Mass. 48, 52 (1994).  In order to recover under Section 9, "the wrongful conduct must still occur

in a business context."  Id. citing Lantner v. Carson, 374 Mass. 606, 611 (1978).  Under Section

11, parties are not in "trade or commerce" when engaged in a strictly private transaction.  See,

e.g., Debnam v. FedEx Home Delivery, 766 F.3d 93, 96-96 (1st Cir. 2014).  Here, there is no

transaction between Ms. Larson and Ms. Dorland, let alone one that can be analyzed as private or

public.  There is simply no basis for a claim pursuant to Chapter 93A by Ms. Larson against Ms.

Dorland.

---

[2] Ms. Larson does not identify in the Complaint which section of Chapter 93A she purports to
bring her claim under; whether § 9 or § 11.  Based on the demand letter attached to the
Complaint at Exhibit H, it appears that Ms. Larson is alleging a § 9 violation, as she purported to
require a response to her demand within 30 (thirty) days, consistent with the requirements of § 9.
Ms. Dorland cannot conceive of a theory under which Ms. Dorland would ever – under any set
of facts – be liable to Ms. Larson pursuant to either Section, but certainly Section 9.
Nonetheless, Ms. Dorland cites to case law addressing both sections, out of an abundance of
caution.

This Court has dismissed claims such as Ms. Larson's in a similar context. For example, in <u>Kelleher v. Truran</u>, a defendant brought a counterclaims pursuant to Chapter 93A, claiming that the plaintiff filed a copyright infringement suit as a "coercive tactic". <u>Kelleher v. Truran</u>, CA No. 08-10225, 2009 WL 10693597 at *4 (D. Mass. July 10, 2009). The court held that (a) the parties were not engaged in trade or commerce, and (b) filing a lawsuit was not a deceptive act, as a matter of law. <u>Id</u>. citing <u>Milliken & Co. v. Duro Textiles, LLC</u>, 451 Mass. 547, 564 (2008). Here, the only act that Ms. Larson can point to as an unfair or deceptive act is the letter sent by Ms. Dorland's counsel. <u>See</u> Opposition at p. 19-20. The demand letters sent on Ms. Dorland's behalf were of the same nature as a lawsuit, in that they were sent to enforce and protect Ms. Dorland's rights. The fact that Ms. Dorland was forced to hire counsel in order to protect herself, and her intellectual property rights, cannot reasonably be construed as creating a business relationship between her and Ms. Larson. And Ms. Larson does not claim any other business relationship between herself and Ms. Dorland – because she cannot. Further, there is no indication in the record that Ms. Dorland's interest in her original letter is business-related – nor does Ms. Larson contend that to be the case.

Not only does Ms. Larson fail to state a claim upon which relief can be granted pursuant to Chapter 93A, but she cannot do so under these facts. Therefore, Ms. Dorland respectfully requests that Ms. Larson's Chapter 93A claim (Count V) be dismissed <u>with prejudice</u>.

**D. <u>Ms. Larson is, at a Minimum, a Limited Purpose Public Figure</u>**

Ms. Larson misconstrues Ms. Dorland's argument concerning Ms. Larson's status as a public figure. As Ms. Dorland states in her Motion, she contends that Ms. Larson is a limited purpose public figure as to her promotion and publication of *The Kindest*. <u>See</u> Motion at p. 15,

n. 5.  Ms. Dorland does not contend – as Ms. Larson suggests – that Ms. Larson is a limited purpose public figure as a result of the dispute between these parties.  See Opp. at p. 16.

Ms. Larson's limited public figure status is clear from the record:  she affirmatively sought publicity for her story by conducting public readings of her story at a Boston bookstore (Complaint, ¶ 21); her story was published by multiple publishers in multiple forms of media (Complaint, ¶ 28-29); the story was chosen by the BBF to be the "central literary work that would be featured from August through October 2018" (Complaint, ¶ 32), and that fact was publicized in the Boston Globe (Complaint, at Exs. F, G).  That she touts her many accomplishments and fame in her Complaint, but then tries to disavow those same statements in order to escape the higher standard that clearly applies to her is disingenuous, at best.

### E.  Ms. Larson's Subjective Belief Has No Bearing on her Flawed Claim.

Ms. Larson cannot point to any terms of her agreement with ASF which would save her intentional interference claim.[3] She instead admits that "the length of time that The Kindest was to have been made available [online] by ASF was not specified in the agreement".  Opp. at 18.  Despite this admission, which is fatal to her claim (see Motion at pp. 18-20), she attempts to avoid dismissal by contending "Larson believed it would remain for years."  Opp. at 18.  Yet, Ms. Larson cites to no case law or other authority to support her contention that her subjective belief about her entitlement under her agreement with ASF is sufficient to defeat Ms. Dorland's Motion.

### CONCLUSION

For all of the reasons set forth above and her opening brief, Ms. Dorland respectfully requests her Motion be allowed.

---

[3] Of course, as set forth in Section I, supra, none of the new facts that Ms. Larson has advanced in her Opposition are properly before the Court.

Respectfully submitted,

DAWN DORLAND PERRY,

By her attorneys,

*/s/ Suzanne Elovecky*
Howard M. Cooper, Esq. (BBO # 543842)
Suzanne Elovecky, Esq. (BBO # 670047)
Elizabeth E. Olien, Esq. (BBO # 689350)
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
Tel.: 617-720-2626
Fax: 617-227-5777
hcooper@toddweld.com
selovecky@toddweld.com
Date:  May 20, 2019                                    eolien@toddweld.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non-registered participants on May 20, 2019.

/s/ Suzanne Elovecky
Suzanne Elovecky

4828-9444-5207, v. 2