UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SONYA LARSON,<br><br>            Plaintiff<br><br>v.<br><br>DAWN DORLAND PERRY,<br>COHEN BUSINESS LAW GROUP, PC and<br>JEFFREY A. COHEN, ESQUIRE,<br><br>            Defendants. | C. A. No.: 1:19-CV-10203-IT |

**PLAINTIFF'S STATEMENT PURSUANT TO LOCAL RULE 16.1**

**AND FED. R. CIV. P. 26(f)**

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.1, counsel for the parties have conferred and have not agreed on a joint statement and Plaintiff is submitting this statement in anticipation of the scheduling conference set for June 18, 2019 at 11:15 a.m.

I.   **Agenda of Matters to Be Discussed at Scheduling Conference**

      a.   Proposed Pretrial Schedule (**See Exhibit A**)

           i.   Initial Disclosures

           ii.   Discovery Plan

           iii.  Motion Schedule, Anticipated Motions

           iv.   Pretrial Conference

      b.   Set Hearing Schedule for Motions to Dismiss

      c.   Settlement Proposal/Mediation/Alternative Dispute Resolution

        d.      Trial by Magistrate Judge

        e.      Any other matter listed in Fed. R. Civ. P. 16(c)

**II.**    **Proposed Pretrial Schedule**

Plainitff's proposed scheduling order is attached hereto as Exhibit A.

**III.**   **Settlement Proposal**

Plaintiff is not prepared at this juncture to submit a written settlement proposal to defendants.

**IV.**   **Reassignment to a Magistrate Judge**

The parties on in agreement that they do not object to referral to a Magistrate Judge for discovery matters, but the parties do not consent to a trial by Magistrate Judge.

**V.**    **Local Rule 16.1(d)(3) Certifications**

Pursuant to Local Rule 16.1(d)(3), certifications from the parties' respective counsel and authorized representatives will be filed by each party.

**VI.**   **Discovery of Electronically Stored Information ("ESI")**

The parties agree that document production, including the production of ESI, is governed by applicable provisions of Fed. R. Civ. P. 34.

                                              Respectfully submitted,

                                              SONYA LARSON

                                              */s/ Andrew D. Epstein*
                                              Andrew D. Epstein, Esq.
                                              Photolaw@aol.com
                                              Barker, Epstein & Loscocco
                                              176 Federal St.
                                              Boston, MA  02110
                                              617-482-4900

**EXHIBIT A**

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| |
|---|
| SONYA LARSON |
|                 Plaintiff, |
| v. |
| DAWN DORLAND PERRY, et al. |
|                 Defendants. |

Scheduling Order

TALWANI, D.J.

This Scheduling Order is intended to provide a reasonable timetable for discovery and motion practice in order to help ensure a fair and just resolution of this matter without undue expense or delay.

Timetable for Discovery and Motion Practice

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.1(f), it is hereby ORDERED that:

1. Initial Disclosures. Initial disclosures required by Fed. R. Civ. P. 26(a)(1) and by this court's Notice of Scheduling Conference must be completed within three weeks after the court issues its opinions on Defendants' Motions to Dismiss.

{B0421438.1}

2. Amendments to Pleadings. Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed more than three weeks after the court issues its opinions on Defendants' Motions to Dismiss.

3. Fact Discovery – Interim Deadlines.

   a. All requests for production of documents and interrogatories must be served by no later than three weeks after the court issues its opinions on Defendants' Motions to Dismiss.

   b. All requests for admission must be served no later than two months after the court issues its opinions on Defendants' Motions to Dismiss.

   c. All depositions, will be postponed by all parties until after mediation attempts have failed to resolve all issues between the parties.

4. Fact Discovery – All discovery, other than depositions and expert discovery, must be completed within four months after the court issues its opinions on Defendants' Motions to Dismiss.

5. Mediation.   The parties agree to notify the court promptly when production of documents, interrogatories and requests for admission have been completed and they agree to attempt mediation before a magistrate judge as soon thereafter as possible.

6. Status Conference. A status conference will be held, if necessary, if mediation is unsuccessful on a date to be determined by the court.

7. Expert Discovery.

   a. Plaintiff(s)' trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed by a date to be determined by the court.

   b. Plaintiff(s)' trial experts must be deposed by a date to be determined by the court.

   c. Defendant(s)' trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed by a date to be determined by the court.

   d. Defendant(s)' trial experts must be deposed by a date to be determined by the court.

8.  Dispositive Motions.

   a.  Dispositive motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings, must be filed with two months of the completion of unsuccessful mediation.

9.  Initial Pretrial Conference. An initial pretrial conference will be held on a date to be determined by the court. The parties shall prepare and submit a pretrial memorandum in accordance with Local Rule 16.5(d) five business days prior to the date of the conference.

Procedural Provisions

10. Extension of Deadlines. Motions to extend or modify deadlines will be granted only for good cause shown. All motions to extend shall contain a brief statement of the reasons for the request; a summary of the discovery, if any, that remains to be taken; and a specific date when the requesting party expects to complete the additional discovery, join other parties, amend the pleadings, or file a motion.

11. Motions to Compel or Prevent Discovery. Except for good cause shown, motions to compel discovery, motions for protective orders, motions to quash, motions to strike discovery responses, and similar motions must be filed no later than seven days after the close of fact discovery or the close of expert discovery, whichever deadline is relevant. If additional discovery is compelled by the court after the relevant deadline has passed, the court may enter such additional orders relating to discovery as may be appropriate.

12. Status Conferences. The court has scheduled a status conference after (or close to) the close of fact discovery for case management purposes. Any party who reasonably believes that a status conference will assist in the management or resolution of the case may request one from the court upon reasonable notice to opposing counsel.

13. Additional Conferences. Upon request of counsel, or at the court's own initiative, additional case-management or status conferences may be scheduled.

14. Early Resolution of Issues. The court recognizes that, in some cases, early resolution of one or more preliminary issues may remove a significant impediment to settlement or otherwise expedite resolution of the case. Counsel are encouraged to confer and jointly advise the court of any such issues.

15. Pretrial Conference. Lead trial counsel are required to attend any pretrial conference.

16. Discovery Disputes. In the event the parties encounter a discovery dispute, they are encouraged to request a hearing or telephone conference with the court before filing a discovery motion.

                                              **Talwani, D.J.**
                                              **United States District Judge**

_____

## CERTIFICATE OF SERVICE

    I, Andrew D. Epstein hereby certify that on June 18, 2019 the foregoing document was served electronically on all counsel of record via the Court's ECF filing system.

*/s/ Andrew D. Epstein*
Andrew D. Epstein