UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SONYA LARSON<br><br>                    Plaintiff,<br>v.<br><br>DAWN DORLAND PERRY, et al.<br><br>                    Defendants. | Civil Action No.<br><br>1:19-cv-10203-IT |

**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff, Sonya Larson ("Larson"), moves this court for leave to file an amended complaint in this action. A copy of the proposed Amended Complaint is attached hereto as "Exhibit 1." As grounds for this motion, Larson states as follows:

**I.     Introduction.**

This is an action for declaratory judgment and damages brought in part under the Copyright Act of the United States as amended, 17 U.S.C. §§ 101 et seq. Larson is the author of a copyrighted short story called, *The Kindest*. Defendant, Dawn Dorland Perry (hereinafter "Dorland") accused Larson of copyright infringement for basing her story on a small portion of a letter Dorland posted on Facebook.

Larson is seeking a declaration that her accused short story does not infringe Dorland's copyright to the Facebook letter, and therefore, that Dorland is not entitled to copyright damages and/or attorney's fees.

There are two pending Motions to Dismiss this Action under Fed. R. Civ. P. 12(b)(6).

In Dorland's Motion, Dorland identified a few deficiencies in Larson's complaint, all of which Larson believes have been addressed and corrected in her Amended Complaint.

The Motion to Dismiss of Defendants' Cohen Business Law Group, PC and Attorney Cohen (collectively, the Law Firm) is based on personal jurisdiction over the Law Firm, lack of subject matter jurisdiction over the claims, and the possible application of the litigation defense. While Larson made a few language changes in her Amended Complaint and rearranged a few paragraphs for clarity, the changes in her Amended Complaint do not materially alter the allegations against the Law Firm that would necessitate the Law Firm modifying its pending Motion.

## II.   Standard for Review

Fed. R. Civ. P. 15(a)(2) says that leave to amend a complaint should "freely" be given "when justice so requires." In the oft cited case of Foman v. Davis, 371 U.S. 178, 182–83, 83 S. Ct. 227, 230 (1962), the Supreme Court says that "this mandate is to be heeded."

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

In Kim v. Soule, 2014 WL 2117385, at *2 (D. Mass. May 20, 2014), the court said that a motion to amend should be granted unless it is apparent that it would be futile or reward undue or intended delay. Where leave to amend is sought prior to the completion of discovery and the

filing of motions for summary judgment, the standard for futility is whether the complaint as amended would survive a motion to dismiss under Rule 12(b)(6).

Larson contends that her proposed Amended Complaint was rewritten in direct response to Defendant's two pending motions under Rule 12(b)(6), and that all claims have merit. Furthermore, it is early in this litigation and the Amended Complaint is not being offered for purposes of delay, bad faith or any other dilatory motive.

### III.   Argument

#### A.   Dorland intentionally interfered with Larson's contract with American Short Fiction.

Larson's short story was published on-line and in print by American Short Fiction ("ASF"). Dorland accused Larson of plagiarism and demanded that Larson's Story be withdrawn from publication. ASF removed Larson's story from publication as a direct result of Dorland's accusations. Larson is seeking damages for Dorland's intentional interference with her contract with ASF. In her Motion to Dismiss, Dorland says that Larson did not include a copy of the agreement with ASF in the Complaint. Although the contract was referenced in the Complaint, a copy is now part of the Amended Complaint.

#### B.   Dorland and the Law Firm intentionally interfered with Larson's contract with Boston Book Festival.

*The Kindest* won a prestigious prize in 2018, from the Boston Book Festival (the "BBF"), where it was to be featured as part of the BBF's annual festival and distributed to over 30,000 readers. Dorland and her attorneys accused the BBF of copyright infringement and demanded substantial damages and attorney's fees from the BBF. Dorland and her attorneys caused so much consternation at the BBF, that the BBF decided to rescind its agreement with Larson and cancel *The Kindest* as its contest winner.

Larson is seeking damages for both Dorland's and the Law Firm's intentional interference with her contract with the BBF. In her Motion to Dismiss, Dorland says that Larson did not include a copy of the agreement with BBF in her Complaint. Although the contract was referenced in the Complaint, a copy is now part of the Amended Complaint.

C. <u>Until discovery is complete and sufficient facts are established, Larson is withdrawing her Count against Dorland under M.G.L. Chapter 93A, at this time.</u>

Larson included in her Complaint a count for unfair and deceptive acts against Dorland under the Massachusetts Consumer Protection Act, M.G.L. c. 93A. Dorland maintains that she and Larson were not involved in trade or commerce with each other and that the Count for relief under C. 93A should be dismissed.

Since both Larson and Dorland are professional writers who make or try to make their living as authors, Larson disagrees with this conclusion. However, Larson does not have sufficient information at this juncture, to allege with specificity that the provisions of Chapter 93A should be implicated. Both parties appear to be in competition with each other, and thus engaged in trade or commerce to sell, or at least promote, their writings in the marketplace. They are not amateurs in the same way that the litigants were in <u>Lantner v. Carson</u>, 374 Mass. 606, 611, 373 N.E.2d 973, 977 (1978), which involved a "private" sale of real estate between two persons, neither of whom were engaged in "commerce." The transaction in <u>Lantner</u> was not perpetrated in a business context.

As the court said in <u>Kim v. Soule</u>, 2014 WL 2117385, at *2–3 (D. Mass. May 20, 2014), one does not need to be a consumer or in privity with the defendant to recover under Chapter 93A. However, the wrongful conduct must still occur in a business context. [citing <u>Lantner</u>, 374 Mass. at 611; other citations omitted.]

Larson is willing at this juncture to reassess this situation after discovery is complete in order to determine if Larson and Dorland were involved in trade or commerce sufficient to satisfy the requirements of Chapter 93A. Larson reserves the right to move for leave to further amend her complaint at that time.

