UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SONYA LARSON,<br>    Plaintiff,<br><br>v.<br><br>DAWN DORLAND PERRY,<br>COHEN BUSINESS LAW GROUP, PC and<br>JEFFREY A. COHEN, ESQUIRE,<br>    Defendants. | )<br>)<br>)<br>)    C.A. No.: 1:19-CV-10203-IT<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS COHEN BUSINESS LAW GROUP, PC AND JEFFREY A. COHEN, ESQ.'S OPPOSITION TO PLAINTIFF SONYA LARSON'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Defendants Cohen Business Law Group, PC, and Jeffrey A. Cohen, Esq. (collectively, the "Firm") submit this opposition to Plaintiff Sonya Larson's ("Larson") Motion for Leave to File Amended Complaint.

There are two independent bases for the Court to deny Larson's motion. First, Larson's motion is futile because it does not cure the fatal jurisdictional deficiencies in her Complaint. The Firm contends that the Court (1) lacks subject matter jurisdiction to adjudicate this dispute and (2) does not have personal jurisdiction over the Firm. *See generally,* Motion to Dismiss, Dkt. 11-12. Larson's motion concedes that her proposed Amended Complaint does not address either of these foundational jurisdictional prerequisites. Instead, Larson's proposed Amended Complaint attempts to bolster—in an effort to overcome the Rule 12(b)(6) motions against her— the substance of the same tort claims that the Firm contends the Court lacks jurisdiction to decide. Second, the Court should deny Larson's motion because it is untimely, particularly where Larson has not satisfied her burden to justify her delay. Accordingly, the Firm respectfully requests that the Court deny Larson's Motion.

{B0433417.1}

I. **BACKGROUND**

This dispute arises from a publisher reneging its offer to publish Larson's short story after it received a cease and desist letter from the Firm. Defendant Dawn Dorland Perry ("Dorland") retained the Firm to protect her copyright interest that she alleges Larson infringed. Dorland's copyright[1] involves a letter that she sent to the anonymous recipient of her donated kidney. Dorland retained the firm after she discovered that Larson published a short story involving a similar letter, which she contends infringes on her copyright. Larson brought this action after the publisher elected not to publish her short story.

**A. Procedural History.**

On January 30, 2019, Larson filed her Complaint; it included ten exhibits. Dkt. 1. Counsel for the Firm entered appearances on February 27, waived service, and timely moved to dismiss Larson's action under Fed. R. Civ. P. 12(b)(1), (2), and (6) on April 1. Dkt. 6-7, 11-12, 19. The Firm presented three arguments in its motion: (1) the Court lacks subject matter jurisdiction over Larson's count for declaratory judgment (Count IX) because it does not raise a dispute that is real, substantial, concrete, or definite; (2) the Court does not have personal jurisdiction over Defendants because they are California residents with limited in-forum conduct; and (3) assuming there is subject matter and personal jurisdiction, the Court should still dismiss all claims against the Firm because its conduct is protected by the litigation privilege. *See, e.g.*, Dkt. 16. Larson filed her opposition on April 14.

On April 19, Larson filed a motion for leave to file the correct exhibit for an exhibit erroneously included in her Complaint and in her opposition to the Firm's motion to dismiss. Dkt. 21. Exhibit D to the Complaint and the Firm's motion to dismiss was purportedly supposed

---

[1] The Factual Letter's copyright title is "Dorland kidney chain final recipient letter July 2, 2015" and its registration number is TXu 2-101-420. *See* Exhibit B of the Complaint.

to contain the final copy of the subject work, but contained a draft instead. *Id.* at ¶¶ 8, 11. The Firm assented to her motion, and the Court allowed it on April 23. Dkt. 21, 23. In its Order, the Court ordered Larson's counsel to substitute the correct exhibit in accordance with the CM/ECF Administrative Procedures and gave Plaintiff specific instructions on how to title the correct exhibit.[2] Dkt. 23. To date, Plaintiff has done neither. Larson now moves to amend her Complaint—six months after initiating this action and three months after the Firm moved to dismiss it—to add even more exhibits and to respond to the arguments Defendants raise under Rule 12(b)(6).

## II. ARGUMENT

Larson's motion is futile because her proposed Amended Complaint does not cure (or address) the fatal jurisdictional deficiencies in her Complaint. Instead, Larson seeks to bolster the substantive arguments surrounding her tort claims. The Firm requests that the Court deny Larson's motion and decide the jurisdictional arguments in its pending motion to dismiss, which Larson agrees her proposed Amended Complaint does not alter.[3] Plaintiff's Motion for Leave to File Amended Complaint ("Plaintiff's Motion"), p. 2. Moreover, Larson's motion is untimely; especially in light of Larson's failure to substitute exhibits after receiving leave from the Court.

