UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SONYA LARSON,

    Plaintiff

  v.

DAWN DORLAND PERRY,
COHEN BUSINESS LAW GROUP, PC and
JEFFREY A. COHEN, ESQUIRE,

    Defendants.

C. A. No.: 1:19-CV-10203-IT

## DEFENDANT DAWN DORLAND PERRY'S OPPOSITION TO PLAINTIFF SONYA LARSON'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Defendant Dawn Dorland Perry ("Ms. Dorland") submits this opposition to Plaintiff Sonya Larson's ("Ms. Larson") Motion for Leave to File Amended Complaint. Ms. Dorland opposes this motion because the proposed amendments are futile because they do not cure the fatal deficiencies in Ms. Larson's Complaint. Ms. Larson's proposed Amended Complaint attempts to bolster – in an effort to overcome Ms. Dorland's Rule 12(b)(6) motion filed against Ms. Larson's original complaint – the substance of her claims for defamation and intentional interference with two contracts. Yet, Ms. Larson's attempts to bolster those claims miss the mark, and the claims still fail as a matter of law. Accordingly, Ms. Dorland respectfully requests that the Court deny Ms. Larson's motion.

### I. BACKGROUND

This dispute arises from Ms. Larson's use in a short story called *The Kindest* of a letter that Ms. Dorland wrote and posted in her private Facebook group. Once Ms. Dorland discovered Ms. Larson's use of Ms. Dorland's work, she hired legal counsel - Defendants Cohen Business

Law Group, PC and Jeffrey A. Cohen, Esquire (collectively, "the Firm") - who sent a cease and desist letter to Ms. Larson, and certain publishers that either had, or had planned to, publish Ms. Larson's story with Ms. Dorland's letter (or a version of it) included therein.  Ms. Dorland retained the Firm to protect her copyright[1] interest, which she alleges Ms. Larson infringed.  Ms. Larson brought this action after one publisher elected not to publish her short story, and another removed it from its website.  However, Ms. Larson's story remains in the public sphere, including but not limited to in the print publication of one of those publishers.

      **A.**     **Procedural History.**

On January 30, 2019, Ms. Larson filed her Complaint; it included ten exhibits. Dkt. 1. Counsel for the Firm entered appearances on February 27, waived service, and timely moved to dismiss Ms. Larson's action under Fed. R. Civ. P. 12(b)(1), (2), and (6) on April 1. Dkt. 6-7, 11-12, 19.  Ms. Larson did not serve Ms. Dorland until March 21, 2019.  Ms. Larson agreed to extend the time by which Ms. Dorland was required to respond to the Complaint, and on April 24, 2019, Ms. Dorland moved to partially dismiss Ms. Larson's action under Fed. R. Civ. P. 12(b)(6). Dkt. 25, 26.  Ms. Dorland's motion was limited to Ms. Larson's Counts for defamation, 93A, and tortious interference with contracts.

On April 19, Ms. Larson filed a motion for leave to file the correct exhibit for an exhibit erroneously included in her Complaint and in her opposition to the Firm's motion to dismiss. Dkt. 21.  Exhibit D to the Complaint and the Firm's motion to dismiss was purportedly supposed to contain the final copy of the subject work, but contained a draft instead.  *Id.* at ¶¶ 8, 11.  The Firm assented to her motion, and the Court allowed it on April 23. Dkt. 21, 23.  In its Order, the Court ordered Larson's counsel to substitute the correct exhibit in accordance with the CM/ECF

---

[1] Ms. Larson refers to Ms. Dorland's letter as "the Factual Letter". The copyright title of Ms. Dorland's letter is "Dorland Kidney chain final recipient letter July 2, 2015" and its registration number is TXu 2-101-420.  *See* Exhibit B of the Complaint.

Administrative Procedures and gave Plaintiff specific instructions on how to title the correct exhibit.[2]  Dkt. 23.  To date, Plaintiff has done neither.

## II.     ARGUMENT

Ms. Larson's motion is futile because her proposed Amended Complaint does not cure the fatal deficiencies in her Complaint.[3]  Through the proposed amendments, Ms. Larson attempts, but fails, to bolster the substantive arguments surrounding her tort claims.  Ms. Dorland requests that the Court deny Ms. Larson's motion and decide Ms. Dorland's pending motion to dismiss.

