UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SONYA LARSON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 19-cv-10203-IT |
| | * | |
| DAWN DORLAND PERRY, COHEN BUSINESS LAW GROUP, P.C., and JEFFREY A. COHEN, ESQ., | * * * * | |
| Defendants. | * | |

ORDER

July 31, 2019

TALWANI, D.J.

For the reasons discussed below, Plaintiff Sonya Larson's Motion for Leave to File Amended Complaint [#45] is ALLOWED.

Plaintiff filed her Complaint [#1] on January 30, 2019. Defendants Cohen Business Law Group, P.C., and Jeffrey A. Cohen, Esq. (collectively, "Cohen") filed a Motion to Dismiss on April 1, 2019, pursuant to Fed. R. Civ. P. 12(b)(1), (2), and (6). Mot. to Dismiss [#11]. Defendant Dorland also filed a Motion to Dismiss [#25] pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiff filed this Motion for Leave to File Amended Complaint [#45] on June 29, 2019.

The timing of Plaintiff's motion weighs in favor of allowing leave to amend. Although Plaintiff's motion was filed beyond the time frame in which Plaintiff could have amended as a matter of course, see Fed. R. Civ. P. 15(a)(1)(B) (allowing one amendment as a matter of course within 21 days after service of a Rule 12(b) motion), she filed her motion early in the litigation and prior to the court issuing an order on the pending motions to dismiss, prior to any discovery being served, and within the time permitted under the court's Scheduling Order [#44] for filing

such motions. Sched. Order ¶ 2 [#44] (providing that initial disclosures must be completed two weeks after the court issues an order on the motion to dismiss and that except for good cause shown, no motion seeking leave to amend shall be filed more than 3 weeks after initial disclosures have been served). Further, Rule 15 states s that "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), and the Supreme Court has counseled that "a plaintiff . . . ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962).

All Defendants argue that Plaintiff's amendment is futile. Defs.' Opp'n to Mot. for Leave to Amend [#47]; Dorland Opp'n to Mot. for Leave to Amend [#49]. As Defendants' futility arguments raise the same issues as presented in their initial motions to dismiss, and their arguments as to why Plaintiff's proposed Amended Complaint should be dismissed are thus fully briefed, judicial economy also tips in favor of allowing Plaintiff to amend her Complaint [#1].

To avoid unnecessary expense for the parties, the court is prepared to treat Defendants' initial Motions to Dismiss [##11, 25] as directed to the Amended Complaint, and to consider in support of such motions the arguments raised in Defendants' supporting Memoranda [##12, 26], in Defendants' Opposition to Motion for Leave to Amend [##47, 49] that are directed to the futility argument, and supplemental memoranda not exceeding 5 pages if Defendants chose to file such memoranda. Alternatively, Defendants may file new responsive pleadings or motions to dismiss with supporting memoranda not exceeding 20 pages.

Accordingly, the court ALLOWS Plaintiff's Motion for Leave to File Amended Complaint [#45]. Plaintiff shall promptly file her Amended Complaint. Defendants shall file within 14 days of this Order a notice that they intend to rest on their previously filed papers, file

supplemental memoranda not exceeding five pages, or file superseding motions to dismiss and memoranda not exceeding twenty pages.

    IT IS SO ORDERED.

Date: July 31, 2019                                                       /s/ Indira Talwani
                                                                                  United States District Judge