# Exhibit L



# COHEN | BUSINESS LAW GROUP

A Professional Corporation

**Attorneys**
Jeffrey A. Cohen
Michael S. Hanna

**Of Counsel**
J. Eric Kirkland
Bennet G. Kelley

Los Angeles Office
10990 Wilshire Blvd., Suite 1025
Los Angeles, CA 90024
Telephone: (310) 469-9600
Facsimile: (310) 469-9610

South Bay Office
2321 Rosecrans Ave., Suite 3225
El Segundo, CA 91423
Telephone: (310) 906-1900
Facsimile: (310) 906-1901

July 20, 2018

James A. Gregorio, Esq.
Gregorio PLLC
301 S. Elm St., Ste 507
Greensboro, NC 27401

Via Email and U.S. Mail
james@gregoriopllc.com

**Re: Dawn Dorland Copyright Claim**
Our Client: Dawn Dorland
Our File No.: 7277.001
Copyrighted Work: "Dorland Kidney chain final recipient letter July 2, 2015" by Dawn Dorland
Infringing Content: Portions of "The Kindest" by Sonya Larson

Dear Mr. Gregorio:

This office is counsel for Dawn Dorland with respect to the issues address herein. We are in receipt of your letter dated July 17, 2018, and this correspondence is a response to that letter.

Pursuant to your request, please find enclosed herewith a redacted copy of our client's work "Dorland Kidney chain final recipient letter July 2, 2015" ("Work"), U.S. Copyright application number 1-6654473411. While we believe that your client is already in possession of an unredacted copy, please let us know if that would be of assistance to your analysis and we can discuss providing an unredacted copy.

Given your request for a copy of the Work, it appears that the positions expressed in your letter were taken without ever having reviewed the Work. Now that you are in possession of the Work, we are certain that you will agree that it is not only possible that your client copied the Work, but that it would be impossible for your client to have independently created her version of the Work that is included in the short story "The Kindest," without having copied the Work.

As you can see, certain portions of "The Kindest" are included almost verbatim from the Work, and the entire letter portion of "The Kindest" is indisputably adapted directly from the Work. There can be no reasonable dispute in this regard that your client is has infringed upon our client's copyright in the Work under 17 U.S.C. § 501(a), including our client's exclusive rights under 17

James Gregorio
July 20, 2018
Pg. 2

U.S.C. §§ 106(1), 106(2), 106(3), and 106(5) by reproducing the Work in "The Kindest," preparing a derivative work in "The Kindest" based upon the Work, distributing copies of the Work to American Short Fiction, Audible.com, and the Boston Book Festival, and by publicly displaying the Work, respectively.

Given the obvious and substantial similarities between the relevant portions of "The Kindest" and the Work, we intend to assert all available rights and remedies that our client may have, unless we are able to come to a mutually agreeable solution with all parties involved, including your client. Our client's position in this matter, at least to this point, has been extraordinarily conciliatory. Frankly, despite the tone of your letter and the failure to include any law or facts upon which your positions are based (including your threat to seek Rule 11 sanctions), our client remains willing to settle this matter without a full recovery of the damages to which she may be entitled. However, this willingness could change should your client continue to make baseless threats or take any action to interfere with our client's rights.

We are in discussions with Boston Book Festival ("BBF") concerning settlement of our claims against them. BBF has advised that they are reluctant to publish "The Kindest" until the claims between your client and our client are settled. If BBF has contacted you for authority to include an appropriate attribution or for any other authority to allow them to proceed with a settlement, we would suggest that you take them seriously. It appears that your failure to reach an agreement with our client would not be in your client's best interest.

To the extent that your client is willing to recognize the rights of our client and to the extent that she is interested in exploring the settlement of the potential claims against your client at this time, we would be willing to entertain such discussions, as we do wish to achieve a solution for all involved in a timely manner. Accordingly, please contact this office to discuss this matter further, as time is of the essence for all involved. Otherwise, please stop interfering with our efforts to prevent the further violation of our client's rights.

Very truly yours,

COHEN BUSINESS LAW GROUP
A Professional Corporation

MICHAEL S. HANNA

cc: Paul Sennott, Esq. via email at paul@sennottwilliams.com

MSH/nk

L-Gregorio 20180720.2



# COHEN | BUSINESS LAW GROUP

A Professional Corporation

**Attorneys**
Jeffrey A. Cohen
Michael S. Hanna

**Of Counsel**
J. Eric Kirkland
Bennet G. Kelley

Los Angeles Office
10990 Wilshire Blvd., Suite 1025
Los Angeles, CA 90024
Telephone: (310) 469-9600
Facsimile: (310) 469-9610

South bay Office
2321 Rosecrans Ave., Suite 3225
El Segundo, CA 91423
Telephone: (310) 906-1900
Facsimile: (310) 906-1901

