UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SONYA LARSON,<br>        Plaintiff,<br><br>v.<br><br>DAWN DORLAND PERRY,<br>COHEN BUSINESS LAW GROUP, PC and<br>JEFFREY A. COHEN, ESQUIRE,<br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    C.A. No.: 1:19-CV-10203-IT |

### DEFENDANTS COHEN BUSINESS LAW GROUP, PC AND JEFFREY A. COHEN, ESQ.'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION

Defendants Cohen Business Law Group, PC, and Jeffrey A. Cohen, Esq. (collectively, the "Firm" or "Defendants") hereby seek reconsideration of this Court's Order, dated March 27, 2020, which denied the Firm's Motion to Dismiss Plaintiff Sonya Larson's ("Larson") Complaint and Demand for Trial by Jury ("Complaint").

As explained below the Court relied primarily upon *58 Swansea Mall Drive, LLC v. Gator Swansea Prop., LLC*, 2016 WL 5946872 (D. Mass. 2016), to find that the Firm was not protected by the litigation privilege. However, *58 Swansea Mall Drive* does not establish the correct standard to be applied in this case. The Court thus made an error in law which must be reversed.

### I.   FACTUAL BACKGROUND

The Firm hereby incorporates the facts as described in its Motion to Dismiss. The Firm, solely for the purposes of this motion, assumes the truth of the well-pleaded factual allegations in the Complaint. The Firm reserves the right to dispute those factual allegations should this case survive initial dispositive motions by any party.

{B0666071.5}

## II. STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 54(b), any order that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties … may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities". Fed. R. Civ. P. 54(b). Interlocutory orders, including denials of motions to dismiss, remain open to trial court reconsideration, and the district court has the inherent power to afford relief from such orders "as justice requires." *Perez-Ruiz v. Crespo-Guillen*, 25 F.3d 40, 42 (1st Cir. 1994); *Greene v. Union Mut. Life Ins. Co. of Am.*, 764 F.2d 19, 22 (1st Cir. 1985). A district court may grant a motion for reconsideration if the movant can demonstrate that the original decision was based on a clear error of law. *Davis v. Lehane*, 89 F. Supp. 2d 142, 147 (D. Mass. 2000).

## III. ALL ALLEGATIONS AGAINST THE FIRM ARE PROTECTED BY LITIGATION PRIVILEGE

A court may dismiss an action under Fed. R. Civ. P. 12(b)(6) if the alleged wrongful acts are protected by the litigation privilege. *See Riverdale Mills Corp. v. Cavatorta North Am., Inc.*, 189 F.Supp.3d 317, 321 (D. Mass. 2016); *see also Smartling, Inc. v. Easyling LLC*, 2016 WL 913142 at *1 (D. Mass. 2016). "[A] motion to dismiss on the basis of the litigation privilege only succeeds when the entitlement to the privilege is demonstrated by the complaint itself." *Shirokov v. Dunlap, Grubb & Weaver, PLLC*, 2012 WL 1065578 at *23 (D. Mass. 2012).

"The litigation privilege protects statements made in the institution or conduct of litigation or in conferences and other communications preliminary to litigation." *Riverdale Mills Corp.*, 189 F.Supp.3d at 321. The privilege "rests on the policy of permitting attorneys complete freedom of expression and candor in communications in their efforts to secure justice for their clients." *Encompass Ins. Co. of MA v. Giampa*, 522 F.Supp.2d 300, 308 (D. Mass. 2007). The

privilege may extend to statements made to non-parties, so long as the statement is pertinent to the supervening litigation. *Id.*; *Loomis v. Tulip, Inc.*, 9 F.Supp.2d 22, 25 n.4 (D. Mass. 1998).

### A.  The Court's Reliance on *58 Swansea Mall Drive* was an Error of Law.

The Court reached its decision based primarily on *58 Swansea Mall Drive*, concluding that "[Larson] does not attempt to hold the Cohen Defendants liable for the contents of the letter, but plausibly alleged that the Cohen Defendants used the letter as a means to effectuate unlawful ends, specifically to interfere with the BBF contract and extract unlawful concessions from both the BBF and Plaintiff." As such, the Court found that the litigation privilege did not apply. However, *58 Swansea Mall Drive* should not be considered the controlling law in this matter.

In the primary case the Court relies on, 58 Swansea Mall Drive, LLC ("58 Swansea") began leasing a shopping center in June 2013. In November 2013, Gator Swansea Property, LLC ("Gator") became 58 Swansea's landlord, having acquired the previous property owner's interest in the lease. At the same time, Gator granted the previous owner an easement permitting it to construct a pylon sign on the property. None of 58 Swansea's subtenants used the pylon until 2016 when a sign for PriceRite, one of the subtenants, was erected. Gator sent 58 Swansea a notice of default, alleging that use of the pylon breached the lease. Gator sent four letters through its attorney to 58 Swansea alleging default in the lease between the two parties for various reasons. 58 Swansea brought a claim of violation of M.G.L. c. 93A against Gator. The Plaintiff alleged that these letters were a part of Gator's "concerted campaign" to force 58 Swansea out of its lease. The defendant Gator claimed that the suit must be dismissed because the evidence to be presented of its conduct, i.e. the letters, were protected by the litigation privilege and therefore did not constitute admissible evidence. The attorney who drafted and sent the letters on Gator's behalf was not a party to the case.

