UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SONYA LARSON<br><br>                    Plaintiff,<br>v.<br><br>DAWN DORLAND PERRY, et al.<br><br>                    Defendants. | Civil Action No.<br><br>1:19-cv-10203-IT |

**PLAINTIFF'S MOTION
FOR LEAVE TO AMEND HER COMPLAINT**

Plaintiff, Sonya Larson ("Larson") moves this court for leave to file a second amended complaint in this Action.  A copy of the proposed Second Amended Complaint is attached hereto as "Exhibit A."  As grounds for this motion, Larson states as follows:

1.  Larson's Motion for leave is being filed in response to this Court's Memorandum and Order of March 27, 2020 ("Court Memo" - Doc. 59), and the pending Motion for Judgment on the Pleadings (Doc. 83) that was filed by the "Cohen Defendants" (Cohen Business Law Group, PC and Jeffrey A. Cohen, Esquire).

2.  The Cohen Defendants filed a Motion for Judgment on the Pleadings on July 1, 2020.  The Motion is based in part on the Court Memo, and in part on the Cohen Defendants' erroneous claim that they did not act in a business context arising in the conduct of trade or commerce under M.G.L. c. 93A.

3.     The preambles to Larson's original complaint (Doc. 1) as well as her Amended Complaint (Doc. 52) both say as follows: "Plaintiff is also seeking damages for the <u>intentional interference with two of Plaintiff's advantageous relationships</u> perpetrated by all Defendants. . . ." [emphasis supplied]

4.     Unfortunately, Counts I through IV of Larson's Amended Complaint sounds more like similar claims for the intentional interference with contract. Since the Court did not find that there was a breach of contract by American Short Fiction ("ASF") or the Boston Book Festival "BBF"), the Court ruled that Larson did not demonstrate an entitlement to relief for interference with contract. Nevertheless, the court did state that intentional interference with an advantageous business relationship does not require Plaintiff to prove a breach of contract, but only, inter alia, interference with a "business relationship or contemplated contract of economic benefit." (Court Memo, Note 5 – citations omitted.)

5.     Larson is now seeking to amend her complaint to show intentional interference by Dorland and the Cohen Defendants with Larson's advantageous business relations with ASF and the BBF, which were both business relationships that had great economic benefit to Larson.

6.     Tort claims for intentional interference with contractual relations and intentional interference with advantageous business relationships are very closely related. <u>Comeau v. Town of Webster, Mass.</u>, 881 F. Supp. 2d 177, 189–90 (D. Mass. 2012). "Under Massachusetts law, the tort of interference with an advantageous business relationship apparently includes within its ambit the tort of wrongful interference with an existing contract, and Massachusetts courts "have not consistently distinguished between the two torts." <u>Hamann v. Carpenter</u>, 937 F.3d 86, 92–93 (1st Cir. 2019), <u>citing</u>, <u>United Truck Leasing Corp. v. Geltman</u>, 406 Mass. 811 (1990)). The existence of a binding contract mandating ASF to continue to publish Larson's story, and

mandating the BBF to use Larson's Story in the One City/One Story project seems to be the missing component of a claim for intentional interference with contractual relations.  However, this does not negate a related claim by Larson for intentional interference with advantageous business relationships.

7.  To establish a successful claim for intentional interference with advantageous business relations, Larson must prove that (1) she had advantageous relationships with ASF and the BBF (e.g., present or prospective contracts); (2) Dorland and Cohen Defendants had knowledge of the relationships, (3) Dorland's and/or the Cohen Defendants' interference with the relationships, in addition to being intentional, was improper in motive or means; and (4) Larson lost advantages were a direct result of the Cohen Defendants' actions.  <u>United Truck Leasing Corp.</u>, 406 Mass. at 816-7; <u>Am. Private Line Services, Inc., v. Easter Microwave, Inc.</u>, 980 F.2d at 36 (1st Cir. 1992); <u>Blackstone v. Cashman</u>, 448 Mass. 255, 260 (2007);  (To recover for interference with advantageous business relations, the plaintiff need not prove a binding contract, but she must show a probable future business relationship from which there is a reasonable expectancy of financial benefit.  [citations omitted]).

8.  Thus, Larson's amended complaint will not substantially alter the course of this Action, because the proposed amendment does not advance an entirely new theory of the recovery.

9.  Larson believes that she can overcome the Cohen Defendants' Motion for Judgment on the Pleadings if she is given leave to amend her complaint.  Larson's claims against Dorland and the Cohen Defendants for intentional interference <u>with contract</u> would be substituted with claims for the intentional interference <u>with advantageous business relationships</u>.

10. Larson also believes she can overcome the Cohen Defendants' present Motion relative to her Chapter 93A claims on the merits. However she is also seeking leave to amend her complaint in order to clarify and elaborate on the impact that the Cohen Defendants had on trade and commerce.

11. It is still early in this litigation and Larson is filing this Motion in good faith and not for undue delay, bad faith or any other dilatory motive that will cause any defendant undue prejudice. Foman v. Davis, 371 U.S. 178, 182–83 (1962)

WHEREFORE, Plaintiff, Sonya Larson, moves this court to grant her leave to file a Second Amended Complaint.

SONYA LARSON,
By her attorney,

/s *Andrew D. Epstein*

_____
Andrew D. Epstein, Esquire (BBO #155140)
Barker, Epstein & Loscocco
176 Federal Street
Boston, MA 02110
Tel: (617) 482-4900
Fax: (617) 426-5251
Photolaw@aol.com

July 15, 2020

### Certificate of Service

I certify that Plaintiff's Motion for Leave to File Amended Complaint was filed through the court's ECF system and a copy was sent electronically on the day it was filed to all counsel of record.

*/s/ Andrew D. Epstein*

_____
July 15, 2020                              Andrew D. Epstein