UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SONYA LARSON,<br>         Plaintiff<br><br>v.<br><br>DAWN DORLAND PERRY,<br>COHEN BUSINESS LAW GROUP, PC and<br>JEFFREY A. COHEN, ESQUIRE,<br>         Defendants | )<br>)<br>)<br>)  **C.A. No.: 1:19-CV-10203-IT**<br>)<br>)<br>)<br>)<br>) |

### DEFENDANTS COHEN BUSINESS LAW GROUP, PC AND JEFFREY A COHEN, ESQ.'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

Defendants Cohen Business Law Group, PC, and Jeffrey A. Cohen, Esq. (collectively, the "Firm") submit this opposition to Plaintiff Sonya Larson's ("Larson") Motion for Leave to Amend her Complaint.

Larson's motion is futile because it does not cure the fatal deficiencies in her Complaint. The Firm contends that (1) Larson's claim of intentional interference with contracts has already been decided as a matter of law by this Court and (2) M.G.L. c. 93A cannot be applied against the Firm where the Firm was not engaged in a trade or commerce with Larson. *See generally,* Motion for Judgment on the Pleadings, [#83]. Larson's motion concedes that as plead, her claim for intentional interference with contracts against the Firm has been dismissed by operation of this Court's March 27, 2020 Order and Memorandum. [#85-86]. She proposes to amend her complaint by replacing this claim with a claim for intentional interference with an advantageous business relationship, ignoring the fact that there is no distinction between the two claims where a written contract exists. Her motion further does not address the foundational prerequisite to bringing a M.G.L. 93A claim, that the defendant must have been engaged in trade or commerce.

Instead, Larson proposes to bolster the significance of her alleged business relationship with other parties — in an effort to overcome the motion for judgment on the pleading against her — while ignoring the fact that she did not have a business relationship with the Firm. Accordingly, the Firm respectfully requests that the Court deny Larson's Motion.

## I. BACKGROUND

### A. Factual Background

The Firm hereby incorporates the facts as described in its Motion for Judgment on the Pleadings. The Firm, solely for the purposes of this motion, assumes the truth of the well-pleaded factual allegations in the Complaint. The Firm reserves the right to dispute those factual allegations should this case survive dispositive motions by any party.

### B. Procedural Background

Larson filed her original Complaint on January 30, 2019. [#1] The Firm filed a motion to dismiss on April 1, 2019. [#11] Dorland also filed a motion to dismiss on April 25, 2019. [#25]. Larson filed to amend her complaint on June 28, 2019, based on these motions. [#45]. This was granted by the Court on July 31, 2019. [#50]. The Court decided the motions to dismiss on March 27, 2020. [#59]. The Firm filed a motion for judgment on the pleadings on July 1, 2020. [#83]. Larson filed a motion for leave to amend her pleadings on July 15, 2020, based on the Firm's pending motion. [#85].

## II. STANDARD OF REVIEW

Rule 15(a) reflects a liberal amendment policy and provides that the court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2); *Nikitine v. Wilmington Tr. Co.*, 715 F.3d 388, 390 (1st Cir. 2013). But this "does not mean . . . that a trial court must mindlessly grant every request for leave to amend." *Nikitine*, 715 F.3d at 390 (citations omitted). Reasons

for denying leave include undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment. *United States ex rel. Gagne v. City of Worcester*, 565 F.3d 40, 48 (1st Cir. 2009) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see Quaker State Oil Refining Corp. v. Garrity Oil Co.*, 884 F.2d 1510, 1517 (1st Cir. 1989).

### III. LARSON'S PROPOSED AMENDED COMPLAINT IS FUTILE BECAUSE IT DOES NOT CURE THE DEFICIENCIES IN HER COMPLAINT.

A court may deny a request to amend if the proposed amendment "would serve no useful purpose." *Aponte-Torres v. University of P.R.*, 445 F.3d 50, 58 (1st Cir. 2006). Larson's motion is futile because her proposed Amended Complaint does not cure the fatal deficiencies in her Complaint. Instead, Larson seeks to reassert claims that have already been decided by this Court under a related legal theory. The Firm requests that the Court deny Larson's motion and decide the Firm's pending Motion for Judgment on the Pleadings, which Larson's proposed amended complaint does not alter.

#### A. Tortious Interference Claims

Larson seeks leave to substitute her claim for tortious interference with contract with a claim for tortious interference with advantageous business relations. It is futile for her to do so, as she is not entitled to relief from either claim.

Larson acknowledges that Massachusetts courts "have not consistently distinguished between the two torts." To allege a claim of interference with an advantageous business relationship in a case where there is a contract, there must be an advantageous business relationship other than that contract. *Hamann v. Carpenter*, 937 F.3d 86, 92–93 (1st Cir. 2019) (upholding the lower court's decision to dismiss the plaintiff's claim of intentional interference with an advantageous business relationship where the plaintiff does not identify a business

relationship other than the one described in a contract, which had already been addressed when deciding the intentional interference with contracts claim); *see also ADH Collision of Bos., Inc. v. Wynn Resorts, Ltd.*, 2020 WL 3643509, at *2 (D. Mass. 2020). The purpose of the claim of intentional interference with advantageous business relationships is not to permit plaintiffs to assert a claim where the contract is found to contain no requisite promise. Rather, the purpose of such claim is to protect relationships prior to contract formation. The burden on the plaintiff, however, is to identify a contemplated contract or relationship that has not been reduced to writing. In this case, Larson's proposed second amended complaint fails to identify a contemplated contract or business relationship that has not already been interpreted as a matter of law by this Court.

