# Exhibit H

# COHEN BUSINESS LAW GROUP

A Professional Corporation

Attorneys
Jeffrey A. Cohen
Michael S. Hanna

Of Counsel
J. Eric Kirkland
Bennet G. Kelley

Los Angeles Office
10990 Wilshire Blvd., Suite 1025
Los Angeles, CA 90024
Telephone: (310) 469-9600
Facsimile: (310) 469-9610

South Bay Office
2321 Rosecrans Ave., Suite 3225
El Segundo, CA 91423
Telephone: (310) 906-1900
Facsimile: (310) 906-1901

July 3, 2018

The Boston Book Festival
32R Essex Street, Suite 5
Cambridge, MA 02139

Via Overnight Mail &
Email to info@bostonbookfest.org

Re: **Dawn Dorland Copyright Claim**
Our Client: Dawn Dorland
Our File no.: 7277.001

## SETTLEMENT COMMUNICATION FRE RULE 408; CRE §§1152, 1154

To the Boston Book Festival:

Please be advised that this office is copyright counsel for Dawn Dorland with respect to her copyrighted work "Dorland kidney chain final recipient Work July 2, 2015" (hereinafter, the "Work"). Please direct any communications concerning this matter to this office.

We have reviewed various communications between our client and members of your staff, Norah Piehl and Raquel Hitt, regarding the Boston Book Festival ("BBF") decision to publish a short story authored by Sonya Larson entitled "The Kindest" as part of the 10th annual festival, to be featured in the festival's One City One Story ("1CIS") section. BBF has previously been placed on notice by our client that this short story contains the Work in whole or in part. We are informed that prior to the involvement of this office, our client attempted to amicably resolve this matter by requesting that BBF include an acknowledgment of the Work in the "The Kindest". We understand that her proposal was flatly, if not somewhat dismissively and rudely rejected without fully considering the rights of our client or the potential liability of BBF. By this letter we hope to resolve this matter with you, but in the event that is not possible, you may rest assured that we will protect our client's rights.

BBF has already admitted infringement of the Work by Ms. Larson and potentially either direct or contributory infringement by BBF. We do not have the benefit of having reviewed any purported revision to "The Kindest" to determine whether any infringement remains, however, the duplication in some instances, and striking similarity in others, between the Work and The Kindest, is so particularly egregious that it is our opinion that any decision to publish The Kindest would necessarily infringe our client's rights. As such, please accept this correspondence as a formal

demand that you cease and desist of and from any further printing, copying, distribution, or other activities related to "The Kindest" until such time as this matter has been resolved. Any failure to acknowledge the rights of our client or failure to cooperate with this office towards finding an amicable resolution will require further formal action to protect our client's rights. We and our client remain hopeful that BBF is more reasonable than its previous response to our client would make it seem. Do not test our resolve in this regard, nor our willingness to reach an appropriate resolution.

In order to further evaluate this matter, we ask that you provide this office with an advance copy of the purportedly revised "non-infringing" version of "The Kindest". We are willing to consider a stipulated protective order or stipulation of non-disclosure in this regard if you believe that would be helpful, and we ask that you provide the advance copy within ten (10) days of the date of this letter. Further, we will take your failure to provide such a copy as an admission that no such change or that only a *de minimis* change has been made, such that the revised version continues to violate the rights of our client. As such, we would be left with no alternative but to proceed accordingly to prevent intended publication and otherwise protect our client's rights. Be further advised that such action, if necessary, would no longer be for attribution, but will demand the full measure of penalties for statutory copyright infringement under 17 U.S.C. § 504(c), which as you likely are aware, could be as high as $150,000 under facts such as those presented herein wherein BBF has admitted infringement and willfully proceeds in complete and intentional disregard of our client's rights despite such advance knowledge of infringement. The shortness, and quite frankly the rudeness of your prior response to our client will not be considered favorably by the court.

Again, the purpose of this correspondence is to confirm your admission of infringement and likely liability as a result thereof. However, our purpose is also to genuinely provide BBF the opportunity to correct this situation, and this office remains open to legitimate discussions in this regard. Nothing contained herein or not contained herein should be taken as a waiver of any rights of our client, all of which are hereby expressly reserved.

Very truly yours,

COHEN BUSINESS LAW GROUP
A Professional Corporation

JEFFREY A. COHEN

JAC/
L-BBF.20180628.5(JAC)