# Exhibit P

## Barker, Epstein & Loscocco
176 Federal Street
Boston, Massachusetts 02110

(617) 482-4900
FAX: (617) 426-5251

Andrew D. Epstein
Photolaw@aol.com

November 7, 2018

**Via Email: jac@cohenblg.com and U.S. Mail**

Jeffrey A. Cohen, Esquire
Cohen Business Law Group
10990 Wilshire Boulevard, Suite 1025
Los Angeles, CA  90024

       **Re: Dawn Dorland and Sonya Larson**

Dear Mr. Cohen:

      I received your letter dated October 26, 2018. Unfortunately, your letter fails to address numerous issues that are disputed between Sonya Larson, Dawn Dorland, and your office.

      First, I want to address your claim that I violated Massachusetts Rules of Professional Conduct, Rule 4.2. I assure you that I did not. Comment 4 to Rule 4.2 specifically allows an attorney to communicate with a represented person in order to send written demands required by statutes such as Mass. Gen. Laws Chapter 93A. I am enclosing for your reference a copy of Massachusetts Rule 4.2 together with the Comment 4 to official Editor's Notes.

      Second, your letter fails to address the fact that Ms. Dorland is entitled to neither statutory damages nor attorney's fees under the Copyright Act. Any alleged infringement by Ms. Larson occurred before Ms. Dorland registered the copyright to the "Dorland Kidney Chain Final Recipient Letter July 2, 2015."

Jeffrey A. Cohen, Esquire
Cohen Business Law Group
November 7, 2018
Page 2.

  If, as you claim, the Kidney Recipient Letter was posted on July 2, 2015, registration was not made until June 10, 2018. Section 412 of the Copyright Act does not permit recovery of <u>any</u> statutory damages or attorney's fees for works that were registered with the Copyright Office after an alleged infringement. There is absolutely no statutory basis for your request that Ms. Larson reimburse Dorland for her legal fees. <u>Latin Am. Music Co. v. Am. Soc'y Of Composers, Authors & Publishers (ASCAP)</u>, 642 F.3d 87, 90 (1st Cir. 2011) (Section 412 only applies to plaintiffs who assert copyright infringement claims and not to defendants who successfully defend against such claims).

  Third, my client had no obligation to acknowledge Ms. Dorland's letter in her short story. Sonya Larson agrees that she read Dorland's letter and took a few notes about the letter. She did not copy the letter, nor was the fictitious letter within the copy of *The Kindest* slated for distribution by the Boston Book Festival (BBF) in any way similar to Dorland's factual kidney recipient letter.

  Fourth, your contention that a member of the public heard Ms. Larson read a portion of her story at a Boston bookstore and contacted Dorland is misguided. Ms. Larson did not include any element of her fictitious letter in that public reading. The member of the public who contacted your client did so only because the story was about a kidney donation.

  Fifth, you seem to equate plagiarism with copyright infringement. Plagiarism is not actionable. As you well know, to prove copyright infringement, a party must prove access to the original work and substantial similarity between the original work and the copy. In all of Ms. Dorland's many attempts at damaging my client's reputation and career, at no time has she demonstrated where there is substantial similarity between Dorland's letter and the letter in Ms. Larson's story.

  Sixth, there is nothing in the Boston Book Festival (BBF) version of *The Kindest* that would infringe Dorland's Kidney Recipient Letter in <u>any</u> respect. I sent you a copy of the BBF version of *The Kindest* so that you could see this for yourself. Again, your client is not entitled to statutory damages or attorney's fees for the BBF version of the story even if there was substantial similarity. The most Dorland would ever be entitled to recover are her actual damages (which will likely be nominal) and a possible small share of any profits earned by Ms. Larson. Accordingly, I have advised Ms. Larson to continue to market and publish the latest version of *The Kindest* without fear.

Jeffrey A. Cohen, Esquire
Cohen Business Law Group
November 7, 2018
Page 3.

Seventh, not only does your claim for $180,000 in attorney's fees exceed the statutory maximum imposed by Section 504(c) of the Copyright Act, I repeat again that such damages are not even available to your client. Also, your additional claim to exemplary damages is clearly not an option under the Copyright Act since the Federal law preempts damages under all state laws.

Eighth, I presented claims against Dorland and your office for defamation and intentional interference with Ms. Larson's contractual agreement with BBF. You completely ignored the claims. Clearly, Ms. Larson was damaged by your actions and those of your client. In fact, over a dozen organizations and individuals that Dorland contacted have sent us ample evidence of Dorland's defamatory behavior and have expressed disgust at her conduct. There was no reason for Dorland to make repeated false claims other than to damage Larson's reputation and career.

Dorland and your office were informed on July 16, 2018 in a letter from Attorney James Gregorio, that claims of defamation and interference with contractual relations *would* arise should your repeated demands cause the BBF to break its contract with Larson. This is exactly what happened.

You asked Ms. Larson to cease and desist from "further infringement" of Dorland's copyright to the Kidney Recipient Letter and that my client reimburse your client for her attorney's fees. You have failed to establish that there ever was infringement of Dorland's factual letter. Certainly, there is nothing in the BBF version of *The Kindest* that was sent to you that infringes your client's Kidney Recipient Letter. The only conceivable similarity is that both Ms. Larson's fictitious letter within her story and Doland's letter are about kidney recipients. This is minor similarity at best, not substantial similarity. Also, as I have said numerous times, there is no basis for Dorland to claim statutory damages or attorney's fees under the Copyright Act.

While I am amenable to serious conversations about resolving this matter, I see no reason to do so unless the numerous allegations in my September letters to you and your client, and in this letter are thoroughly addressed. Unless you address these issues, there is nothing to discuss.

Very truly yours,

Andrew D. Epstein

ADE/d

## Massachusetts Rules of Professional Conduct (Mass.R.Prof.C.), Rule 4.2

### Rule 4.2. Communication with Person Represented by Counsel

In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.

## Editors' Notes

### COMMENT

[4] This Rule does not prohibit communication with a represented person, or an employee or agent of such a person, concerning matters outside the representation. For example, the existence of a controversy between a government agency and a private party, or between two organizations, does not prohibit a lawyer for either from communicating with nonlawyer representatives of the other regarding a separate matter. Nor does this Rule preclude communication with a represented person who is seeking advice from a lawyer who is not otherwise representing a client in the matter. Parties to a matter may communicate directly with each other, and a lawyer is not prohibited from advising a client concerning a communication that the client is legally entitled to make. A lawyer may not, however, make a communication prohibited by this Rule through the acts of another. See Rule 8.4(a). **Also, a lawyer having independent justification or legal authorization for communicating with a represented person is permitted to do so. For example, counsel could prepare and send written default notices and written demands required by such laws as Chapter 93A of the General Laws.**