UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SONYA LARSON, | ) |
|      Plaintiff | ) |
| | ) |
| v. | )   **C.A. No.: 1:19-CV-10203-IT** |
| | ) |
| DAWN DORLAND PERRY, | ) |
| COHEN BUSINESS LAW GROUP, PC and | ) |
| JEFFREY A. COHEN, ESQUIRE, | ) |
|      Defendants | ) |

**ANSWER OF THE DEFENDANTS, COHEN BUSINESS LAW GROUP, PC AND JEFFREY A. COHEN, ESQUIRE, TO THE SECOND AMENDED COMPLAINT OF THE PLAINTIFF**

Defendants, Cohen Business Law Group. PC and Jeffrey A. Cohen, Esquire ("Defendants"),

answer the separately numbered paragraphs of Plaintiff, Sonya Larson's Complaint as follows:

<u>PARTIES</u>

1.     Defendants are without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in this paragraph.

2.     Defendants are without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in this paragraph.

3.     Defendants are without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in this paragraph.

4.     Defendants are without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in this paragraph.

5.     Defendants are without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in this paragraph.

6.     Defendant Cohen Business Law Group, P.C. admits the allegations contained in this

paragraph to the extent it is a law firm.   Defendant otherwise denies the allegations contained in this paragraph.

7.   Defendants deny the allegations contained in this paragraph where it seeks a legal and precatory conclusion.

8.   Defendant Jeffrey A. Cohen admits the allegations contained in this paragraph to the extent he is a licensed attorney in the State of California.   Defendant otherwise denies the allegations contained in this paragraph.

<u>Dorland donated one of her kidneys to an unknown recipient and publicized this gesture extensively on social media and elsewhere.</u>

9.   Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

10.   Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

11.   Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

12.   Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

13.   Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

14.     Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

15.     Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

<u>Larson and Dorland are nominal acquaintances of each other.</u>

16.     Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

17.     Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

<u>Larson wrote a story about a kidney donor meeting a kidney recipient.</u>

18.     Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

19.     Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

20.     Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

<u>Dorland heard about Larson's Short Story in 2016 and she was very upset with Larson and felt threatened by the Short Story.</u>

21.     Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

22.     Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

23.     Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

24.     Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

25.     Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

26.     Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

<u>Larson was scouted by a literary studio that wanted to help her publish an audio version of the story.</u>

27.     Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

28.      Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

29.      Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

30.      Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

The Kindest was also published online and in print form.

31.      Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

Larson submitted her Short Story to a competition run by the Boston Book Festival.

32.      Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

33.      Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

34.      Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

35.     Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

36.     Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

<u>Dorland was incensed that Larson's Story was being published.</u>

37.     Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

38.     Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

39.     Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

40.     Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

41.     Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

<u>Larson tried to appease Dorland by making further changes to the Fictional Letter.</u>

42.     Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

43.     Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

44.     Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

45.     Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

46.     Defendants deny the allegations contained in this paragraph.

47.     Defendants deny the allegations contained in this paragraph.

48.     Defendants deny the allegations contained in this paragraph.

49.     Defendants deny the allegations contained in this paragraph where it seeks a legal and precatory conclusion.

50.     Defendants deny the allegations contained in this paragraph.

<u>Dorland hired legal counsel to escalate her claim from plagiarism to copyright infringement.</u>

51.     Defendants deny the allegations contained in this paragraph.

52.     Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the

defendants, they are hereby expressly denied.

53.   Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

54.   Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

55.   Defendants deny the allegations contained in this paragraph.

<u>The BBF rescinded its selection of Larson's Short Story</u>

56.   Defendants deny the allegations contained in this paragraph.

57.   Defendants deny the allegations contained in this paragraph.

58.   Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

59.   Defendants deny the allegations contained in this paragraph where it seeks a legal and precatory conclusion.

60.   Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

**Count I**
<u>(Intentional Interference by Dorland with Larson's</u>
<u>advantageous business relationship with ASF)</u>

61.   Defendants' answers to paragraphs one (1) through sixty (60) are repeated, reasserted and incorporated herein by reference.

62.     Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

63.     Defendants deny the allegations contained in this paragraph.

64.     Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

65.     Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

66.     Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

67.     Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

68.     Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

**Count II**
(Intentional Interference by Dorland with Larson's
advantageous business relationship with the BBF)

69.     Defendants' answers to paragraphs one (1) through sixty-eight (68) are repeated, reasserted and incorporated herein by reference.

70. Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

71. Defendants deny the allegations contained in this paragraph.

72. Defendants deny the allegations contained in this paragraph.

73. Defendants deny the allegations contained in this paragraph where it seeks a legal and precatory conclusion.

74. Defendants deny the allegations contained in this paragraph.

75. Defendants deny the allegations contained in this paragraph.

76. Defendants deny the allegations contained in this paragraph.

**Count III**
(Interference by Cohen Law with Laron's advantageous business relationship with the BBF)

77. Defendants' answers to paragraphs one (1) through seventy-six (76) are repeated, reasserted and incorporated herein by reference.

