UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SONYA LARSON, | |
| Plaintiff | |
| v. | C. A. No.: 1:19-CV-10203-IT |
| DAWN DORLAND PERRY, COHEN BUSINESS LAW GROUP, PC and JEFFREY A. COHEN, ESQUIRE, | |
| Defendants. | |
| AND | |
| DAWN DORLAND PERRY | |
| Plaintiff-in-Counterclaim | |
| v. | |
| SONYA LARSON | |
| Defendant-in-Counterclaim | |

**DAWN DORLAND PERRY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS BY SONYA LARSON**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant and Plaintiff-in-Counterclaim Dawn Dorland Perry ("Ms. Dorland") brings this motion seeking an order that Plaintiff and Defendant-in-Counterclaim Sonya Larson ("Ms. Larson") respond in full and in accordance with the Federal Rules of Civil Procedure to Ms. Dorland's Request for Production of Documents.

Rather than complying with a duly served request for production, Ms. Larson has refused to provide electronic discovery, inexplicably claiming that it is not required by the Federal Rules of Civil Procedure (notwithstanding Ms. Dorland's request for electronically-stored information

in a specified electronic format, consistent with Rule 34), and instead providing a paper production which failed to include complete documents (i.e., attachments were omitted and email chains truncated), the requested meta data, and in some instances, basic legibility due to copy machine error.

Further, and more importantly, Ms. Larson's response and production objected to and failed to produce documents that go to the core of the claims and defenses in this matter.  When issues were raised in an ongoing discussion pursuant to Local Rules 7.1 and 37.1 concerning documents related to Ms. Larson's tort claims (tortious interference and defamation), counsel inexplicably responded that it was up to him to prove those claims, apparently in support of his refusal to even search for, let alone produce, the identified documents.

In addition to these general disputes concerning the format of the production, Ms. Dorland has raised several concerns in a conference pursuant to Local Rules 7.1 and 37.1, with which Ms. Larson's counsel has refused to engage despite multiple email communications on the topic.  Ms. Larson seems to be taking the position that because she produced more than 400 pages of documents (and because third parties responded to subpoenas issued by Ms. Dorland), no further inquiry into the collection process, the gaps in production and the clearly incomplete scope of the production is permissible.

Ms. Larson held this position for months, commencing after Ms. Dorland provided an exhaustive list of the document requests at issue and through to March 12, 2021.  However, once Ms. Dorland informed Ms. Larson that a motion would be filed as the conferences were unsuccessful, Ms. Larson only then, on March 12, 2021, conceded that she had additional documents in her possession, custody and control that needed to produce, and that she needed more time to complete additional searches.

Discovery in this matter closes in April, and none of the parties have yet been deposed. Ms. Dorland has consistently stated that, absent agreement and/or court order that a continued deposition will be permitted in the event additional documents are produced after Ms. Larson's scheduled deposition date, she will not commence the deposition at a disadvantage without all of the documents required to be produced in this matter.  Therefore, Ms. Dorland also seeks an order granting leave to either (a) continue Ms. Larson's deposition after documents are produced, or (b) commence Ms. Larson's deposition (noticed in January of 2021) outside the formal discovery period upon resolution of this dispute.

Through this motion, Ms. Larson seeks a Court order compelling Ms. Larson's compliance with the Rules, and, as set forth in the accompanying Memorandum of Law, sanctions in the form of attorney's fees and costs associated with the prolonged conferences and the bringing of this motion.

In further support of this Motion, Ms. Dorland concurrently submits a Memorandum of Law.

WHEREFORE, based on the foregoing and the accompanying Memorandum of Law, Ms. Dorland seeks the following orders compelling Ms. Larson to comply with her discovery obligations:

1.  An order requiring Ms. Larson to search all documents in her possession, custody and control and to produce responsive documents as outlined in the accompanying Memorandum of Law;

2.  An order pursuant to Rule 37 of the Federal Rules of Civil Procedure assessing sanctions, in the form of attorney's fees and costs associated with the bringing of this motion, including but not limited to the conferences and discussions during the time

period of January 13, 2021 to the present wherein Ms. Dorland expended significant time and fees attempting to resolve this matter without motion practice; and

3.  An order granting Ms. Dorland leave to continue Ms. Larson's deposition (assuming it commences prior to the resolution of this motion) following receipt of additional responsive documents.

Respectfully,

DAWN DORLAND PERRY,

By her attorneys,

*/s/ Suzanne Elovecky*

Suzanne Elovecky, Esq. (BBO # 670047)
PARTRIDGE, SNOW & HAHN LLP
30 Federal Street, 7th Floor
Boston, MA  02110
(617) 292-7900
selovecky@psh.com

Dated:  March 15, 2021

## CERTIFICATE PURSUANT TO LOCAL RULES 7.1 and 37.1

I, Suzanne M. Elovecky, do hereby certify that, pursuant to Local Rule 7.1(a)(2) and Local Rule 37.1, I have conferred with counsel for the Plaintiff in an attempt to resolve or narrow the issues raised by the foregoing motion and have been unsuccessful.  Said conference initially took place by telephone on January 15, 2021, and per the parties' agreement, was

memorialized and continued via a written list of document requests and concerns over Ms.

Dorland's production.  Agreement was not reached between the parties.


Respectfully submitted,


DAWN DORLAND PERRY,

By her attorneys,

*/s/ Suzanne Elovecky*
Suzanne Elovecky, Esq. (BBO # 670047)
PARTRIDGE, SNOW & HAHN LLP
30 Federal Street, 7th Floor
Boston, MA  02110
(617) 292-7900
selovecky@psh.com


## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 15, 2021.


*/s/ Suzanne M. Elovecky*
Suzanne M. Elovecky (BBO #670047)