# EXHIBIT A

**Elovecky, Suzanne M.**

| | |
|---|---|
| **From:** | Elovecky, Suzanne M. |
| **Sent:** | Tuesday, February 9, 2021 4:29 PM |
| **To:** | Drew Epstein; mgreene@boyleshaughnessy.com |
| **Subject:** | RE: [EXTERNAL] Larson v Dorland-Perry - Notice of Deposition |

Drew,

I understand the temptation to turn this into a tit-for-tat, but I made my production months ago, and you did not ask for a 7.1 conference, and you raised no issues at that time, or at any time until legitimate rules-based issues were raised about YOUR production. Further, what is required to be produced are documents in my client's possession, custody and control. Facebook does not create lists of members of groups with dates admitted, and neither did my client – there is no such document to produce. No matter what color you use to highlight your email.

**From:** Drew Epstein <photolaw@aol.com>
**Sent:** Tuesday, February 9, 2021 10:56 AM
**To:** Elovecky, Suzanne M. <selovecky@psh.com>; mgreene@boyleshaughnessy.com
**Subject:** Re: [EXTERNAL] Larson v Dorland-Perry - Notice of Deposition

> Where is the list of people who were on Dorland's "semi-public" or so-called "private" Facebook page and the dates they were admitted to the group?

Drew Epstein

Andrew D. Epstein
Barker, Epstein & Loscocco
176 Federal Street
Boston, MA 02110
(617) 482-4900
Cell: (617) 272-5700

-----Original Message-----
From: Elovecky, Suzanne M. <selovecky@psh.com>
To: Drew Epstein <photolaw@aol.com>; mgreene@boyleshaughnessy.com <mgreene@boyleshaughnessy.com>
Sent: Tue, Feb 9, 2021 10:54 am
Subject: RE: [EXTERNAL] Larson v Dorland-Perry - Notice of Deposition

Drew,

I'm not coming to conclusions, I asked for a response to my email, which is the manner in which we agreed to continue the 7.1 conference that we started via telephone.

**From:** Drew Epstein <photolaw@aol.com>
**Sent:** Tuesday, February 9, 2021 10:51 AM

1

**To:** Elovecky, Suzanne M. <selovecky@psh.com>; mgreene@boyleshaughnessy.com
**Subject:** Re: [EXTERNAL] Larson v Dorland-Perry - Notice of Deposition

Why not review what I mailed yesterday before you come to conclusions. Many of the subpoenaed documents are duplicative of what we produced. How many copies of the same short story do you need? This case does not warrant the production of more documents even if they exist. We all have 1000's of pages to review. The burden to prove my defamation and intentional interference claims is on me. Did you produce all the docs you have on the subject? Where is the list of people who were on Dorland's "semi-public" or so-called "private" Facebook page and the dates they were admitted to the group?

I will check with Sonya Larson but I believe she is available on Friday, Feb. 19, with the Cohen Defendants on Feb. 23 and Dorland on Feb. 25 or 26. According to my calendar, discovery ends on Feb. 28.


Drew Epstein

Andrew D. Epstein
Barker, Epstein & Loscocco
176 Federal Street
Boston, MA 02110
(617) 482-4900
Cell: (617) 272-5700


-----Original Message-----
From: Elovecky, Suzanne M. <selovecky@psh.com>
To: Drew Epstein <photolaw@aol.com>; mgreene@boyleshaughnessy.com <mgreene@boyleshaughnessy.com>
Sent: Mon, Feb 8, 2021 7:22 pm
Subject: Re: [EXTERNAL] Larson v Dorland-Perry - Notice of Deposition

Drew,

Your client has brought claims of defamation and intentional interference against my client, and those claims are subject to discovery. The document requests go to those claims, and not only my client's copyright claims. Not only was your production deficient as to responding to each request, but as I set forth in my 1/25/2021 email, even the documents that were produced were incomplete, where email chains were missing entries, attachments were missing, and more. The deposition will not be going forward without a significant and meaningful supplemental.

Further, what was produced in response to subpoenas has no bearing on your client's discovery obligations.

Please respond to my 1/25/2021 email, letting me know what you are agreeing to produce and what you are not so that I can determine whether I need to take these issues to Judge Talwani. Only after we resolve these issues will we be able to move on to depositions.


Get Outlook for iOS

---

**From:** Drew Epstein <photolaw@aol.com>
**Sent:** Monday, February 8, 2021 7:13:35 PM
**To:** Elovecky, Suzanne M. <selovecky@psh.com>; mgreene@boyleshaughnessy.com <mgreene@boyleshaughnessy.com>
**Subject:** Re: [EXTERNAL] Larson v Dorland-Perry - Notice of Deposition

I sent your email to my client and asked that she put everything you requested on a smart drive.  There are many documents on the drive most of which are copies of the short story.

Thousands of pages of documents have been provided to you through document production and subpoenas.  I am not going to ask my client to search for any more documents other than the ones I produced previously and the ones I just mailed to you and Matthew.  A search for more documents, even if they exist will take an unreasonable amount of time and money to fulfill.

The reasonable needs of this case and your client's claim that will amount to no more than minimal damages, cannot possibly justify the search for or the production of any more documents.  Dorland simply did not register the copyright to her letter until well after my client is alleged to have infringed it.  Thus, under Section 412, she has no claim to statutory damages or attorney's fees.  Ms. Larson has earned only a few hundred dollars in fees for every version of her story.  The amount Ms. Larson has earned would constitute the totality of damages Dorland could possibly claim if she can prove infringement.

Drew Epstein
Cell: (617) 272-5700


-----Original Message-----
From: Elovecky, Suzanne M. <selovecky@psh.com>
To: Drew Epstein <photolaw@aol.com>; mgreene@boyleshaughnessy.com <mgreene@boyleshaughnessy.com>
Sent: Mon, Feb 8, 2021 6:45 pm
Subject: Re: [EXTERNAL] Larson v Dorland-Perry - Notice of Deposition

Drew,

Does the thumb drive include documents identified in my January 25, 2021 email?


Get Outlook for iOS



**Suzanne M. Elovecky**
Counsel
**Partridge Snow & Hahn LLP**
30 Federal St.
Boston, MA 02110
t: (857) 214-3097 · f: (617) 292-7910
**selovecky@psh.com**
Learn more about our lawyers at psh.com

Linked in.


**From:** Drew Epstein <photolaw@aol.com>
**Sent:** Monday, February 8, 2021 6:44:08 PM
**To:** Elovecky, Suzanne M. <selovecky@psh.com>; mgreene@boyleshaughnessy.com <mgreene@boyleshaughnessy.com>
**Subject:** [EXTERNAL] Larson v Dorland-Perry - Notice of Deposition

Dear Suzanne and Matt:

   Today, I mailed to each of you a thumb drive containing the additional electronic documents that Suzanne requested at our recent 7.1 conference.

I am also attaching a notice of deposition for Dawn Dorland Perry.  I scheduled the deposition to start at noon to accommodate the three hour time difference in California.

Drew Epstein

Andrew D. Epstein
Barker, Epstein & Loscocco
176 Federal Street
Boston, MA 02110
(617) 272-5700
--------------------------
This email message contains confidential and/or legally privileged information belonging to the sender and intended only for the review and use of the intended recipient. If you are not the intended recipient, any disclosure, dissemination, distribution, copying, review or use of the information contained in this e-mail message or any attachment is strictly prohibited. If you think you have received this e-mail message in error, please notify Partridge Snow & Hahn LLP at (401) 861-8200, and purge this e-mail message from your computer system immediately. Thank you.