# EXHIBIT T

# Elovecky, Suzanne M.

| | |
|---|---|
| **From:** | Drew Epstein <photolaw@aol.com> |
| **Sent:** | Friday, March 12, 2021 6:33 PM |
| **To:** | Elovecky, Suzanne M. |
| **Cc:** | MGreene@boyleshaughnessy.com |
| **Subject:** | Re: [EXTERNAL] Re: Larson v Dorland - US District Court 1:19-cv-10203 - Renewed deposition notices |

I just heard from my client, and she tells me that she found at least a few additional documents we need to produce. She needs a few days to see if there are any more. If you send me your motion without filing it in court, I will again go through it with Ms. Larson to see if there are even more documents to which you are entitled. If there are documents to which you are entitled, I will send them to you with or without your motion. If you do not file your motion, we can avoid the pressure of a motion and response hanging over our heads, and at the same time, not have to involve the court.

Drew

Andrew D. Epstein
Barker, Epstein & Loscocco
176 Federal Street
Boston, MA 02110
Direct Line: (617) 272-5700


-----Original Message-----
From: Elovecky, Suzanne M. <selovecky@psh.com>
To: Drew Epstein <photolaw@aol.com>
Cc: Greene, Matthew <MGreene@boyleshaughnessy.com>
Sent: Fri, Mar 12, 2021 3:50 pm
Subject: RE: [EXTERNAL] Re: Larson v Dorland - US District Court 1:19-cv-10203 - Renewed deposition notices

Drew,

The proposal I made was that we start your client's deposition with what we have now but with an agreement that if my motion is successful, you will make your client available for further deposition on later-produced documents. I am not asking to debate the merits of the case. My motion will be filed either today or on Monday, as I said previously. It appears from your final paragraph that you are willing to make that agreement. Please confirm that, in the event your client is ordered to produce further documents, you will not object to a continued deposition to address those documents.

I will re-send you my productions before Monday.


**From:** Drew Epstein <photolaw@aol.com>
**Sent:** Friday, March 12, 2021 3:25 PM
**To:** MGreene@boyleshaughnessy.com; Elovecky, Suzanne M. <selovecky@psh.com>
**Subject:** [EXTERNAL] Re: Larson v Dorland - US District Court 1:19-cv-10203 - Renewed deposition notices

Matt and Suzanne:

Suzanne until you either send me a copy of the motion or file it, there is nothing to which I can respond. I have produced volumes of documents. I sent Suzanne's requests for documents to Ms. Larson and she provided me with what I produced to you.

I am willing to look at your motion, before or after you file it. Once I see the motion, I will talk with my client again to see if there are any other documents that are relevant and material to what you have requested. I am hampered by Covid in that I cannot sit down with my client in person to look through documents on her computer.

As I see things, there are four counts against Ms. Dorland.

In Count I, Larson is claiming that Dorland intentionally interfered with Larson's advantageous business relationship with ASF. In Count II, Larson is claiming that Dorland intentionally interfered with Larson's advantageous business relationship with the BBF. If anyone has documents to substantiate Ms. Dorland's interference with ASF and the BBF, it is Dorland and not Larson. The same is true for Count VII, which is a claim against Dorland for Defamation. Dorland knows what she said about Larson and has the documents to substantiate this.

If any additional documents exist that are relevant to these fairly narrow issues, it would likely take an unreasonable amount of time and money to fulfill the requests in relation to the reasonable needs of the case, especially in light of the basic fact that Larson has to prove her claims of interference and defamation. Again, if Dorland interfered with Larson's business relationships with ASF or the BBF, Dorland has control over the relevant documents not my client.

Count VIII is a claim for Declaratory Judgment in which Larson is seeking a declaration from the Court that *The Kindest* does not infringe on Dorland's 2015 letter, and that Dorland is not entitled to actual or profit damages, or statutory damages and attorney's fees under the Copyright Act. The relief sought by Larson in this Count is clearly covered by Dorland's Counterclaim for infringement. In this regard, Dorland already has Larson's original draft of *The Kindest* as well as all published variants. Either these different versions of the Story establish infringement, or they do not. I cannot imagine what else would be more relevant to Dorland's copyright infringement claim than the different versions of *The Kindest*.

