Exhibit A

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SONYA LARSON | |
| Plaintiff, | **Civil Action No.** |
| v. | |
| | **1:19-cv-10203-IT** |
| DAWN DORLAND PERRY, et al. | |
| Defendants. | |

## DAWN DORLAND PERRY'S RESPONSE TO INTERROGATORIES PROPOUNDED BY THE PLAINTIFF, DEFENDANT IN COUNTERCLAIM, SONYA LARSON

Dawn Dorland Perry ("Dorland") provides the following responses to the below

Interrogatories served on her by Plaintiff / Defendant-in-Counterclaim, Sonya Larson, as

follows:

### Interrogatory No. 1

In Paragraph 1 of your Counterclaim, you allege that you are an author, editor and writing educator. Please describe in as much detail as possible, the factual basis for the allegation that you are an author by identifying as part of your answer to this interrogatory all articles, stories, books, essays and other writings you have written from 2015 to date that have been produced, printed, distributed and/or published by you and/or by third-parties either in print and/or electronically; in addition, please describe in as much detail as possible, the factual basis for the allegation that you are an editor by identifying all articles, stories, books, essays and other writings you have edited from 2015 to date, identifying for whom you edited said articles, stories, books, essays and other writings, when you edited said articles, stories, books, essays and other writings, for what purpose or purposes said articles, stories, books, essays and other writings were edited, and state whether any of said articles, stories, books, essays and other writings were ever produced, printed, distributed and/or published by third-parties or self-published either in print and electronically, and state where and when they were produced, printed, distributed and/or published; and please describe the factual basis for your claim that you are a writing educator by stating when and where you have taught any writing classes from

1

2015 to date, and identify as part of your answer to this interrogatory, where you taught said classes, how many students were in your classes, how much you were paid for teaching said classes and identify by whom you were paid.

RESPONSE TO INTERROGATORY NO. 1:

Ms. Dorland objects to Interrogatory No. 1 on the grounds that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Ms.

Dorland further objects to Interrogatory No. 1 in that it seeks information which is wholly

irrelevant to the claims and defenses in this matter. Ms. Dorland further objects to Interrogatory

No. 1 on the grounds that it is vague and ambiguous. Ms. Dorland objects to Interrogatory No. 1

on the grounds that while it purports to be a single interrogatory with no subparts, it is actually

three interrogatories contained under the header "Interrogatory No. 1". Based on the foregoing

objections, Ms. Dorland cannot respond to Interrogatory No. 1.

**Interrogatory No. 2**

Other than posting the Dorland Letter on your Facebook group, please state what you have done with the Dorland Letter from 2015 to date. In answering this interrogatory, please identify any and all articles, stories, books, essays and other things you have written from 2015 to date that include or reference the Dorland Letter and/or any part of the Dorland Letter in any way, and state whether any of said articles, stories, books, essays and other things that you have written were produced, printed, distributed and/or published either by you (self-published) or by third-parties, stating whether they were produced in print and/or electronically.

RESPONSE TO INTERROGATORY NO. 2:

Ms. Dorland objects to Interrogatory No. 2 on the grounds that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Ms.

Dorland further objects to Interrogatory No. 2 on the grounds that it is vague and ambiguous.

Ms. Dorland objects to Interrogatory No. 2 on the grounds that while it purports to be a single

interrogatory with no subparts, it is actually two interrogatories contained under the header

"Interrogatory No. 2". Notwithstanding and without waiving the foregoing objections, Ms.

Dorland responds to Interrogatory No. 2 as follows:

Prior to posting the Dorland Letter in my private Facebook group, I sent the letter to

administrators at the University of California who were involved with my kidney donation, for

purposes of them sending it to the intended recipient while maintaining confidentiality

concerning that person's identity, personal information, and protected health information. Those

documents were produced in connection with the requests for production in this matter.

**Interrogatory No. 3**

Please identify all persons who were members of your Facebook Group at any time from
2015 to date. As part of your answer to this interrogatory, please state whether the persons who
are identified in your answer were friends or family at the time they became members, and state
how, and for how long you knew said persons when they were admitted to the Group, and state
when and how they were invited to join the Group, and how and when they were invited.

RESPONSE TO INTERROGATORY NO. 3:

Ms. Dorland objects to Interrogatory No. 3 on the grounds that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Ms.

Dorland further objects to Interrogatory No. 3 on the grounds that it is vague and ambiguous.

