Exhibit E

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

SONYA LARSON

                Plaintiff,

v.

DAWN DORLAND PERRY, et al.

                Defendants.

**Civil Action No.**

**1:19-cv-10203-IT**

### DEFENDANT/PLAINTIFF IN COUNTERCLAIM, DAWN DORLAND PERRY'S RESPONSE TO PLAINTIFF / DEFENDANT IN COUNTERCLAIM SONYA LARSON'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant /Plaintiff in Counterclaim, Dawn Dorland Perry ("Ms. Dorland") hereby

responds to the Second Set of Requests for Production of Documents served upon her by

Plaintiff/Defendant in Counterclaim Sonya Larson, as follows:

**Request 1.**    Please produce a copy of any and all articles, stories, books, essays and other writings you have written from 2015 to date that have been produced, printed, distributed and/or published by you and/or by third parties either in print and/or electronically.

    Response to Request No. 1:

    Ms. Dorland objects to Request No. 1 on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportionate to the claims or defenses in this litigation. Ms. Dorland further objects to Request No. 1 on the grounds that it violates Rule 26 of the Federal Rules of Civil Procedure in that it is designed and intended to annoy, embarrass and oppress Ms. Dorland. Ms. Dorland will not produce documents in response to this request, and any further efforts to obtain documents or information consistent with Request No. 1 will be met with a motion for a protective order.

1

**Request 2.**     Please produce a copy of any and all articles, stories, books, essays and other things you have written from 2015 to date that include or reference the Dorland Letter and/or any part of the Dorland Letter in any way.

Response to Request No. 2:

Ms. Dorland objects to Request No. 2 on the grounds that it is overly broad, unduly

burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not

proportionate to the claims or defenses in this litigation.  Ms. Dorland further objects to Request

No. 1 on the grounds that it violates Rule 26 of the Federal Rules of Civil Procedure in that it is

designed and intended to annoy, embarrass and oppress Ms. Dorland.  Ms. Dorland will not

produce documents in response to this request, and any further efforts to obtain documents or

information consistent with Request No. 2 will be met with a motion for a protective order.

**Request 3.**     Exhibit A to your Answer to Second Amended Complaint and Restated Counterclaim (Dkt. No. 96), says in part, "I'm happy to share a letter here that I composed to our Portland recipient (the woman who received my recipient's wife's kidney), which got shared widely around the UCLA transplant team:"  Please produce a copy of any and documents or other correspondence that was sent or transmitted with said letter.

Response to Request No. 3:  No documents or other correspondence was sent or

transmitted with said letter.

**Request 4.**     In Paragraph 140 of your Counterclaim, you state that you attempted in good faith to negotiate with both the BBF and Larson, through counsel to reach mutually agreeable terms.  Please provide any and all correspondence about and copies of any and all offers, counteroffers and/or responses to any offers or counteroffers that you, Larson and/or the BBF, or their respective legal counsel made to each other in an attempt to reach mutually agreeable terms to resolve your claims of plagiarism and/or copyright infringement against Larson and/or the BBF.

Response to Request No. 4:  All documents sought in Request No. 4 have already been

produced by Ms. Dorland and/or her counsel, who is a defendant in this litigation, in response to

prior requests.

**Request 5.**     Please produce a copy of all newspaper and magazine articles, blogs and social media entries, websites and third party publications of any kind from 2018 to date, that refer to

or mention the BBF and/or Larson in connection with the One City/One Story competition and your claims that Larson was a plagiarist or that she plagiarized and/or infringed the Dorland Letter.

Response to Request No. 5:   Ms. Dorland objects to Request No. 5 on the grounds that it seeks information available from public sources, and not within Ms. Dorland's possession, custody and control.  Ms. Dorland further objects to Request No. 5 on the grounds that it is duplicative of requests contained in Ms. Larson's First Request for Production of Documents addressed to Ms. Dorland.  Without waiving the foregoing objections, Ms. Dorland states that all documents responsive to Request No. 5 in Ms. Dorland's possession, custody or control have already been produced in response to other requests or have been attached to pleadings in this litigation.

**Request 6.**     Excluding ASF and the BBF, please produce a copy of any documents or other communications that you and/or those acting on your behalf sent or received from individuals or entities that you contacted or attempted to contact with respect to Larson, the One City/One Story competition, and/or your claim(s) that Larson was a plagiarist and/or committed copyright infringement.  As part of your response to this request, please include emails, text messages, social media messages, printed correspondence, and any other textual communications of any kind from 2015 to date.

