UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

SONYA LARSON

                Plaintiff,

v.

DAWN DORLAND PERRY, et al.

                Defendants.

Civil Action

No. 1:19-cv-10203-IT

**PLAINTIFF, SONYA LARSON'S MOTION FOR LEAVE TO FILE**
I. **A REPLY TO DEFENDANT, DAWN DORLAND PERRY'S OPPOSITION TO LARSON'S MOTION TO COMPEL, AND**
II. **LARSON'S FURTHER RESPONSE AND AFFIDAVIT IN OPPOSITION TO DORLAND-PERRY'S MOTION TO COMPEL**

Plaintiff, Defendant in Counterclaim, Sonya Larson ("Larson") moves this court for leave to reply to Defendant, Dawn Dorland Perry's ("Dorland") opposition to Larson's Motion to Compel, and to further oppose Dorland's motion to compel.

The basis for this Motion is as follows:

1.      Dorland filed a Motion to Compel production on March 15, 2021, seeking additional documents from Larson plus sanctions. With minor exceptions, Larson believes that all requested documents have been produced. The only documents that have been withheld are emails to and from Larson's employer, which were subpoenaed from her employer and should be produced soon if not already produced. The other emails that have been withheld are emails with a few friends, acquaintances and colleagues in which Dorland was mentioned, and

communications between Larson and her parents, which Larson would prefer to keep private. Of course, she will produce these emails if this court requests her to do so.

2. Larson also very recently located a few emails with the National Endowment for the Arts ("NEA"), which are likely of little relevance, but she will produce them.

3. While Larson filed an opposition to the Motion on March 29, 2021, Dorland revisited her request for sanctions in a reply brief she filed on April 19, 2021. Larson believes that a response to this brief will aid the court in deciding whether or not Dorland's motion should be granted, and if so, if sanctions are appropriate under the circumstances. Larson believes that she has credible reasons why sanctions should not be imposed against her.

4. Larson intends to include in her reply brief, further evidence and arguments that Dorland is withholding documents that should be produced. Because Larson's counsel had to prepare her Motion to Compel on Easter Sunday (also Passover) and file it the next day, Ms. Larson did not have a chance to fully review and comment on the Motion.

4. Additionally, Larson would like to explain the basis for filing her Motion to Compel on an "emergency" basis.

5. A copy of the proposed reply and opposition is attached.

WHEREFORE, Larson moves this court for leave to file a response to Dorland's reply brief and to further respond to Dorland's Motion to Compel.

|  |  |
|---|---|
|  | Respectfully submitted,<br>SONYA LARSON,<br>By her attorney, |
|  | /s *Andrew D. Epstein* |
| April 28, 2021 | Andrew D. Epstein, Esquire (BBO #155140)<br>Barker, Epstein & Loscocco<br>176 Federal Street<br>Boston, MA 02110<br>Tel: (617) 482-4900<br>Fax: (617) 426-5251<br>Photolaw@aol.com |

## Certificate of Service

I certify that Plaintiff's Motion for Leave together with a Reply and a further Opposition and two affidavits were filed through the court's ECF system copies were sent electronically on the day they were filed to all counsel of record.

|  |  |
|---|---|
|  | */s/ Andrew D. Epstein* |
| April 28, 2021 | Andrew D. Epstein |

## Certification of Compliance with Local Rule 7.1

I certify that I have complied with Local Rule 7.1 by conferring by email with counsel for all Defendants in this Action and we have attempted in good faith to resolve or narrow the issues.

|  |  |
|---|---|
|  | */s/ Andrew D. Epstein* |
| April 28, 2021 | Andrew D. Epstein |