# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SONYA LARSON, | |
| Plaintiff | |
| v. | |
| DAWN DORLAND PERRY,<br>COHEN BUSINESS LAW GROUP, PC and<br>JEFFREY A. COHEN, ESQUIRE, | C.A. No. 1:19-CV-10203-IT |
| Defendant | |
| AND | |
| DAWN DORLAND PERRY | |
| Plaintiff-in-Counterclaim | |
| v. | |
| SONYA LARSON | |
| Defendant-in-Counterclaim | |

## STIPULATED PROTECTIVE ORDER CONCERNING DOCUMENTS PRODUCED BY THIRD PARTY GRUBSTREET, INC.

IT IS HEREBY STIPULATED by and between the parties in the above-entitled action, through their respective attorneys, that an Order to the following effect may be entered herein, the Honorable Court consenting:

1.      A third-party to this action, GrubStreet, Inc. ("GrubStreet"), requires confidential treatment of certain documents, and for a stipulation to be entered prior to production in response to a subpoena served by Defendant / Plaintiff-in-Counterclaim, Dawn Dorland Perry ("Ms. Dorland") for purposes of producing documents and information related to the individual parties, Sonya Larson and Dawn Dorland Perry, who either are or had been employed by GrubStreet.

2.      The parties to this action hereby agree that the documents, materials and information produced by GrubStreet which are designated Confidential, shall be so treated, in accordance with the terms contained herein.

3.      This Stipulated Protective Order shall apply to all documents, information and material produced by GrubStreet that is designated by GrubStreet as "CONFIDENTIAL" pursuant to the terms of this Stipulation, including but not limited to all copies, excerpts or summaries thereof (collectively, "Confidential Material").

4.      Any documents, information or other tangible material designated as "CONFIDENTIAL" shall be so designated by stamping the first page of the document, information or materials with the word "CONFIDENTIAL".

5.      For any material that GrubStreet marks as "CONFIDENTIAL" pursuant to Paragraph 4 hereof, GrubStreet shall retain the original thereof, and any other party, solely by its outside counsel shall have the right to examine the original, to be provided with a full and complete copy thereof and to call for production of the original at the trial of this action.

6.      If any document or other material, or copies thereof, or any information derived from or containing a paraphrase of such document or information or material marked "CONFIDENTIAL" by GrubStreet pursuant to Paragraph 4 hereof is used in a deposition, with the exception of the court reporter, only persons designated in Paragraphs 9(a), 9(b), 9(c) and 9(d) below may be present while the document or information or material, or copies thereof, or any information derived from or containing a paraphrase or description of such document or information or material is revealed, and that portion of the deposition transcript shall be marked "CONFIDENTIAL" and shall not be made part of the public transcript or the public record.

7.      Any oral argument, oral motion, testimony, or any portion thereof, that may reveal any document or information or materials, or copies thereof, or any information derived from or containing a paraphrase or description of such document or information or material marked "CONFIDENTIAL" by GrubStreet pursuant to Paragraph 4 hereof shall be conducted <u>in camera</u> with only the persons designated in Paragraphs 9(a), 9(b), 9(c), and 9(d) below present, with the exception of all necessary court personnel, or in such other manner as the Court in this action may direct to ensure the confidentiality of the documents or information or materials. Any recorded transcripts of such proceedings shall not be made part of the public record.  The parties reserve the right to move to extend, limit, modify, or vacate the application of this provision to the trial of this action, and shall provide GrubStreet with notice of any said motion.

8.      All transcripts, depositions, exhibits, answers to interrogatories and other documents and information or materials filed with the Court pursuant to the pretrial discovery of any party to this litigation which have previously thereto been marked by a party as comprising or containing "CONFIDENTIAL" information pursuant to Paragraph 4 hereof, or any pleading or memorandum purporting to reproduce, paraphrase or describe such information, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this litigation, an indication of  the nature of the contents of such sealed envelope or other container, the word "CONFIDENTIAL" and a statement substantially in the following form:

> This envelope containing documents is not to be opened nor the contents thereof to be displayed or revealed except by order of the Court or consent of the party claiming the right to keep such documents confidential.

Such transcripts, depositions, exhibits, answers to interrogatories, other documents, information or materials, pleadings or memoranda shall be filed under seal and shall not be made part of the public record.