D. <u>Larson maintains that a libelous allegation of Plagiarism against a writer is defamatory *per se*.</u>

Several courts have acknowledged that there is no question that an allegation of plagiarism is damaging to a writer. (<u>Roberts v. Columbia Coll. Chicago</u>, 821 F.3d 855, 864 (7th Cir. 2016)) (plagiarism is considered by most writers, teachers, journalists, scholars, and even members of the general public to be the "capital intellectual crime." Plagiarism is considered an egregious and serious offense.) <u>Buckley v. Littell</u>, 529 F.2d 882, 884-885 (2nd Cir.1976) (stating or printing that a journalist is a "fascist" is a statement of opinion and not an actionable assertion of fact. However, stating that that journalist committed plagiarism or lied about certain people does constitute an actionable assertion of fact.)

In <u>Sharratt v. Housing Innovations, Inc.</u>, 365 Mass. 141 (1974), Massachusetts joined other states in holding that all libel is actionable <u>per se</u>. The "words need not hold a plaintiff up to ridicule or damage his reputation in the community at large, or among all reasonable men. It is enough that they do so among 'a considerable and respectable class' of people." <u>Id.</u> at 145. While under Massachusetts' law, words spoken orally may not be actionable <u>per se</u>, they are actionable if they charge a person with a crime, or state that he or she is suffering from certain diseases, or prejudice him or her in his office, profession or business. (<u>Sharratt</u>, 365 Mass. at 147, note 1.) By accusing Larson of plagiarism, Dorland has certainly committed a "capital intellectual crime" that caused damage to Larson's writing career by impugning her professional integrity and honesty.

The general damages recoverable in a defamation action are those naturally and necessarily flowing from the wrong. They include compensatory damages for actual injury and harm to a plaintiff's reputation, as well as for mental pain and suffering. These elements of recovery are based on the harm which the law assumes is done by defamatory words. Stone v. Essex County Newspapers, Inc., 367 Mass. 849, 860 (1975).

      E.    Larson is not a limited purpose public figure.  Nevertheless, Larson has alleged that Dorland acted maliciously.

Whether Larson is deemed a public or private figure is important in order to determine whether Larson can recover for defamation by showing that Dorland was negligent in accusing Larson of plagiarism, which is a lower threshold than showing Dorland was guilty of actual malice. Flotech, Inc. v. E.I. Du Pont de Nemours Co., 627 F. Supp. 358, 365 (D. Mass. 1985), aff'd sub nom. Flotech, Inc. v. E.I. Du Pont de Nemours & Co., 814 F.2d 775 (1st Cir. 1987).

According to both the Complaint and the Amended Complaint, Larson wrote a short story and she gave a reading from an early version of the story to a small audience at a local Boston bookstore.  Early versions of the story were also given limited publication for a short period of time both online and in print.  Larson then submitted the story to a contest conducted by the BBF.  The story was to have been used in an event sponsored by the BBF that was to occur in August 2018.

Until Dorland made her claim against Larson of plagiarism, Larson was simply one of countless people who have written short stories and were lucky enough to have one of them published.  Larson is also lucky that one of her stories won a competition conducted by the BBF.  There was no event involving the story that thrust Larson into a public controversy simply by having a non-controversial short story published.

The controversy started when Dorland accused Larson of plagiarism, that heinous "capital intellectual crime," and published this allegation to various writer's groups, publishers, Larson's employer, and the *Boston Globe*. Larson was only drawn into the public eye because of Dorland's concerted efforts to *create* a public controversy. In fact, neither the BBF nor Larson nor any other individual ever announced that Larson had won the BBF's competition. Instead, Dorland and only Dorland somehow learned this information, publicized it, and created a public controversy. See, Alharbi v. Beck, 62 F. Supp. 3d 202, 208 (D. Mass. 2014) (There was no question that the Marathon bombings were a controversial event. However, plaintiff did not voluntarily thrust himself into that public issue such that he became a limited purpose public figure merely because he attended and watched the marathon, was injured in the explosion, was questioned by authorities, and his home was searched, and he was the subject of numerous media reports after he was questioned. "The facts alleged in the complaint do not depict a figure thrusting himself into a controversy, or that he voluntarily sought out this press.") Lluberes v. Uncommon Prods., LLC, 663 F.3d 6, 14 (1st Cir. 2011) (The status of plaintiff is inescapably fact-specific and does not always lend itself to summary judgment).

There was nothing controversial about a story about an anonymous kidney donor and her recipient. The controversy developed only as a result of Dorland's accusations, and thus, Larson is not a limited purpose public figure. Nevertheless, Larson has alleged that Dorland acted maliciously. Thus, this ground for dismissal is moot.

WHEREFORE, Plaintiff, Sonya Larson moves this Court for Leave to File her Amended Complaint as justice so requires.

SONYA LARSON,
By her attorney,

/s *Andrew D. Epstein*
_____
Andrew D. Epstein, Esquire (BBO #155140)
Barker, Epstein & Loscocco
176 Federal Street
Boston, MA 02110
Tel: (617) 482-4900
Fax: (617) 426-5251
Photolaw@aol.com

### Certification of Compliance with Local Rule 16.1

I certify that I have complied with Local Rule 16.1 by conferring by telephone with counsel for all Defendants in this Action and have attempted in good faith to resolve or narrow the issues.

*/s/ Andrew D. Epstein*
_____
June 28, 2019                                    Andrew D. Epstein

### Certificate of Service

I certify that Plaintiff's Motion for Leave to File Amended Complaint was filed through the court's ECF system and a copy was sent electronically on the day it was filed to all counsel of record.

*/s/ Andrew D. Epstein*
_____
June 28, 2019                                    Andrew D. Epstein