### A. Legal Standard.

Rule 15(a) reflects a liberal amendment policy and provides that the court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2); *Nikitine v. Wilmington Tr. Co.*, 715 F.3d 388, 390 (1st Cir. 2013). But this "does not mean . . . that a trial court must mindlessly

---

[2] "Judge Indira Talwani: ELECTRONIC ORDER entered ALLOWING Assented-to Motion to Plaintiff for Leave to Substitute the Corrected Exhibit 21. Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include – Leave to file granted on (date of order) – in the caption of the document." Dkt. 23.

[3] "While Larson made a few changes in her Amended Complaint and rearranged a few paragraphs for clarity, the changes in her Amended Complaint do not materially alter the allegations against the Law Firm that would necessitate the Law Firm modifying its pending Motion." Plaintiff's Motion, p. 2.

grant every request for leave to amend." *Nikitine*, 715 F.3d at 390 (citations omitted). Reasons for denying leave include undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment. *United States ex rel. Gagne v. City of Worcester*, 565 F.3d 40, 48 (1st Cir. 2009) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see Quaker State Oil Refining Corp. v. Garrity Oil Co.*, 884 F.2d 1510, 1517 (1st Cir. 1989) (parties seeking the benefit of the rule's liberality have an obligation to exercise due diligence; unseemly delay, in combination with other factors, may warrant denial of a suggested amendment).

### B. Larson's Proposed Amended Complaint is Futile Because it does not Cure the Jurisdictional Deficiencies in her Complaint.

Larson's motion to file an Amended Complaint is futile because it does not cure (or even address) the jurisdictional deficiencies that the Firm identifies in its pending motion to dismiss. The Court should therefore deny Larson's motion and rule on the Firm's motion to dismiss, which contains two separate challenges to the Court's jurisdiction.

A court may deny a request to amend if the proposed amendment "would serve no useful purpose." *Aponte-Torres v. University of P.R.*, 445 F.3d 50, 58 (1st Cir. 2006). Larson's motion to amend is futile because her proposed Amended Complaint fails to remedy the fatal jurisdictional deficiencies that the Firm addresses in its pending motion to dismiss. *See* Dkt. 11-12; *see also* Plaintiff's Motion, p. 2. Indeed, Larson concedes that the "Amended Complaint was rewritten in direct response to Defendant's two pending motions under Rule 12(b)(6)." Plaintiff's Motion, p. 3. By failing to address the threshold jurisdictional issues, the amendments in Larson's motion cannot revive Larson's otherwise deficient claims and, therefore, serve no useful purpose.

Larson's proposed Amended Complaint does not establish that the Court has jurisdiction to adjudicate her claims. *Amgen, Inc. v. F. Hoffman-LaRoche Ltd.*, 456 F. Supp. 2d 267, 274 (D. Mass. 2006) (plaintiff bears the burden of proving jurisdiction). "[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Sinochem Int'l Co., Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007). Before the Court addresses whether the plaintiff has stated a claim for which relief can be granted, therefore, it must first address jurisdictional issues. *Shirokov v. Dunlap, Grubb & Weaver, PLLC*, No. CIV.A. 10-12043-GAO, 2012 WL 1065578, at *7 (D. Mass. Mar. 27, 2012). That is precisely what the Firm is requesting. At its core, allowing Larson to submit an Amended Complaint to survive a Rule 12(b)(6) motion is futile because the Firm raises jurisdictional challenges that the Court must decide before it can determine whether Larson has stated a claim for which relief can be granted. *Sinochem Int'l Co., Ltd.*, 549 U.S. at 430-31.

Accepting Larson's assertions as true, there is no reason to adjourn the Firm's pending jurisdictional challenges because Larson has not established a foundation for subject matter jurisdiction by the preponderance of the evidence. *Padilla-Mangual v. Pavia Hosp.*, 516 F.3d 29, 31 (1st Cir. 2008); *Taber Partners, I v. Merit Builders, Inc.*, 987 F.2d 57, 60 (1st Cir. 1993) ("[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence."). Nor has she satisfied her burden of showing that jurisdiction exists through pleadings, affidavits, and other competent evidence. *Droukas v. Divers Training Acad., Inc.*, 375 Mass. 149, 151 (1978). In all, Larson's new factual allegations do not address whether the Court has subject matter jurisdiction to adjudicate this dispute or personal jurisdiction over the Firm. If

the Court does not have jurisdiction to adjudicate this matter, permitting Larson to file an Amended Complaint in the hope of surviving a renewed Rule 12(b)(6) motion would be futile.