### A.     Legal Standard.

Rule 15(a) reflects a liberal amendment policy and provides that the court should freely give leave when justice so requires.  Fed. R. Civ. P. 15(a)(2); *Nikitine v. Wilmington Tr. Co.*, 715 F.3d 388, 390 (1st Cir. 2013).  But this "does not mean . . . that a trial court must mindlessly grant every request for leave to amend." *Nikitine*, 715 F.3d at 390 (citations omitted).  Reasons for denying leave include undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment. *United States ex rel. Gagne v. City of Worcester*, 565 F.3d 40, 48 (1st Cir. 2009) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see Quaker State Oil Refining Corp. v. Garrity Oil Co.*, 884 F.2d 1510, 1517 (1st Cir. 1989) (parties seeking the benefit of the rule's liberality have an obligation to exercise due diligence; unseemly delay, in combination with other factors, may warrant denial of a suggested amendment).

---

[2] "Judge Indira Talwani:  ELECTRONIC ORDER entered ALLOWING Assented-to Motion to Plaintiff for Leave to Substitute the Corrected Exhibit 21.  Counsel using the Electronic Case Filing System Should now file the document for which leave to file has been granted on (date of order) – in the caption of the document." Dkt. 23.

[3] Ms. Larson addressed the fatal deficiencies in her claim against Ms. Dorland for a violation of M.G.L. c. 93A, as she properly withdrew that claim.

**B.     Ms. Larson's Proposed Amended Complaint is Futile Because it does not Cure the Deficiencies in her Defamation Claim.**

In her motion to dismiss the original complaint, Ms. Dorland stressed that Ms. Larson failed to – as she is required to do – allege the precise allegedly defamatory statements made by Ms. Dorland. The proposed amended complaint does not address that issue.

To prevail on a claim for defamation, plaintiff must show that: 1) the defendant made a statement concerning the plaintiff to a third party; 2) the statement had the potential to damage plaintiff's reputation in the community; 3) the defendant was at least negligent in making the statement; and 4) the statement either caused the plaintiff economic loss or is actionable without proof of economic loss. *Ravnikar v. Bogojavlensky,* 438 Mass. 627, 629–30 (2003). "This threshold question, whether a communication is reasonably susceptible of a defamatory meaning, is a question of law for the court." *Amrak Prods., Inc. v. Morton*, 410 F.3d 69, 72 (1st Cir.2005) (quoting *Phelan v. May Dept. Stores Co.*, 443 Mass. 52, 56 (2004)). "The court [must] examine the statement in its totality in the context in which it was uttered or published. The court must consider all the words used, not merely a particular phrase or sentence." *Amrak Prods*, 410 F.3d at 73 (affirming dismissal given appellants failure to satisfy the threshold question of defamatory meaning).

As with the original complaint, the proposed second amended complaint continues to contain nothing more than general allegations that Ms. Dorland accused Ms. Larson of plagiarism. The amendments do not cure the deficiency of the lack of ***specific statements*** made.[4]

---

[4] It is curious why Ms. Larson did not take this opportunity to include the emails and other documents referenced as exhibits to the complaint, or include full quotes of the allegedly defamatory statements, especially where this amendment is purportedly designed to cure deficiencies. Ms. Dorland suggests that the reason is that the full context actually shows that the statements were not defamatory at all.

4

Further, Ms. Larson has wholly failed to cure the deficiency contained in the original complaint concerning the actual malice standard required for a public figure, which Ms. Larson is, at least for a limited purpose in her capacity as an author promoting her story, *The Kindest*, if not generally as an author with a public presence on social media and otherwise. In her motion for leave to amend the complaint, Ms. Larson simply states that Ms. Dorland "acted maliciously." Of course, that is not the standard. As Ms. Dorland stated in her motion to dismiss, a public figure (or a limited purpose public figure) must allege that "the defamatory falsehood was made with knowledge of its falsity or with reckless disregard for the truth." *Sindi v. El-Moslimany*, 896 F.3d 1, 13–14 (1st Cir. 2018). The proposed amended complaint fails to do so, and Ms. Larson instead claims in her Motion that she has clearly shown that Ms. Dorland has "acted maliciously." See Motion at p. 7.

Ms. Larson's proposed amended complaint is futile as to the defamation claim, as it does not cure the deficiencies raised in Ms. Dorland's motion to dismiss the original complaint.

### C.   Ms. Larson's Proposed Amended Complaint is Futile Because it Does not Cure the Deficiencies in her Claims for Intentional Interference with Breach of Contract.