September 6, 2018

James A. Gregorio, Esq.
Gregorio PLLC
301 S. Elm St., Ste 507
Greensboro, NC 27401

Via Email and U.S. Mail
james@gregoriopllc.com

### FRE 408 & California Evidence Code Section 1152 & 1154

### Re: Dawn Dorland Final Settlement Demand and Reservation of Rights

| | |
|---|---|
| Our Client: | Dawn Dorland |
| Our File No.: | 7277.001 |
| Copyrighted Work: | "Dorland Kidney chain final recipient letter July 2, 2015" by Dawn Dorland (The "Work") |
| Infringing Content: | Portions of "The Kindest" by Sonya Larson |

Dear Mr. Gregorio:

As you are aware, this office is counsel for Dawn Dorland with respect to the issues addressed herein as well as in our July 20, 2018 correspondence to you.

It has come to our attention that your client continues to engage in conduct violative of the rights of our client. While the Boston Book Festival has apparently agreed with our position as to your client's infringement, we are aware of further and additional conduct by your client that we believe has infringed and continues to infringe upon the rights of our client. The purpose of this letter is to demand that your client CEASE AND DESIST of and from all further infringement of the rights of our client, copyright and otherwise.

Specifically, our client has discovered claims which include but are not limited to claims under 17 U.S.C. §§ 106(1), 106(2), 106(3), and 106(5), respectively, for:

- reproducing the Copyrighted Work ("Work") in "The Kindest";
- preparing a derivative work in "The Kindest" based upon the Work;
- distributing copies of the Work to AmericanShortFiction.org, Audible.com (in the United States, United Kingdom, and Australia), BrillianceAudio.com, and the Boston Book Festival; and

James Gregorio
September 6, 2018
Pg. 2

- publicly displaying the Work on the aforementioned websites.

While the Boston Book Festival has decided not to publish "The Kindest", by no means does this address the infringement by your client that has occurred up to this point in time, nor the damages inflicted as a result of her actions, including attorney's fees and costs incurred in the enforcement and protection of our client's rights.

We have attempted to resolve this matter with your client through your office by requesting that your client agree, at least informally, to cease and desist of and from further violations, and thus far, your client has refused to acknowledge the rights of our client or admit what everyone else seems to agree upon, that the actions of your client have already infringed the rights of our client. There has been no explanation for the refusal to acknowledge these rights or the wrongdoing of your client except ambiguous, wholly inapplicable assertions of "fair use"; unfortunately, this leaves us in a difficult position.

At this time, we require that your client acknowledge the rights of our client, in writing, and we require that your client formally agree to cease and desist of and from further violations. Additionally, we need to resolve the matter of significant attorney's fees and costs incurred as the direct result of your client's actions. The failure to take these matters seriously and to resolve this matter informally at this time may result in the formal assertion of such rights against your client.

Specifically, to the extent that your client is unwilling to voluntarily agree to cease and desist from further violation of our client's rights, we intend to take action to require her compliance. Should that be necessary, we will be asserting a full litany of claims against your client and seek all available damages, including attorney's fees and costs. Furthermore, given the nature of the infringement, we intend to address these claims in the Central District of California located in Los Angeles, California.

We have attempted to come to a mutually agreeable solution with you about these past claims, and despite not yet obtaining a resolution of these claims, we remain willing to discuss settling these claims once and for all. However, given the time and resources we have expended to-date on this matter, we now shall be seeking a full recovery of the damages to which our client may be entitled, in addition to satisfaction of claims that can be pursued in a court of law.

Such an endeavor will most certainly cause both of our clients to devote substantial resources including time and energy to these claims. There is virtually no likelihood that your client will prevail, as your client's infringement is undeniable. **In order to avoid this path, our client demands the following:**

1) Your client will execute a stipulated judgment in the amount of $180,000 to be held and not filed unless and until your client violates the further terms of a written settlement agreement.
2) That your client agrees to cease and desist of and from any further violation of our client's copyrights with respect to the Work, or anything derivative thereof in "The Kindest", or any other publication.
3) Your client agrees to reimburse actual legal expenses incurred of $15,000.00 commensurate with execution of the settlement agreement.
4) Other terms typical of an agreement of this type.

James Gregorio
September 6, 2018
Pg. 3

Should your client continue to stonewall further discussions along these lines, she will not be pleased with the result. Should we not hear from you within ten (10) days of the date of this letter, this demand shall automatically expire without further notice and shall not be renewed.

The foregoing is not intended to be a full litany of all rights that our client may have. Nothing contained herein, or not expressly included, shall be taken as a waiver of any other rights that our client may have, and all such rights are expressly reserved. Our client is truly hopeful that your client takes the reasonable path here, but please understand that the present circumstances will simply not be tolerated any further.

                Very truly yours,

            **COHEN BUSINESS LAW GROUP**
              A Professional Corporation

                **MICHAEL S. HANNA**

MSH/nk

L-Gregorio 20180808.5