This Court cites to *58 Swansea Mall Drive* for the proposition that the Court cannot dismiss the claim against the Firm because there remains a factual question as to whether the Firm is being held liable for the content of its speech or that the speech is being used as evidence of other misconduct. However, *58 Swansea Mall Drive* is not applicable in this case, where the defendant in question is a law firm who was acting on behalf of a client. The *58 Swansea Mall Drive* Court found that the litigation privilege did not apply specifically because the claims did not "target the speaker (counsel who sent the letters)". *Id*. Here, any alleged misconduct would be Dorland's, not the Firm's. The *58 Swansea Mall Drive* Court found that "[w]here a party uses legal mechanisms, such as letters from counsel, to terminate a contract in bad faith or to extract concessions from a plaintiff in arguable violation of Chapter 93A, the litigation privilege does not shield it from liability." *Id*. at *2. The distinction drawn in *58 Swansea Mall Drive,* as applied to this case, is whether Dorland can be held liable for letters sent on her behalf by counsel. Dorland has not asserted the litigation privilege and therefore the proposition cited in *58 Swansea Mall Drive* is inapposite as to the Firm.

Furthermore, the court in *58 Swansea Mall Drive* intended for the distinction to apply where there is an act other than communicating. That is not the case as to the claims asserted by Larson against the Firm, where the allegations of the Amended Complaint are based solely on the content of the letter they sent to BBF. In *58 Swansea Mall Drive,* the communication was the letters, by the non-party attorney, and the act other than communicating was the attempt to break the lease, by the defendant landlord. The former was by the attorney and the act other than communicating was that of the client. The Court's opinion in this case states: "Larson further contends that the act of sending the letter **given that it allegedly contained misrepresentations of fact and law**, is unfair or deceptive trade." *Emphasis added*, Document 59, Page 9. The act of

sending the letter could not be considered misconduct without basing a claim on the contents of the letter. Any acts other than communicating in this case are attributable to Dorland.

### B. Even if the standard in *58 Swansea Mall Drive* is applicable, the Court's application of it is at odds with the policy behind litigation privilege.

The policy behind the litigation privilege is to allow attorneys to freely advocate for their client to the fullest extent possible. *Sriberg v. Raymond*, 370 Mass. 105, 109 (1976). The purpose is to avoid a potential chilling effect on attorneys advocating on behalf of their clients by holding them liable for their acts as counsel. If pre-litigation parties were able to bring claims against law firms based solely on communications made on behalf of a client, and these suits were to survive motions to dismiss, there would be a disincentive for attorneys to take clear positions on behalf of their clients. Attorneys would fear being held personally liable every time they took a position which the opposing party might (and is likely to) deem incorrect.

The Court's opinion in denying the motion to dismiss is based upon an alleged actionable intention "to interfere with the BBF contract and extract unlawful concessions from both the BBF and Plaintiff." The alleged intention, as well as the benefit, inure solely to the client, Dorland. Allowing the motion to dismiss does not leave the Plaintiff in this matter without recourse, because the same claims have been made against Dorland based on a broader course of conduct. Dorland's retention of counsel in this matter is a tactic, and does not open the Firm up to a lawsuit based on representation alone. A party who uses counsel to achieve impermissible means is held responsible for such acts. Under the circumstances plead in this action, it does not give rise to liability of the Firm to the Plaintiff.

The Court has stated that the litigation privilege does not give a lawyer the freedom to act with impunity. However, if the Firm had committed some wrongdoing in its representation of Dorland, the proper remedy would be a complaint lodged with the State Bar of California, where

the Firm's attorneys are licensed, or a malpractice suit, which would take place in California. A suit against a law firm brought on the basis of a letter sent on behalf of a client cannot be allowed to move forward, as it sets a dangerous precedent.

### C. The Court is not required to consider whether the litigation threats were made in good faith and under serious consideration.

The Court determined that regardless of whether Larson's claims were based on the content of the Firm's speech or not, there remained a question of fact as to whether the litigation threatened by the Firm was contemplated in good faith and was under serious consideration, which is required for litigation privilege to attach to communications to prospective defendants. *Id*.