Here, as evidence of a business relationship, Larson specifically points to the written contracts she had with both American Short Fiction ("ASF") and with the Boston Book Festival ("BBF"). She does not allege that there was any relationship between the entities other than the relationships described in those contracts. In fact, during the Local Rule 7.1 Conference in anticipation of Larson's Motion for leave to amend her complaint, Larson's counsel stated plainly that there was no other business relationship.

As argued in the Firm's Motion for Judgment on the Pleadings, Larson's claim of intentional interference with contracts against the Firm failed as a matter of law, as this Court has already determined that there was no breach of contract. Because there is no relationship other than that described in the contract, Larson cannot bring a claim of intentional interference with advantageous business relationships that is different from her claim of intentional interference with contracts. As such, it would futile for Larson to amend her complaint to re-state a claim which has already been decided by this Court. Therefore, this Court should deny Larson's

motion for leave to amend her complaint and assert claims of interference with advantageous business relationships.

### B.     M.G.L. c. 93A Claim

Larson further seeks to amend her pleadings to clarify her M.G.L. c. 93A claim brought against the Firm. This amendment is futile because Larson does not add any additional information which would allow her claim to move forward.

M.G.L c. 93A specifically states that the defendant must have been engaged in trade or commerce. M.G.L c. 93A s. 11. As explained in the Firm's memorandum in support of their motion for judgment on the pleadings, for a non-client to assert a Chapter 93A claim against an attorney, the attorney must have engaged in trade or commerce "vis-à-vis the plaintiff." *Rodolakis v. Safety Ins. Co.*, 327 F.Supp.3d 274, 277-78 (D. Mass. 2018); *O'Connor v. Nantucket Bank*, 992 F.Supp.2d 24, 38-39 (D. Mass. 2014); *Akar v. Fed. Nat. Mortg. Ass'n*, 843 F.Supp.2d 154, 170 (D. Mass. 2012); *Tomaselli v. Beaulieu*, 2010 WL 2105347, at *8 (D. Mass. 2010).

In Larson's memorandum in support of her motion for leave to amend her complaint, she explains that Larson was engaged in trade or commerce with the BBF, as writing is her profession and business, and describes the benefits Larson would have received if the BBF had published her story. [#86]. At no point does Larson allege that the Firm was engaged in a business relationship with her. Instead, she states that the Firm "thrust themselves into their [Larson and BBF's] business relationship which ultimately interfered with trade and commerce relative to the distribution of tangible and intangible property." Larson misinterprets M.G.L. c. 93A, and confuses it with the common law tort of intentional interference. Larson continues to ignore the requirement that the Firm must have been engaged in a trade or commerce themselves,

rather than interfered with the trade or commerce of another entity. As explained in the Firm's Motion for Judgment on the Pleadings, the Firm was not engaged in trade or commerce with Larson, but acted in the context of their client's copyright dispute. There were no communications between the Firm and Larson or the BBF which arose outside of the dispute. They did not "join their client in marketplace communications" because Dorland was similarly not engaged in a trade or commerce with Larson. As such, Larson's M.G.L. c. 93A claim must fail.

Larson's motion for leave to amend her complaint fails to provide any additional information which would sustain a M.G.L. c. 93A claim against the Firm. As such, Larson's motion to amend her complaint is futile, and should be denied.

## IV.   CONCLUSION

WHEREFORE, and for the reasons set forth above, Larson's Motion for Leave to File a First Amended Complaint should be denied on the grounds of futility. In the alternative, the Court should hear Larson's motion and the Firm's pending motion for judgment on the pleadings simultaneously.

## REQUEST FOR ORAL ARGUMENT

In accordance with Local Rule 7.1(d), counsel for the Defendants, Cohen Business Law Group, P.C. and Jeffrey A. Cohen, Esquire, hereby requests a hearing for oral argument in connection with this motion.

|  |  |
|---|---|
|  | THE DEFENDANTS,<br>COHEN BUSINESS LAW GROUP, PC,<br>AND JEFFREY A. COHEN, ESQUIRE,<br>BY THEIR ATTORNEYS, |
|  | */s/ Matthew H. Greene* |
| DATED: July 29, 2020 | Mark W. Shaughnessy, Esq. (BBO# 567839)<br>mshaughnessy@boyleshaughnessy.com<br>Matthew H. Greene, Esq. (BBO# 673947)<br>mgreene@boyleshaughnessy.com<br>Boyle \| Shaughnessy Law, P.C.<br>695 Atlantic Avenue, 11th Floor<br>Boston, MA  02111<br>Phone: (617) 451-2000<br>Fax: (617) 451-5775 |

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 29th day of July, 2020.

*/s/ Matthew H. Greene, Esq. (BBO# 673947)*
***Counsel for Defendants, Cohen Business Law Group, PC and Jeffrey A. Cohen, Esquire***