78. Defendants deny the allegations contained in this paragraph.

79. Defendants deny the allegations contained in this paragraph.

80. Defendants deny the allegations contained in this paragraph.

**Count IV**
(Interference by Attorney Cohen with Larson's
advantageous business relationship with the BBF)

81. Defendants' answers to paragraphs one (1) through eighty (80) are repeated, reasserted and incorporated herein by reference.

82. Defendants deny the allegations contained in this paragraph.

83. Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the

defendants, they are hereby expressly denied.

84.     Defendants deny the allegations contained in this paragraph.

85.     Defendants deny the allegations contained in this paragraph where it seeks a legal and precatory conclusion.

86.     Defendants deny the allegations contained in this paragraph.

87.     Defendants deny the allegations contained in this paragraph.

88.     Defendants deny the allegations contained in this paragraph.

89.     Defendants deny the allegations contained in this paragraph.

**Count V**
(Commission by Cohen Law of
Unfair and Deceptive Acts and Practices in violation of M.G.L. c. 93A)

90.     Defendants' answers to paragraphs one (1) through eighty-nine (89) are repeated, reasserted and incorporated herein by reference.

91.     Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

92.     Defendants deny the allegations contained in this paragraph.

93.     Defendants deny the allegations contained in this paragraph.

94.     Defendants deny the allegations contained in this paragraph.

95.     Defendants deny the allegations contained in this paragraph.

96.     Defendants deny the allegations contained in this paragraph.

97.     Defendants deny the allegations contained in this paragraph.

98.     Defendants deny the allegations contained in this paragraph.

## Count VI
(Commission by Attorney Cohen of
Unfair and Deceptive Acts and Practices in violation of M.G.L. c. 93A)

99.    Defendants' answers to paragraphs one (1) through ninety-eight (98) are repeated, reasserted and incorporated herein by reference.

100.   Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

101.   Defendants deny the allegations contained in this paragraph.

102.   Defendants deny the allegations contained in this paragraph.

103.   Defendants deny the allegations contained in this paragraph.

104.   Defendants deny the allegations contained in this paragraph.

105.   Defendants deny the allegations contained in this paragraph.

106.   Defendants deny the allegations contained in this paragraph.

107.   Defendants deny the allegations contained in this paragraph.

## Count VII
(Defamation Claim against Dorland)

108.   Defendants' answers to paragraphs one (1) through one hundred seven (107) are repeated, reasserted and incorporated herein by reference.

109.   Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

110.   Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

111.    Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

112.    Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

113.    Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

**Count VIII**
(Declaration of Rights – Declaratory Judgment)

114.    Defendants' answers to paragraphs one (1) through one hundred sixteen (116) are repeated, reasserted and incorporated herein by reference.

115.    Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

116.    Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

117.    Defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against it. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

This action is barred by operation of the applicable statute of limitations, and, therefore, the Amended Complaint should be dismissed.

### SECOND AFFIRMATIVE DEFENSE

The Cross-Claims fail to state a claim against the Cross-Defendant upon which relief can be granted and, therefore, the Cross-Claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### THIRD AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged were the result of the acts or omissions of a third party or parties for whose conduct Defendants are not legally responsible.

### FIFTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged were the risks assumed by Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by operation of the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

This court lacks jurisdiction over the subject matter of the Cross-Claims and, therefore, the Cross-Claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

### EIGHTH AFFIRMATIVE DEFENSE

This court lacks personal jurisdiction over Cross-Claims and, therefore, the Cross-Claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

Case 1:19-cv-10203-IT   Document 95   Filed 09/04/20   Page 15 of 16

<u>NINTH AFFIRMATIVE DEFENSE</u>

The Cross-Claims should be dismissed pursuant to Fed. R Civ. P. 12(b)(3) on the grounds that venue is improper.

<u>TENTH AFFIRMATIVE DEFENSE</u>

Plaintiff has failed to mitigate, minimize or avoid damages, if any, alleged in her Amended Complaint; accordingly, any recovery must be reduced by the amount of damage resulting from such failure.

<u>ELEVENTH AFFIRMATIVE DEFENSE</u>

Defendants, at all times relevant to the allegations contained in the Amended Complaint and during its representation of Defendant Dorland, acted with reasonable prudence.

**<u>JURY DEMAND</u>**

**DEFENDANTS DEMAND A TRIAL BY JURY.**

WHEREFORE, Defendants demand that this action be dismissed and that judgment enter in Defendants' favor together with costs.

THE DEFENDANTS,
COHEN BUSINESS LAW GROUP, PC,
AND JEFFREY A. COHEN, ESQUIRE,
BY THEIR ATTORNEYS,

DATED: September 4, 2020

*/s/ Matthew H. Greene*
Mark W. Shaughnessy, Esq. (BBO# 567839)
mshaughnessy@boyleshaughnessy.com
Matthew H. Greene, Esq. (BBO# 673947)
mgreene@boyleshaughnessy.com
Boyle | Shaughnessy Law, P.C.
695 Atlantic Avenue, 11th Floor
Boston, MA  02111
Phone: (617) 451-2000
Fax: (617) 451-5775

{B0806691.1}                                    15

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 4th day of September, 2020.

*/s/ Matthew H. Greene* _____

{B0806691.1}

16