In order to move forward, I will not object to letting you depose Ms, Larson based on the documents that you have to date. You can always resume the deposition at a later date after further documents, if any, are produced. However, in exchange, I reiterate my request made by email on February 16, 2021, asking for you to send me the responses to Larson's Requests 19, 21, 23, 26, 28 through 31, 32, 38 and 39. Your document production was sent via Minecast in three separate batches on different days, but the access key has long since expired. I simply cannot find these responses anywhere and I renew my request for you to resend these responses. Also, I my willingness to move forward is conditioned on your supplying complete answers and responses to my latest discovery requests by no later than March 29.

Drew

Drew Epstein

Andrew D. Epstein
Barker, Epstein & Loscocco
176 Federal Street
Boston, MA 02110
Direct Line: (617) 272-5700

-----Original Message-----
From: Greene, Matthew <MGreene@boyleshaughnessy.com>
To: 'Drew Epstein' <photolaw@aol.com>; selovecky@psh.com <selovecky@psh.com>
Sent: Fri, Mar 12, 2021 10:42 am
Subject: RE: Larson v Dorland - US District Court 1:19-cv-10203 - Renewed deposition notices

Below is the text of her email, from yesterday afternoon.  Please respond:

I will be filing my motion tomorrow or Monday, depending on client sign off.  I would be willing to schedule the plaintiff's deposition on the documents that we have to date, with an agreement that following any order for the production of further documents resulting from my motion to compel, Drew will not protest a continued deposition of his clients for purposes of questioning on those documents.  This would allow us to proceed with depositions in the order noticed.  If Drew does not agree, it will need to be up to the court.

**Matthew H. Greene**
BOYLE | SHAUGHNESSY LAW PC

695 Atlantic Avenue
Boston, MA 02111
T 617.451.2000  | F 617.451.5775

*Massachusetts  -  Connecticut  -  New Hampshire  -  Rhode Island  -  Maine  -  Vermont  -  New York*

**BOYLE | SHAUGHNESSY LAW**

**From:** Drew Epstein [mailto:photolaw@aol.com]
**Sent:** Friday, March 12, 2021 10:40 AM
**To:** Greene, Matthew <MGreene@boyleshaughnessy.com>; selovecky@psh.com
**Subject:** Re: Larson v Dorland - US District Court 1:19-cv-10203 - Renewed deposition notices

Matt:  I cannot open your attachment.  I had the same problem yesterday.

Drew Epstein

Andrew D. Epstein
Barker, Epstein & Loscocco
176 Federal Street
Boston, MA 02110
Direct Line: (617) 272-5700


-----Original Message-----
From: Greene, Matthew <MGreene@boyleshaughnessy.com>
To: 'Drew Epstein' <photolaw@aol.com>; selovecky@psh.com <selovecky@psh.com>
Sent: Fri, Mar 12, 2021 10:36 am
Subject: RE: Larson v Dorland - US District Court 1:19-cv-10203 - Renewed deposition notices

Drew,

Please respond to Suzanne's proposal, (attached), and confirm that your client will be deposed on a date prior to the depositions you have noticed.  Otherwise, please contact me to discuss pursuant to LR 7.1.

**Matthew H. Greene**
BOYLE | SHAUGHNESSY LAW PC

695 Atlantic Avenue
Boston, MA 02111
T 617.451.2000  | F 617.451.5775

*Massachusetts  -  Connecticut  -  New Hampshire  -  Rhode Island  -  Maine  -  Vermont  -  New York*

3

**BOYLE | SHAUGHNESSY LAW**

**From:** Drew Epstein [mailto:photolaw@aol.com]
**Sent:** Friday, March 12, 2021 10:32 AM
**To:** selovecky@psh.com; Greene, Matthew <MGreene@boyleshaughnessy.com>
**Subject:** Larson v Dorland - US District Court 1:19-cv-10203 - Renewed deposition notices

Dear Suzanne and Matt:

In the above Action, I am once again enclosing depositions notices on the Defendants as follows:

1) Plaintiff's Notice of taking Deposition of Defendant, Plaintiff in Counterclaim, Dawn Dorland Perry.

2) Plaintiff's Notice of taking Deposition of Defendant, Cohen Business Law Group, PC under Fed. R. Civ. P. 30(b)(6); and

3) Plaintiff's Notice of taking Deposition of Defendant, Jeffrey A. Cohen.