Ms. Dorland objects to Interrogatory No. 3 on the grounds that while it purports to be a single

interrogatory with no subparts, it is actually four interrogatories contained under the header

"Interrogatory No. 3". Ms. Dorland further objects to Interrogatory No. 3 on the grounds that it

seeks the disclosure of individuals who are not relevant to this litigation, and who joined a

"private" and "secret" Facebook group, with no expectation that they would be revealed in

public litigation. Where Ms. Dorland did not at any time address Ms. Larson, "The Kindest" or

Ms. Larson's appropriation of Ms. Dorland's letter in her Facebook group, the identity of the

members is not relevant, and Ms. Dorland will not divulge their names. Notwithstanding and

3

without waiving the foregoing objections, Ms. Dorland responds to Interrogatory No. 3 as follows:

I began my private and secret Facebook group in April of 2015, prior to my kidney donation, after I was medically cleared to proceed with the donation. I do not have a memory of all persons invited or the dates they were invited, nor do I have records concerning those actions. As I recall, I initially invited approximately six (6) friends and family members at the time that I created the group. I do not recall every person that I invited at that time, and I do not have records in my possession, custody or control that allows me to retrieve that information. In May and early June of 2015, I began adding more of my close friends and family, and my memory is that it was approximately one dozen additional people during that time period. For some of these people, I had conversations prior to adding them, and with others, such as Ms. Larson and my close writing mentors, I invited them to read the information contained within the group page, to determine whether they wished to be included. As I recall, by the time of my surgery on June 24, 2015, there were between 30 and 36 people in the group.

Following the surgery, but before I went public about my donation (in August of 2015), I added more friends and some acquaintances. During this period, the group grew to as many as 80 people. However, at that point, and before I went public, I reached out to some of the less active members of my group to ask if they would mind if I removed them from the group. I did this because I was concerned for my recipient's privacy, and because my intent had always been for this group to be one for my inner circle where I could speak on a more intimate level about my journey. Since I intended to share the more general information publicly beginning in August of 2015, I was working to reorient the private and secret group to be just that – private and secret – which would also be a place appropriate to share personal information, including

4

medical details.  Ms. Larson was one of the people who I contacted about leaving the group, due

to her inactivity.  She was also the only person who did not respond with her consent to be

removed, and she was therefore the only one of that subset of people who remained in the group

after August of 2015.

.I do not have records, nor have I been able to obtain any through the private and secret

group, concerning the members' admission and departure dates.  There are currently 69 members

in the group, which remains private and secret.

**Interrogatory No. 4**

Please identify all persons who were invited or asked by you to become members of your
Facebook Group at any time, but declined to join for any reason, stating the reason or reasons, if
you know the reason(s).  As part of your answer to this interrogatory, please state whether the
persons who are identified herein were friends or relatives at the time they were asked or invited
to join the Facebook Group, and state for how long you knew these persons when they were
asked or invited to join your Group.

RESPONSE TO INTERROGATORY NO. 4:

Ms. Dorland objects to Interrogatory No. 4 on the grounds that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, nor is

it proportionate to the needs of this litigation.  There is no relationship between the information

sought by this interrogatory and the claims and defenses in this matter, nor to any of the factual

allegations in the operative complaint or counterclaim.  Ms. Dorland further objects to

Interrogatory No. 4 on the grounds that it is vague and ambiguous.  Ms. Dorland objects to

Interrogatory No. 4 on the grounds that while it purports to be a single interrogatory with no

subparts, it is actually three interrogatories contained under the header "Interrogatory No. 4".

Based on the foregoing, Ms. Dorland will not respond to Interrogatory No. 4.

**Interrogatory No. 5**

Exhibit A to your Answer to Second Amended Complaint and Restated Counterclaim (Dkt. No. 96), says in part, "I'm happy to share a letter here that I composed to our Portland recipient (the woman who received my recipient's wife's kidney), which got shared widely around the UCLA transplant team:" Please state why the letter was shared widely around the UCLA Campus, how widely the letter was shared, how and when it was shared, who shared it, and identify with whom the letter was shared.