Response to Request No. 6:  Ms. Dorland objects to Request No. 6 on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportionate to the claims and defenses in this case.  Ms. Dorland further objects to Request No. 6 on the grounds that it seeks documents after litigation commenced.  Ms. Dorland further objects to the extent that Request No. 6 seeks documents protected by attorney-client privilege, the work product doctrine or any other privilege under applicable law.  Any documents in Ms. Dorland's possession, custody or control for the time period of 2015 through 2018 not previously produced in response to prior requests will be produced in response to Request No. 6.

3

**Request 7.**     Please produce a copy of all emails and other correspondence you sent to or received from Jennifer Grotz, the Director of the Bread Loaf Writers Conference.

Response to Request No. 7:  The emails between Ms. Dorland and Ms. Grotz were

already produced in response to prior requests.  Ms. Dorland objects to repetitive and duplicative

requests as an undue and unnecessary burden, resulting in excessive attorney's fees.

**Request 8.**     Please produce a copy of all emails and other correspondence you sent to or received from the "other writing conferences of similar repute" that you referenced in your June 18, 2018 email to the Bread Loaf Writers Conference.

Response to Request No. 8:  Ms. Dorland objects to Request No. 8 on the grounds that it

is duplicative of requests previously made, and is therefore unduly burdensome.  Without

waiving the foregoing, Ms. Dorland states that any documents in her possession, custody and

control responsive to Request No. 8 have already been produced.

**Request 9.**     Please produce a copy of all emails and other correspondence you sent to or received from independent arts organizations that you claim in an email you sent to GrubStreet, "confirmed plagiarism" with respect to Larson's story, *The Kindest*.

Response to Request No. 9:  Ms. Dorland objects to Request No. 9 on the grounds that it

is vague and ambiguous.  Ms. Dorland objects to Request No. 9 on the grounds that she is not

aware of ever having used the phrase "confirmed plagiarism" in an email to Grubstreet.  Ms.

Dorland accordingly does not have any documents responsive to Request No. 9 in her

possession, custody or control.

**Request 10.**     Please produce a copy of all documents that relate to your claim for damages in this Action.

Response to Request No. 10.  Ms. Dorland objects to Request No. 10 on the grounds that

it seeks information protected by the attorney-client privilege and work product doctrine.  Ms.

Dorland will not produce documents in response to Request No. 10 at this time, and reserves the

right to supplement her response to Request No. 10 at the appropriate time in advance of trial.

**Request 11.**   Please produce a copy of all documents that relate to your claim that Larson profited from *The Kindest* in any way.

   Response to Request No. 11: Ms. Dorland objects to Request No. 11 on the grounds that

it is vague and ambiguous.  Ms. Dorland further objects to Request No. 11 on the grounds that it

seeks information protected by the attorney-client privilege and work product doctrine.  Ms.

Dorland further objects to Request No. 11 on the grounds that it seeks documents in the

possession, custody and control of Ms. Larson, not Ms. Dorland.  Ms. Dorland will not produce

Ms. Larson's own production back to her, and therefore, will not produce documents in response

to Request No. 11.

**Request 12.**   Please produce a copy of any and all reports, statements, memoranda, testimony, correspondence or documents relating to the circumstances of the allegations contained in the Plaintiff's Amended Complaint and your Counterclaim to which you are not claiming a privilege.

   Response to Request No. 12: Ms. Dorland objects to Request No. 12 on the grounds that

it is overly broad, vague and ambiguous.  Ms. Dorland will not produce documents responsive to

Request No. 12 unless they are responsive to other requests to which Ms. Dorland agrees to

respond with the production of documents.

**Request 13.**   In your counterclaim, you claim that you and Larson had significant email correspondence with each other, shared cocktails, meals, invitations to each other's birthday celebrations, gatherings with each other's spouses and GrubStreet writing colleagues.  Please produce copies of any email correspondence and text messages that you and Larson exchanged with each other from 2008 through 2015 with respect to the allegations in your Counterclaim.

   Response to Request No. 13: Ms. Dorland objects to Request No. 13 on the grounds that

it is overly broad, unduly burdensome, and not proportionate to the needs of this case.