9.      Confidential Information shall not be disclosed, other than as permitted herein, to any parties except as follows:

(a)  The party to the litigation (i.e., the client);

(b)  Members, associates, and employees of the firms of which such outside counsel are members;

(c)  Independent experts retained by a party hereto for the purpose of this litigation;

(d) Any insurance carriers and reinsurers for the parties; and

(d) the Court, including all necessary personnel.

10.     Each such person as defined in Paragraph 9(c) hereof, shall, before disclosure of any confidential information is made to him or her, acknowledge in the written instrument attached hereto and incorporated herein by referenced as Exhibit "A" duly executed and notarized that he or she has read and understands the terms of this Order; agrees to comply with and to be individually bound by such Order, including that such person agrees to treat as confidential by not discussing or divulging in any manner, any document or information or material described in this Order with any person other than those individuals specifically described in Paragraphs 9(a), 9(b) or 9(d) and those individuals identified in Paragraph 9(c) who have signed a written, notarized instrument described herein; and agrees to use solely for the purposes of this litigation any document or information or material, or copies thereof, marked "CONFIDENTIAL" pursuant to Paragraph 4 hereof and any extracts of any information derived from or containing a paraphrase or description of such  documents or information or materials, including, but not limited to transcripts, depositions, exhibits, answers, pleadings and memoranda; and consents to the jurisdiction of this Court for all purposes related to the

enforcement of the rights and duties covered, created, and/or recognized by such Order, except by further order of the Court.

11.     No person or party subject to this Order shall make public disclosure of any information obtained pursuant to pretrial discovery in this litigation, which shall have been marked or designated as "CONFIDENTIAL" pursuant to Paragraph 4 hereof without further order of the Court in this action.

12.     This Order shall be without prejudice to any party's right to bring before the Court for hearing at any time the question of whether any particular information marked or designated as "CONFIDENTIAL" should remain subject to the restrictions of this Order.  The party claiming that such particular information should not remain subject to this Order shall have the burden of proving the same.  Any party challenging the "CONFIDENTIAL" designation shall provide notice of any motion to GrubStreet concurrent with notice to the parties to this litigation.

13.     The parties and GrubStreet agree that, regardless of whether documents produced by GrubStreet are marked "CONFIDENTIAL", all documents produced by GrubStreet shall be used for litigative purposes only.  All parties agree that the GrubStreet production will not be shared with third-parties, unless required for litigation purposes as set forth in Paragraph 9 above.  However, for documents not marked "CONFIDENTIAL", the provisions of Paragraph 8 need not be filed, and said documents may be attached, if necessary, as exhibits to motions, used in the course of depositions, and presented at trial.

14.     Nothing in this Order shall be deemed a waiver of any party's rights to object on any ground to the admission of evidence at the trial of this action of any matter discovered.

15.     GrubStreet, and all parties and all persons designated by Paragraphs 9(a), 7(b), and 7(c) hereof are subject to the contempt powers of the Court in this action for violation of the terms of this Order.


[SIGNATURES ON NEXT PAGE]

Sonya Larson

By Her Attorneys

BARKER, EPSTEIN & LOSCOCCO

 */s/ Andrew D. Epstein*
Andrew D. Epstein
176 Federal Street, Suite 502
Boston, MA 02110
617-482-4900
6179-426-5251 (fax)
photolaw@aol.com

Dawn Dorland Perry

By Her Attorneys,

PARTRIDGE SNOW & HAHN LLP

 */s/ Suzanne M. Elovecky*
Suzanne M. Elovecky
30 Federal Street
Boston, MA  02110
(617) 292-7900
(617) 292-7910 FAX
selovecky@psh.com

Cohen Business Law Group, PC
And
Jeffrey Cohen, Esq.

By Their Attorneys

BOYLE SHAUGHNESSY LAW PC


 /s/ Matthew H. Greene
Matthew H. Greene
695 Atlantic Avenue, 11th Fl.
Boston, MA 02111
617-451-2000 x.668
617-451-5775 (fax)
mgreene@boyleshaughnessy.com


and


GrubStreet, LLC

By its Attorney


/s/ Nancy L. Perlman
Nancy L. Perlman, Esq.
Beacon Law Group, LLC
200 Highland Avenue, Ste 301
Needham, MA 02494




SO ORDERED:


_____          Dated:_____, 2021