### C. Larson has not set forth an Articulable Basis to Justify her Undue Delay

Larson's undue delay in moving to amend her complaint is another basis to deny her motion. The Firm acknowledges that Rule 15(a) reflects a liberal amendment policy that a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *Nikitine*, 715 F.3d at 390. But that policy is not unbounded. *Calderón-Serra v. Wilmington Trust Co.*, 715 F.3d 14, 19 (1st Cir. 2013) ("[T]he largesse that Rule 15(a)(2) contemplates is not without limits."). A court must consider the totality of the circumstances. *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006).

Undue delay, on its own, is a sufficient basis justify denying a motion for leave to amend. *Hagerty ex rel. United States v. Cyberonics, Inc.*, 844 F.3d 26, 34 (1st Cir. 2016); *see* Calderón-Serra, 715 F.3d at 20; *see also United States ex rel. Wilson v. Bristol–Myers Squibb, Inc.*, 750 F.3d 111, 119-20 (1st Cir. 2014). Moreover, courts in this circuit have found that a three-month lapse can constitute undue delay. *Villanueva v. United States*, 662 F.3d 124, 126 (1st Cir. 2011) (affirming finding of undue delay when four months had elapsed); *Kay v. N.H. Dem. Party*, 821 F.2d 31, 34 (1st Cir.1987) (per curiam) (affirming finding of undue delay when three months had elapsed); *see* Nikitine, 715 F.3d at 390 (upholding district court's refusal to grant plaintiff leave to file first amended complaint). Larson waited six months before seeking leave to file her Amended Complaint; three months after the Firm filed its motion to dismiss. Even more, she has offered no articulable basis for her delay.

Where a defendant raises undue delay, the plaintiff has "[at the very least] the burden of showing some valid reason for his neglect and delay." *Perez v. Hosp. Damas, Inc.*, 769 F.3d

800, 802 (1st Cir. 2014) (quoting *In re Lombardo*, 755 F.3d 1, 3 (1st Cir. 2014)) (alteration in original). Courts, in assessing whether plaintiff has met her burden, must assess "[w]hat the plaintiff knew or should have known and what [s]he did or should have done." *Hagerty ex rel. United States*, 844 F.3d at 34 (quoting *Leonard v. Parry*, 219 F.3d 25, 30 (1st Cir. 2000)).

Larson cannot establish a valid reason for her neglect and six-month delay before seeking to amend her complaint. One reason Larson offers to amend her complaint is to introduce documents she explicitly references in her Complaint, but that she failed to include.[4] There can be no doubt that Larson was aware of these documents when she filed her Complaint—she concedes that she references, but did not include, the documents. Nevertheless, Larson offers no explanation for her delay, even after moving to substitute her exhibits back in April.

Another reason Larson offers to amend her complaint is to withdraw her G. L. c. 93A claim against Dorland. Larson concedes, that she "does not have sufficient information at this juncture" to assert a claim against Dorland. Plaintiff's Motion, p. 4. Much like her missing exhibits, Larson has not satisfied her burden of demonstrating why she moves to amend now. *Perez*, 769 F.3d at 802. Moreover, filing an amended complaint is unnecessary; Larson can simply withdraw her claim against Dorland.

In sum, the Firm requests that the Court deny Larson's motion because she has not met her burden in establishing a sufficient basis for her undue delay.

### III. CONCLUSION

WHEREFORE, and for the reasons set forth above, Plaintiff's Motion for Leave to File a First Amended Complaint should be denied on the grounds of futility. In the alternative, the Court should hear Plaintiff's motion and the pending motions to dismiss simultaneously.

---

[4] Plaintiffs Motion, p. 3 ("Although the [American Short Fiction] contract was referenced in the Complaint, a copy is now part of the Amended Complaint"); *Id.* at p. 4 ("Although the [Boston Book Festival] contract was referenced in the Complaint, a copy is now part of the Amended Complaint").

## **REQUEST FOR ORAL ARGUMENT**

In accordance with Local Rule 7.1(d), counsel for the Defendants, Cohen Business Law Group, P.C. and Jeffrey A. Cohen, Esquire, hereby requests a hearing for oral argument in connection with this motion.

                                                THE DEFENDANTS,
COHEN BUSINESS LAW GROUP, PC,
AND JEFFREY A. COHEN, ESQUIRE,
BY THEIR ATTORNEYS,

DATED: 7/3/19             */s/ Jeffrey W. Gordon, Esq.*
Mark W. Shaughnessy, Esq. (BBO# 567839)
mshaughnessy@boyleshaughnessy.com
Matthew H. Greene, Esq. (BBO# 673947)
mgreene@boyleshaughnessy.com
Jeffrey W. Gordon, Esq. (BBO# 698874)
jgordon@boyleshaughnessy.com
Boyle | Shaughnessy Law, P.C.
695 Atlantic Avenue, 11th Floor
Boston, MA  02111
Phone: (617) 451-2000
Fax: (617) 451-5775

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 3rd day of July, 2019.

*/s/Jeffrey W. Gordon, Esq.*