Ms. Larson's proposed amended complaint attempts to cure the deficiencies raised in Ms. Dorland's motion to dismiss by simply attaching the ASF and BBF contracts to the proposed amended complaint.[5] This is not sufficient. Ms. Larson's proposed amended complaint still fails to state a claim for which relief can be granted, and therefore, the amendment is futile.

To state a claim for intentional interference with contract under Massachusetts law, a complaint must contain enough factual matter to demonstrate that: (1) the plaintiff had a contract

---

[5] In fact, Ms. Larson states, "In her Motion to Dismiss, Dorland says that Larson did not include a copy of the agreement with [the entities] in the Complaint." Motion at p. 3. Ms. Dorland did not say that, and did not base her arguments on such an argument. Ms. Dorland's motion to dismiss was focused on Ms. Larson's failure to meet the pleading standards, not the attachments.

with a third party; (2) the defendant knowingly induced the third party to break that contract; (3) the defendant's interference, in addition to being intentional, was improper in motive or means; and (4) the plaintiff was harmed by the defendant's actions. *Platten v. HG Berm. Exempted Ltd.,* 437 F.3d 118, 130 (1st Cir. 2006) (quoting *G.S. Enters., Inc. v. Falmouth Marine, Inc.,* 410 Mass. 262, 272 (1991)).

The ASF agreement, which is now attached to the proposed amended complaint at Exhibit D, grants ASF a license to publish Ms. Larson's short story in various mediums, including print, internet, audio, and audio/visual formats.  See Proposed Amended Complaint at Exhibit D.  It is clear from the agreement that there is no ***obligation*** for ASF to exercise this license.  Id.  As Ms. Larson states in her complaint, she was paid $300 for this license. See Proposed Amended Complaint at ¶ 31.  There is no allegation that said $300 was clawed back.  Further, as Ms. Larson states in ¶ 31, the story was published in ASF's print magazine and on its website.[6] There is no allegation that the licensing agreement was canceled.  While the license was granted for the duration of the copyright, the agreement states no time period for which the story was required to be published on the website or any other media platform.  See Proposed Amended Complaint at Exhibit D.

While Ms. Larson has now stated that the agreement was violated, that statement does not change the fact that, as is clear from a simple review of the terms of the agreement and the allegations contained in the complaint, the agreement with ASF was not violated.

---

[6] The agreement with ASF also allows for publication by ASF in an audio recording on a podcast (Paragraph 3) and as an audio and visual reading on YouTube (Paragraph 4).  Yet, Ms. Larson is not claiming the absence of those forms of publication as a breach because it is clear that ASF was not required to do any of the things that it was permitted to do.

The same is true for the BBF agreement.[7]  Ms. Larson granted the BBF a license.  See Proposed Amended Complaint at Exhibit E.  She was not paid for this license.  Id.  Pursuant to the terms of the agreement, the BBF was not obligated to distribute the copies of the story that it printed.  Id.

In light of the above, Ms. Larson's proposed amended complaint as to the intentional interference counts fails to state a claim for which relief can be granted, and therefore is futile.

### III.   CONCLUSION

WHEREFORE, and for the reasons set forth above, Ms. Dorland respectfully requests that the Court deny Plaintiff's Motion for Leave to File a First Amended Complaint, and rule on Ms. Dorland's pending motion to dismiss the original complaint.

Respectfully submitted,

DAWN DORLAND PERRY,

By her attorneys,

/s/ Suzanne Elovecky
Howard M. Cooper, Esq. (BBO # 543842)
Suzanne Elovecky, Esq. (BBO # 670047)
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA  02110
(617) 720-2626
hcooper@toddweld.com
selovecky@toddweld.com

Date:  July 12, 2019

---

[7] The BBF agreement (like the ASF agreement) also contains a Warranty and Representation that the work does not infringe on any copyright, trademark, or other right of any person or entity. See Proposed Amended Complaint at Exhibit E, at Paragraph 6.  In the event that this claim survives Ms. Dorland's pending Motion to Dismiss, it is anticipated that it will ultimately fail because the agreement will be deemed void in light of Ms. Larson's infringement of Ms. Dorland's copyright in the letter at issue in this case.

## **CERTIFICATE OF SERVICE**

I, Suzanne Elovecky, hereby certify that on July 12, 2019 the foregoing document was served electronically on all counsel of record via the Court's ECF filing system.

/*s/ Suzanne Elovecky*
Suzanne Elovecky