However, the Supreme Judicial Court of Massachusetts ("SJC") expanded the litigation privilege of attorneys in 1992 when it held that an attorney is absolutely privileged in sending a communication to a person against whom, the communication indicates, the attorney is threatening to bring a law suit. *Theran v. Rokoff*, 413 Mass. 590, 591 (1992). The court provided no qualification that the threatened lawsuit had to be contemplated in good faith and under serious consideration, and did not undergo that analysis when granting the defendants their motion for summary judgment. In *Theran*, the defendants, condominium owners and their attorney, sent a letter containing specific charges against a real estate developer, who brought suit against them for libel contained in the letter. *Id*. The court concluded that because the letter itself threatened legal action, the litigation privilege applied. *Id*.

In *Meltzer v. Grant*, the District Court of Massachusetts discussed the *Theran* case and expressed doubt that the SJC, if faced with the question, would hold that a communication threatening suit was privileged even if litigation was not contemplated in good faith or was not under serious consideration. *Meltzer v. Grant*, 193 F. Supp. 2d 373, 380 (D. Mass. 2002). This

...
...

expression of doubt on a question of state substantive law, however, is not precedent. The only precedent that exists is a broad litigation privilege afforded to counsel working on behalf of their clients. *Mack v. Wells Fargo Bank, N.A.*, 88 Mass. App. Ct. 664 (2015); *Bartle v. Berry*, 80 Mass. App. Ct. 372 (2011); *Doe*, 41 Mass. App. Ct.; *Loltek-Jick v. O'Toole*, 2011 WL 7110492, at *4 (Mass. Super. 2011); *McLarnon v. Borofsky*, 2001 WL 1524455, at *1 (Mass. Super. 2001), *aff'd*, 59 Mass. App. Ct. 1112 (2003).

### D.  Larson has not made sufficient allegations of bad faith in her Complaint.

Even if the *Theran* court did not change the law requiring that the potential litigation be considered seriously and in good faith, there is still no question that the Firm is entitled to be protected by the litigation privilege.

When an attorney is seeking protection under the litigation privilege, a plaintiff's complaint must allege more that conclusory statements that the defendant acted in any other way than in its function as a client's attorney. *See Giardiello v. Marcus, Errico, Emmer & Brooks, P.C.*, 261 F. Supp. 3d 86, 99 (D. Mass. 2017) (finding litigation privilege applied where the plaintiff did not allege any facts to show that the defendant attorneys were acting other than in their function as attorneys for their clients when sending communication, alleging simply that the law firm was in "conspiracy" with its clients); *see also Shirokov*, 2012 WL 1065578, at *2 (D. Mass. 2012) (finding that litigation privilege did not apply where the plaintiff alleged that the defendants, including the law firm, were involved in an ongoing lucrative scheme in which they made claims of copyright infringement against hundreds of alleged infringers demanding settlement with no intention of bringing the claims to suit).

Larson has not alleged specific facts to support her claim that the Firm was acting in any capacity other than as legal representation for Dorland. Similar to the *Giardiello* case, Larson

states that the Firm "conspire[d]" with Dorland when sending its letter. Complaint, ¶ 78. The BBF was already on notice of the controversy surrounding *The Kindest* because Dorland had previously contacted the organization in June 2018. Complaint, ¶¶ 33-34. A finding that the Firm's cease and desist letter is not protected by the litigation privilege would reflect an ominous departure from case law protecting routine advocacy. Such a ruling, in addition to being a departure from established jurisprudence, would have a chilling effect on the practice of law. Accordingly, the Court should dismiss all counts against the Firm under Fed. R. Civ. P. 12(b)(6).

**IV.     CONCLUSION**

For the reasons set forth above, Cohen Business Law Group, P.C. and Jeffrey A. Cohen, Esq. respectfully request that this Court reconsider its Order dated March 27, 2020 and ALLOW their Motion to Dismiss.

<u>**REQUEST FOR ORAL ARGUMENT**</u>

In accordance with Local Rule 7.1(d), counsel for the Defendants, Cohen Business Law Group, P.C. and Jeffrey A. Cohen, Esquire, hereby requests a hearing for oral argument in connection with this motion.

|  |  |
|---|---|
|  | THE DEFENDANTS,<br>COHEN BUSINESS LAW GROUP, PC,<br>AND JEFFREY A. COHEN, ESQUIRE,<br>BY THEIR ATTORNEYS, |
|  | */s/ Matthew H. Greene* |
| DATED: April 9, 2020 | Mark W. Shaughnessy, Esq. (BBO# 567839)<br>mshaughnessy@boyleshaughnessy.com<br>Matthew H. Greene, Esq. (BBO# 673947)<br>mgreene@boyleshaughnessy.com<br>Boyle \| Shaughnessy Law, P.C.<br>695 Atlantic Avenue, 11th Floor<br>Boston, MA  02111<br>Phone: (617) 451-2000<br>Fax: (617) 451-5775 |

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 9th day of April, 2020.

<u>*/s/Matthew H. Greene, Esq.*</u>