The 30(b)(6) deposition of Defendant, Cohen Business Law Group, PC is scheduled for April 8, 2021 at 1 P.M. Eastern Daylight Savings Time, and Mr. Cohen's deposition is scheduled at 4:00 P.M., Eastern Daylight Savings Time. Procedurally, I expect that the depositions will take place concurrently with Mr. Cohen testifying both individually and on behalf of Cohen Business Law Group, PC. Please let me know if I am mistaken that Mr. Cohen will be testifying on behalf of Cohen Business Law Group, PC, so I can alert the stenographer to plan accordingly especially with respect to the West Coast to East Coast time difference. Also, I can be flexible on the dates and times if necessary, as long as all depositions take place prior to the end of fact discovery on April 14, 2021.


Drew Epstein

Andrew D. Epstein
Barker, Epstein & Loscocco
176 Federal Street
Boston, MA 02110
Direct Line: (617) 272-5700

I will be filing my motion tomorrow or Monday, depending on client sign off. I would be willing to schedule the plaintiff's deposition on the documents that we have to date, with an agreement that following any order for the production of further documents resulting from my motion to compel, Drew will not protest a continued deposition of his clients for purposes of questioning on those documents. This would allow us to proceed with depositions in the order noticed. If Drew does not agree, it will need to be up to the court.

Thanks.

**Suzanne M. Elovecky**
Counsel
**Partridge Snow & Hahn LLP**
30 Federal St.
Boston, MA 02110
t: (857) 214-3097 · f: (617) 292-7910
selovecky@psh.com
Learn more about our lawyers at psh.com



**From:** Greene, Matthew <MGreene@boyleshaughnessy.com>
**Sent:** Thursday, March 11, 2021 4:24 PM
**To:** 'Drew Epstein' <photolaw@aol.com>; Elovecky, Suzanne M. <selovecky@psh.com>
**Subject:** [EXTERNAL] RE: Larson v Dorland et al.

All,

I have asked repeatedly to either schedule the deposition of the plaintiff or that you two engage in any necessary motion practice.  Attached is my most recent request to that effect.  Before my clients' depositions are scheduled I want this issue addressed.

**Matthew H. Greene**
BOYLE | SHAUGHNESSY LAW PC

695 Atlantic Avenue
Boston, MA 02111
T 617.451.2000  | F 617.451.5775

*Massachusetts  -  Connecticut  -  New Hampshire  -  Rhode Island  -  Maine  -  Vermont  -  New York*

BOYLE | SHAUGHNESSY LAW

**From:** Drew Epstein [mailto:photolaw@aol.com]
**Sent:** Thursday, March 11, 2021 11:50 AM
**To:** selovecky@psh.com; Greene, Matthew <MGreene@boyleshaughnessy.com>
**Subject:** Larson v Dorland et al.

Dear Suzanne and Matt:

Fact discovery in Larson v. Dorland et al. ends on April 14.  I need to reschedule depositions for Dorland, Cohen Business Law Group and Jeffrey Cohen before this time.  Rather than sending out notices with dates that might not work for you and your clients, would you please let me know what dates from April 1 through 13 work best for everyone.  I would like to schedule the depositions as soon as possible so that we do not run too close to the end of discovery.

Suzanne:  On February 16, 2021, I sent you the following email request.

I sent you the following email on Feb. 16, 2021:

> In reviewing your responses to my requests for documents, I cannot find responses to Requests 19, 21, 23, 26, 28 through 31, 32, 38 and 39.  My practice is to print out all documents that are produced.  I checked my emails and you may have sent these documents, but I simply cannot find them.  Your document production was sent via Minecast in three separate batches on different days, but the access key has long since expired.  Could I impose on you to resend these responses?
>
> I don't know whether they were lost, misplaced or misfiled when I moved from my Boston office to my home, but I looked twice and I cannot find them.

At your earliest convenience, would you please resend your responses to these requests.  Thanks.

Drew

Drew Epstein

Andrew D. Epstein
Barker, Epstein & Loscocco
176 Federal Street
Boston, MA 02110
Direct Line: (617) 272-5700
---------------------------
This email message contains confidential and/or legally privileged information belonging to the sender and intended only for the review and use of the intended recipient. If you are not the intended recipient, any disclosure, dissemination, distribution, copying, review or use of the information contained in this e-mail message or any attachment is strictly prohibited. If you think you have received this e-mail message in error, please notify Partridge Snow & Hahn LLP at (401) 861-8200, and purge this e-mail message from your computer system immediately. Thank you.