RESPONSE TO INTERROGATORY NO. 5:

Ms. Dorland objects to Interrogatory No. 5 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, nor is it proportionate to the needs of this litigation. Ms. Dorland further objects to Interrogatory No. 5 on the grounds that it is vague and ambiguous. Ms. Dorland objects to Interrogatory No. 5 on the grounds that while it purports to be a single interrogatory with no subparts, it is actually three interrogatories contained under the header "Interrogatory No. 5". Notwithstanding and without waiving the foregoing, Ms. Dorland responds as follows:

As set forth in my response to Interrogatory No. 2, I shared the letter that I wrote with an administrator at the University of California at Los Angeles, Suzanne McGuire, for purposes of sending the letter to the recipient of a kidney in the kidney donation chain in which I participated. See Bates No. DORLAND00116-17. I was later informed by Ms. Suzanne McGuire that she had shared my letter with others on UCLA transplant team. She did not identify by name which individuals she shared it with. I heard from one member of the team, Tonya Frazier, who contacted me after she read my letter. I am producing that email in connection with this response. The transplant team consisted of approximately a dozen individuals, including surgeons, nurses and administrators.

6

**Interrogatory No. 6**

With reference to Paragraphs 9 through 14 of your Counterclaim, please state the factual basis for your contention that you and Larson were friendly with each other in 2008 and 2009, and later began to develop a true friendship with each other in 2010 and 2011, by stating in as much detail as possible what your friendship consisted of.  For example, at any time between 2008 and 2011, did you and Larson have any meals together (breakfast, lunch and/or dinner) or go out for coffee or have wine or cocktails together, or talk with each other on the telephone, go on walks, or do activities with one another outside of a work environment?  If your answer to this example is in the affirmative in any way, please state what activities you shared together, how often, when and where you and Larson had meals together, or went for coffee or shared wine or cocktails together, or talked with each other on the telephone, went for walks, or did activities with one another outside of a work environment, and identify who else was present on each occasion, where each event occurred, and summarize in as much detail as possible what you and Larson talked about.

RESPONSE TO INTERROGATORY NO. 6:

Ms. Dorland objects to Interrogatory No. 6 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, nor is it proportionate to the needs of this litigation.  Ms. Dorland further objects to Interrogatory No. 6 in that it seeks information which is wholly irrelevant to the claims and defenses in this matter.  Ms. Dorland further objects to Interrogatory No. 6 on the grounds that it is vague and ambiguous.  Ms. Dorland objects to Interrogatory No. 6 on the grounds that while it purports to be a single interrogatory with no subparts, it is actually six interrogatories contained under the header "Interrogatory No. 6".  Based on the foregoing objections, Ms. Dorland will not respond to Interrogatory No. 6.

**Interrogatory No. 7**

Please state when and how often you and Larson were guests in each other's homes and identify all other guests who were present at the same time, including their spouses, significant others, dates or companions.

7

RESPONSE TO INTERROGATORY NO. 7:

Ms. Dorland objects to Interrogatory No. 7 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, nor is it proportionate to the needs of this litigation. Ms. Dorland further objects to Interrogatory No. 7 in that it seeks information which is wholly irrelevant to the remaining claims and defenses in this matter. Ms. Dorland further objects to Interrogatory No. 7 on the grounds that it is vague and ambiguous. Ms. Dorland objects to Interrogatory No. 7 on the grounds that while it purports to be a single interrogatory with no subparts, it is actually two interrogatories contained under the header "Interrogatory No. 7". Based on the foregoing objections, Ms. Dorland will not respond to Interrogatory No. 7.

**Interrogatory No. 8**

With reference to Paragraph 19 of your Counterclaim, you claim that just prior to the time you moved to Washington, D.C. to attend a full-time MFA program, Larson attended a farewell dinner hosted by you and your spouse at your Jamaica Plain apartment. Please identify who was invited to attend the dinner, who attended the dinner, how many people were in attendance, and describe the "thoughtful and personal going away gift" that Larson gave to you, and state whether or not you still have the gift, and if not, what happened to it.

RESPONSE TO INTERROGATORY NO. 8:

Ms. Dorland objects to Interrogatory No. 8 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, nor is it proportionate to the needs of this litigation. Ms. Dorland further objects to Interrogatory No. 8 in that it seeks information which is wholly irrelevant to the remaining claims and defenses in this matter. Ms. Dorland further objects to Interrogatory No. 8 on the grounds that it is vague and ambiguous. Ms. Dorland objects to Interrogatory No. 8 on the grounds that while it purports to be a single interrogatory with no subparts, it is actually five interrogatories contained under the header "Interrogatory No. 8". As a result, at least a portion of Interrogatory No. 8 exceeds

8

the number of interrogatories permitted by the Federal Rules of Civil Procedure. Based on the

foregoing objections, Ms. Dorland will not respond to Interrogatory No. 8.