Specifically, Request No. 13 seeks documents relevant to a claim which has been dismissed, as

Ms. Larson and her counsel are well aware.  Request No. 13 is therefore clearly intended and

designed only to annoy, embarrass and oppress Ms. Dorland, and Ms. Dorland will not produce

documents in response to Request No. 13.  Any further attempts to obtain documents responsive

to Request No. 13 will be met with a motion for a protective order pursuant to Rule 26 of the

Rules of Civil Procedure.

**Request 14.**   In Paragraph 39 of your counterclaim, you claim that Larson admitted that she had access to your Facebook Group.   Please produce a copy of all emails and Facebook pages that show that Larson admits that she had access to your Facebook Group.

Response to Request No. 14:  See DORLAND00074, produced on or about June 24,

2020.  See also Ms. Larson's pleadings in this litigation.

**Request 15.**   Please produce a copy of all records and/or screen shots related to your Facebook Group that shows that Larson never "liked" or commented on any of your Facebook Group posts.

Response to Request No. 15:

Ms. Dorland objects to Request No. 15 on the grounds that it is overly broad and unduly

burdensome.  Ms. Dorland produced screen shots of her entire Facebook group in the summer of

2020.  Request No. 15 is not only duplicative but seeks documents which cannot exist to prove a

negative.  Ms. Dorland will not produce screen shots from her Facebook group a second time.

**Request 16.**   Please produce a copy of all records and/or screen shots related to your Facebook Group that shows that Larson "saw" each Facebook Group post, and every comment, whether made by you or another member of your Facebook Group.

Response to Request No. 16:

Ms. Dorland objects to Request No. 16 on the grounds that it is overly broad and unduly

burdensome.  Ms. Dorland further responds that no such documents exist.

**Request 17.**   Please produce a copy of all records and/or screen shots related to your Facebook Group that shows or evidences the number of members who were in your Facebook Group from 2015 through 2017.

Response to Request No. 17:

Ms. Dorland objects to Request No. 17 on the grounds that it is overly broad and unduly

burdensome.  Ms. Dorland further responds that no such documents exist.

**Request 18.**    In a June 7, 2018 email to Jennifer Grotz, Director of the Bread Loaf Writers Conference, you wrote that "It has come to my attention that one of your 2017 fellows might have applied for and secured her fellowship on the basis of writing that plagiarizes my unpublished work." Please produce a copy of all correspondence and other documents that evidence your claim that the information referenced in this email came to your attention.

    Response to Request No. 18:

    Ms. Dorland does not have any documents in her possession, custody and control that are

responsive to Request No. 18.

**Request 19.**    In a June 18, 2018 email to Jennifer Grotz, Director of the Bread Loaf Writers Conference, you wrote that you were "writing an article about plagiarism in the writing community" and will list any response made on behalf of the Breadloaf Writing Conference in the article.

a)      Please produce a copy of said article including any and all draft versions.

b)      Please produce copies of all correspondence and other documents by and between you and any individuals and/or organizations that you contacted in connection with your preparation for, and research for said article.

c)      Please produce copies of all emails and other correspondence by and between you and any individuals, associations, schools, newspapers, magazines, publishers and other business entities you contacted in an attempt to get an article about plagiarism in the writing community published. As part of your response to this Request, please produce a copy of all responses you received in an attempt to get said article published.

    Response to Request No. 19:  Ms. Dorland objects to Request No. 19 on the grounds that

it is overly broad, unduly burdensome, and not proportionate to the needs of this case.  Without

waiving the foregoing objections, Ms. Dorland states that she does not have any documents in

her possession, custody or control responsive to Request No. 19.

**Request 20.**    In your emails with Graham Ambrose of the Boston Globe in 2018, you requested that he text you.   Please produce copies of all text messages as well as social media correspondence with Mr. Ambrose and any other reporters or other people who represented themselves as being associated with the Boston Globe in any way.

    Response to Request No. 20.  Ms. Dorland does not have any documents in her

possession, custody or control that are responsive to Request No. 20.

Respectfully,

DAWN DORLAND PERRY,

By her attorneys,

*/s/ Suzanne Elovecky*___
Suzanne Elovecky (BBO # 670047)
PARTRIDGE, SNOW & HAHN LLP
30 Federal Street, 7th Floor
Boston, MA  02110
(617) 292-7900
selovecky@psh.com

Dated:  April 3, 2021

## CERTIFICATE OF SERVICE

I, Suzanne Elovecky, hereby certify that on April 3, 2021, I served a copy of the foregoing by email on all parties of record.

___/s/ Suzanne Elovecky_____

Suzanne Elovecky