**Interrogatory No. 9**

In Paragraph 20 of your Counterclaim, you state that you and Larson stayed in touch. Please state when, how and how often you and Larson stayed in touch with each other, and summarize in as much detail as possible what you and she talked or communicated about. As part of your answer to this interrogatory, please state if any of the communications or contacts between you and Larson during this time were related to GrubStreet of any of its programs or activities. Also, please state when, where, how often and under what circumstances you and Larson reconnected with each other at writing conferences during this time.

RESPONSE TO INTERROGATORY NO. 9:

Ms. Dorland objects to Interrogatory No. 9 on the grounds that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, nor is

it proportionate to the needs of this litigation. Ms. Dorland further objects to Interrogatory No. 9

in that it seeks information which is wholly irrelevant to the remaining claims and defenses in

this matter. Ms. Dorland further objects to Interrogatory No. 9 on the grounds that it is vague

and ambiguous. Ms. Dorland objects to Interrogatory No. 9 on the grounds that while it purports

to be a single interrogatory with no subparts, it is actually six interrogatories contained under the

header "Interrogatory No. 9". As a result, Interrogatory No. 9 exceeds the number of

interrogatories permitted by the Federal Rules of Civil Procedure. Based on the foregoing

objections, Ms. Dorland will not respond to Interrogatory No. 9.

**Interrogatory No. 10**

You alleged in Paragraph 21 of your Counterclaim that from 2014 through 2017, Ms. Larson "invited" you to Boston to participate in GrubStreet's Muse & The Marketplace writing conference as an instructor. Please describe all invitations you received and state when you received them, state how you received them, and from whom you received them. Were any of these invitations addressed to you personally or were they group invitations that were part of Larson's duties and responsibilities as an employee of GrubStreet and director of the Muse & the Marketplace conferences.

RESPONSE TO INTERROGATORY NO. 10:

Ms. Dorland objects to Interrogatory No. 10 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, nor is it proportionate to the needs of this litigation.  Ms. Dorland further objects to Interrogatory No. 10 in that it seeks information which is wholly irrelevant to the claims and defenses in this matter.  Ms. Dorland further objects to Interrogatory No. 10 on the grounds that it is vague and ambiguous.  Ms. Dorland objects to Interrogatory No. 10 on the grounds that while it purports to be a single interrogatory with no subparts, it is actually five interrogatories contained under the header "Interrogatory No. 10".  As a result, Interrogatory No. 10 exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.  Based on the foregoing objections, Ms. Dorland will not respond to Interrogatory No. 10.

**Interrogatory No. 11**

Please state where, when, how and under what circumstances you first heard, read and/or used the phrase "trails no strings" as you state in Paragraph 114 of your Counterclaim.  As part of your answer to this interrogatory, please state what you mean by this phase.

RESPONSE TO INTERROGATORY NO. 11:

Ms. Dorland objects to Interrogatory No. 11 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, nor is it proportionate to the needs of this litigation.  Ms. Dorland further objects to Interrogatory No. 11 on the grounds that it is vague and ambiguous.  Ms. Dorland objects to Interrogatory No. 11 on the grounds that while it purports to be a single interrogatory with no subparts, it is actually two interrogatories contained under the header "Interrogatory No. 11".  As a result, Interrogatory No. 10 exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure. Notwithstanding and without waiving the foregoing, Ms. Dorland responds as follows:

10

I crafted the phrase "trails no strings" while drafting the Dorland Letter.  To my knowledge, I had never heard, read or used the phrase prior to that time.  The phrase speaks for itself as to its meaning.

**Interrogatory No. 12**

In Paragraph 138 of your Counterclaim, you state that in June 2018, you learned that the BBF selected Larson's story as the winner of the One Story/One City competition.  Please state how, when and from whom you learned this information?

RESPONSE TO INTERROGATORY NO. 12:

Ms. Dorland objects to Interrogatory No. 12 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, nor is it proportionate to the needs of this litigation.  Ms. Dorland further objects to Interrogatory No. 11 on the grounds that it is vague and ambiguous.  Ms. Dorland further objects on the grounds that, in light of the several subparts contained in the Interrogatories contained above, Interrogatory No. 12 exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.  Notwithstanding and without waiving the foregoing, Ms. Dorland responds as follows:

I learned that Larson had been selected as the One City/One Story featured author when I visited her biographical page on her website, larsonya.com.  I took a screen grab at that time, which I am producing in connection with this response.  This took place on or about June 6, 2018.  I was initially worried that the selected story was "The Kindest," meaning that my letter would be published by Larson yet again, as was later confirmed.  I do not recall the exact date that it was confirmed.

**Interrogatory No. 13**

In Paragraph 139 of your Counterclaim, you state that you contacted the BBF to inform the organization that *The Kindest* used your unauthorized copyrighted material.  Please state how

11

and when you first contacted the BBF, identify who you contacted, describe what you communicated and state whether this contact was made before or after your legal counsel contacted the BBF.

RESPONSE TO INTERROGATORY NO. 13:

Ms. Dorland objects to Interrogatory No. 13 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, nor is it proportionate to the needs of this litigation. Ms. Dorland further objects to Interrogatory No. 13 on the grounds that it is vague and ambiguous. Ms. Dorland further objects on the grounds that, in light of the several subparts contained in the above Interrogatories, Interrogatory No. 13 exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure. Notwithstanding and without waiving the foregoing, Ms. Dorland responds as follows:

My written contact with the Boston Book Festival has been produced in connection with the Request for Production of Documents served on me in this matter. See DORLAND00005. That document is incorporated herein by reference, as permitted by Rule 33 of the Federal Rules of Civil Procedure. In addition to the email communications that I had with the BBF, I personally called the BBF on or about June 6, 2018, after I discovered through Ms. Larson's webpage that Ms. Larson had been selected as the featured One City/One Story author, and I spoke with Raquel Hitt. I sought confirmation from Ms. Hitt that "The Kindest" had, in fact, been selected. Ms. Hitt stated that she could not confirm and asked me where I received the information concerning Ms. Larson's selection. She then asked me to follow up via email, which I did. That email was produced in 2020 in connection with the prior request for production in this matter.

**Interrogatory No. 14**

In Paragraph 140 of your Counterclaim, you state that you attempted in good faith to negotiate with both the BBF and Larson, through counsel to reach mutually agreeable terms. Please summarize in as much detail as possible each offer, counteroffer and/or response to any offers or counteroffers that you, Larson and/or the BBF, or their respective legal counsel made to

each other in an attempt to reach mutually agreeable terms to resolve your claims of plagiarism and/or copyright infringement against Larson and/or the BBF. As part of your answer to this interrogatory, please include the dates, times and manner of each offer, counteroffer and/or response to an offer or counteroffer that was made or received by you or your legal counsel. Also state the terms of the last offer or counteroffer that you or your legal counsel made to the BBF, Larson or their respective legal counsel in an attempt to reach an agreement.

### RESPONSE TO INTERROGATORY NO. 14:

Ms. Dorland objects to Interrogatory No. 14 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, nor is it proportionate to the needs of this litigation. Ms. Dorland further objects to Interrogatory No. 14 on the grounds that it is vague and ambiguous. Ms. Dorland further objects on the grounds that, in light of the several subparts contained in the above Interrogatories, Interrogatory No. 14 exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure. Ms. Dorland further objects to Interrogatory No. 14 to the extent it seeks information protected by the attorney-client privilege or the work product doctrine. Notwithstanding and without waiving the foregoing, Ms. Dorland responds as follows:

My attorney, Jeffrey A. Cohen of the Cohen Business Law Group, a defendant in this matter, conducted negotiations on my behalf. Attorney Cohen has produced the documents in this matter that constitute his communications with the BBF on my behalf. See Exhibits A and B to Cohen's Response to Request for Productions. I incorporate those documents herein as permitted by Rule 33 of the Federal Rules of Civil Procedure. I was not present on any phone calls that Attorney Cohen, or his employees, participated in on my behalf, and I do not have first hand knowledge concerning what transpired on those calls.

**Interrogatory No. 15**

Please state in as much detail as possible, in what way or ways you believe the final BBF version of *The Kindest* infringes the Dorland Letter.

RESPONSE TO INTERROGATORY NO. 15:

Ms. Dorland objects to Interrogatory No. 15 on the grounds that it does not seek facts, but rather a legal opinion and legal analysis, which Ms. Dorland is not able to provide as a layperson, a party and a fact witness. Ms. Dorland further objects to Interrogatory No. 15 on the grounds that it seeks the divulgence of attorney work product and attorney-client privileged communications. Ms. Dorland further objects to Interrogatory No. 15 on the grounds that it is vague and ambiguous. Ms. Dorland finally objects to Interrogatory No. 15 on the grounds that, based on the significant unnumbered subparts contained in the interrogatories above, the number of interrogatories herein vastly exceeds the limits set forth in Rule 33 of the Federal Rules of Civil Procedure. Based on the foregoing, Ms. Dorland will not respond to Interrogatory No. 15.

**Interrogatory No. 16**

From 2018 to date, please identify all newspaper, magazine and/or broadcast news mediums as well as blogs, social media platforms, websites and third party publications of any kind (hereinafter collectively, "media outlets") with which you had any contact relative to Larson winning the One City/One Story competition sponsored by the BBF, and/or your claim that Larson plagiarized and/or infringed The Dorland Letter. As part of your answer to this interrogatory, state when and how each media outlet was contacted, including but not limited to telephone calls, emails, text messages, Facebook, Twitter and social media messaging, and state why you contacted each media outlet, identify with whom you communicated, and summarize what you said in each communication.

RESPONSE TO INTERROGATORY NO. 16:

Ms. Dorland objects to Interrogatory No. 16 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, nor is it proportionate to the needs of this litigation. Ms. Dorland further objects to Interrogatory No. 16 on the grounds that it is vague and ambiguous. Ms. Dorland further objects on the grounds that, in light of the several subparts contained in the above Interrogatories, Interrogatory No. 16

14

exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.

Notwithstanding and without waiving the foregoing, Ms. Dorland responds as follows:

In June of 2018, I contacted the Boston Globe concerning Ms. Larson's copying of my

letter, and during those contacts, the One City/One Story contest was discussed. In 2018, I also

contacted the podcast, "Dear Sugar," via email, and the reporter Kat Rosenfield, through a direct

message on Twitter. These are the only communications I had with reporters or the media prior

to the commencement of litigation. Neither of these communications resulted in a response.

**Interrogatory No. 17**

Please state how and when you contacted or attempted to contact the BBF in 2018, with
respect to Larson, the One City/One Story competition, and/or your claim(s) that Larson was a
plagiarist and/or committed copyright infringement. As part of your answer to this interrogatory,
state who you contacted and summarize each communication in as much detail as possible.

RESPONSE TO INTERROGATORY NO. 17:

Interrogatory No. 17 is duplicative of Interrogatory No. 13. Ms. Dorland incorporates her

response to Interrogatory No. 13 herein, including all objections. Ms. Dorland will not respond

to Interrogatory 17, other than her response to Interrogatory No. 13.

**Interrogatory No. 18**

Other than ASF and the BBF, please identify all individuals or entities that you contacted
or attempted to contact with respect to Larson, the One City/One Story competition, and/or your
claim(s) that Larson was a plagiarist and/or committed copyright infringement. As part of your
answer to this interrogatory, state who you contacted and summarize each communication in as
much detail as possible.

RESPONSE TO INTERROGATORY NO. 18:

Ms. Dorland objects to Interrogatory No. 18 on the grounds that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, nor is

it proportionate to the needs of this litigation. Ms. Dorland further objects to Interrogatory No.

18 on the grounds that it is vague and ambiguous. Ms. Dorland further objects on the grounds

that, in light of the several subparts contained in the above Interrogatories, Interrogatory No. 18

exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.

Notwithstanding and without waiving the foregoing, Ms. Dorland responds as follows:

As reflected in the documents that I produced in connection with this matter, and as

further alleged in the operative complaint, in addition to the BBF and ASF, I contacted certain

persons at Middlebury College, the entity that promotes and facilitates the Bread Loaf Writer's

Conference.  See DORLAND00066.  I also contacted GrubStreet, an entity with which I was

affiliated in 2018.  See DORLAND00310, et seq.  I also contacted former friends of mine,

Jennifer DeLeon and Adam Stumacher (who was also my writing instructor). See

DORLAND00396-7.  Other communications are reflected in my document production at

DORLAND00389-395; DORLAND00398-402, without limitation.  I further reached out via

telephone to people I knew at both the Bread Loaf Writer's Conference and the MFA program I

attended concerning Larson's 2017 Bread Loaf application. I also spoke with people I knew at

the Vermont Studio Center, where I had been a fellow, and with people at ALSCW, to inquire as

to whether my writing had been submitted by Larson to these entities in support of a fellowship

she was granted in 2017.  As is reflected in the documents I produced, I also spoke with an

individual at Tin House, a writing workshop, about my concerns in a general manner and without

identifying Larson.

**Interrogatory No. 19**

With reference to an email you sent dated June 18, 2018, that was addressed to Jennifer
Grotz, the Director of the Bread Loaf Writers Conference, you wrote that "Other writing
conferences of similar repute have responded quite differently" to your accusation that Larson
plagiarized the Dorland Letter.  Identify these "other writing conferences of similar repute," state
when and how did you contacted them, what did you communicated to them, and summarize
their responses using their exact words whenever possible.

RESPONSE TO INTERROGATORY NO. 19:

Ms. Dorland objects to Interrogatory No. 19 on the grounds that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, nor is

it proportionate to the needs of this litigation.  Ms. Dorland further objects to Interrogatory No.

19 on the grounds that it is vague and ambiguous.  Ms. Dorland further objects on the grounds

that, in light of the several subparts contained in the above Interrogatories, Interrogatory No. 19

exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.

Notwithstanding and without waiving the foregoing, Ms. Dorland responds as follows:

I was referring to Tin House and VSC.  I do not recall the exact phrases spoken or dates

of the calls.

**Interrogatory No. 20**

You wrote in a 2018 email to GrubStreet that two independent arts organizations had
"confirmed plagiarism" of Larson's story.  Please identify the two organizations, state how, how
often and when you corresponded with them, and summarize their "confirmations" of plagiarism
using the exact text whenever possible.

RESPONSE TO INTERROGATORY NO. 20:

Ms. Dorland objects to Interrogatory No. 20 on the grounds that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, nor is

it proportionate to the needs of this litigation.  Ms. Dorland further objects to Interrogatory No.

20 on the grounds that it is vague and ambiguous.  Ms. Dorland further objects on the grounds

that, in light of the several subparts contained in the above Interrogatories, Interrogatory No. 20

exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.

Notwithstanding and without waiving the foregoing, Ms. Dorland responds as follows:

To my knowledge, I have never used the phrase "confirmed plagiarism" in an email to Grub

Street.

**Interrogatory No. 21**

Please describe any personal information and/or personal details about Larson's life, Larson's past and/or career paths and aspirations that Larson divulged to you in any of your conversations with her from 2010 to 2018.

RESPONSE TO INTERROGATORY NO. 21:

Ms. Dorland objects to Interrogatory No. 21 on the grounds that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, nor is

it proportionate to the needs of this litigation. Ms. Dorland further objects to Interrogatory No.

21 in that it seeks information which is wholly irrelevant to the remaining claims and defenses in

this matter. Ms. Dorland further objects to Interrogatory No. 21 on the grounds that it is vague

and ambiguous. Ms. Dorland objects to Interrogatory No. 21 on the grounds that while it

purports to be a single interrogatory with no subparts, it is actually three interrogatories

contained under the header "Interrogatory No. 21". Therefore, Interrogatory No. 21 exceeds the

number of interrogatories permitted by the Federal Rules of Civil Procedure. Based on the

foregoing objections, Ms. Dorland will not respond to Interrogatory No. 21.

**Interrogatory No. 22**

Please state the basis for your belief that Larson had an obligation of any kind to provide any support to you after donating a kidney and/or to tell you that your kidney gift prompted her imagination and/or that she had any obligation to tell you about the story she was writing that included a character that donated a kidney

RESPONSE TO INTERROGATORY NO. 22:

Ms. Dorland objects to Interrogatory No. 22 on the grounds that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, nor is

it proportionate to the needs of this litigation. Ms. Dorland further objects to Interrogatory No.

22 on the grounds that it is vague and ambiguous. Ms. Dorland further objects on the grounds

that, in light of the several subparts contained in the above Interrogatories, Interrogatory No. 22

exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.

Notwithstanding and without waiving the foregoing, Ms. Dorland responds as follows:

The statements contained in Interrogatory No. 22 do not accurately state my beliefs.

**Interrogatory No. 23**

Please explain and itemize in as much detail as possible the damages that you are claiming from with respect to each version of *The Kindest*., including the ASF version, the Brilliance version, the Audible version, the BBF version and the Welcome to the Neighborhood version.

RESPONSE TO INTERROGATORY NO. 23:

Ms. Dorland objects to Interrogatory No. 23 on the grounds that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, nor is

it proportionate to the needs of this litigation.  Ms. Dorland further objects to Interrogatory No.

23 on the grounds that it is vague and ambiguous.  Ms. Dorland further objects on the grounds

that, in light of the several subparts contained in the above Interrogatories, Interrogatory No. 23

exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.

Notwithstanding and without waiving the foregoing, Ms. Dorland responds as follows:

I cannot complete my damages calculations unless and until Ms. Larson completes her

document production.  I will supplement my response to this interrogatory at the appropriate

time, upon receiving a complete production from Ms. Larson.

**Interrogatory No. 24**

Please explain in as much detail as possible how you believe Larson has profited from each and every version of *The Kindest* that has been published to date, quantifying the amount of profit you believe she has earned from each version of the Story.  As part of your answer to this Interrogatory, and with reference to Paragraph 143 of your Counterclaim, please state how you believe Larson profited from selection of *The Kindest* by the BBF as its featured short story for 2018.

RESPONSE TO INTERROGATORY NO. 24:

Ms. Dorland objects to Interrogatory No. 24 on the grounds that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, nor is

it proportionate to the needs of this litigation.  Ms. Dorland further objects to Interrogatory No.

24 on the grounds that it is vague and ambiguous.  Ms. Dorland further objects on the grounds

that, in light of the several subparts contained in the above Interrogatories, Interrogatory No. 24

exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.  Ms.

Dorland further objects to Interrogatory No. 24 on the grounds that it seeks information protected

by the attorney-client privilege and/or work product doctrine.  Ms. Dorland further objects to

Interrogatory No. 24 on the grounds that it seeks information which can only be gleaned from

Larson, and Larson has failed to comply with her discovery obligations and has yet to complete

her document production.  In light of the foregoing, Ms. Dorland will not respond to

Interrogatory No. 24.

**Interrogatory No. 25**

Have you, or has anyone on your behalf, obtained from any person a report, statement,
memorandum, testimony, correspondence or document relating to the circumstances of the
allegations contained in the Plaintiff's Complaint and Amended Complaint.  If so, identify,
describe and summarize said documents and state whether it/they was/were oral, written, signed
or unsigned, and state where each is located and who has custody, control or possession of same.

RESPONSE TO INTERROGATORY NO. 25:

Ms. Dorland objects to Interrogatory No. 25 on the grounds that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, nor is

it proportionate to the needs of this litigation.  Ms. Dorland further objects to Interrogatory No.

25 on the grounds that it is vague and ambiguous.  Ms. Dorland further objects on the grounds

that, in light of the several subparts contained in the above Interrogatories, including

Interrogatory No. 25, Interrogatory No. 25 exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.  Ms. Dorland further objects to Interrogatory No. 25 on the grounds that it seeks information protected by the attorney-client privilege and/or work product doctrine.  Notwithstanding and without waiving the foregoing objections, Ms. Dorland states that she has not obtained any such statements.

I hereby certify that the statements contained herein are true to the best of my knowledge as of today's date.

Under the penalties of perjury,

_____

Dawn Dorland Perry

Dated: _____

As to Objections:

April 2, 2021                                                    /s/ *Suzanne M. Elovecky*

_____
Suzanne Elovecky, BBO # 670047
PARTRIDGE SNOW &HAHN LLP
30 Federal Street
Boston, MA 02110
Phone: (617) 292-7900
Email: selovecky@psh.com

21

Interrogatory No. 25, Interrogatory No. 25 exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure. Ms. Dorland further objects to Interrogatory No. 25 on the grounds that it seeks information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding and without waiving the foregoing objections, Ms. Dorland states that she has not obtained any such statements.

I hereby certify that the statements contained herein are true to the best of my knowledge as of today's date.

Under the penalties of perjury,

Dawn Dorland Perry

Dated: 4·2·2021

As to Objections:

April 2, 2021

/s/ Suzanne M. Elovecky

Suzanne Elovecky, BBO # 670047
PARTRIDGE SNOW &HAHN LLP
30 Federal Street
Boston, MA 02110
Phone: (617) 292-7900
Email: selovecky@psh.com

21