UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SONYA LARSON, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **C.A. No.: 1:19-CV-10203-IT** |
| | ) | |
| DAWN DORLAND PERRY, | ) | |
| COHEN BUSINESS LAW GROUP, PC and | ) | |
| JEFFREY A. COHEN, ESQUIRE, | ) | |
| Defendants | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT COHEN BUSINESS LAW GROUP, PC AND JEFFREY A. COHEN, ESQUIRE'S MOTION TO COMPEL PLAINTIFF'S SUPPLEMENTAL ANSWERS TO EXPERT INTERROGATORIES**

Pursuant to Fed. R. Civ. P. 26 and 37(a)(2), the Defendants, Cohen Business Law Group, PC ("the Firm") and Jeffrey A. Cohen, Esquire (together, "the Defendants"), hereby move this Honorable Court to issue an order compelling the Plaintiff Sonya Larson ("the Plaintiff") to supplement her answers to the Defendants Interrogatories No. 13 and 14.  As grounds, the Defendant states that under Fed. R. Civ. P. 26, the Plaintiff  has a specific duty to disclose the identity of her expert witnesses, the opinions held by them, and the expected nature of their testimony.  Such information must be disclosed, as it is essential to the Plaintiff's ability to prove her claims, and the Defendants ability to prepare for trial.  Accordingly, the Defendants respectfully request that this Court issue an order compelling the Plaintiff to provide, within twenty (20) days, her supplemental answers to expert interrogatories.

## I.  BACKGROUND

### a.  Factual Background

This matter arises out of a dispute over copyright claims between the Plaintiff and co-Defendant Dawn Dorland ("Dorland").  In July of 2015, Dorland authored a letter ("Factual Letter") addressed to a recipient of a kidney donation, whose donation had been facilitated by

Dorland's own altruistic kidney donation.  Defendant Dorland's Answer to the Second Amended Complaint and Restated Counterclaim ("Dorland's Answer"), ¶ 30.  Dorland posted a copy of this letter in a private Facebook group, of which the Plaintiff was a member.  The Plaintiff thereafter authored a story about a woman who receives a kidney donation titled *The Kindest*. Early drafts of *The Kindest* included a letter from a kidney donor to her recipient that included verbatim sentences and phrases taken from Dorland's Factual Letter ("the Fictional Letter"). Exhibit A, Deposition of Sonya Larson (July 30, 2021) at 61-68.  In May of 2018, the Boston Book Fair ("BBF") selected *The Kindest* as its One City/One Story selection, which meant the story would be published by the BBF, highlighted by the BBF, and distributed for free around the greater Boston area.  Second Amended Complaint, ¶¶ at 35-36.

On July 3, 2019, the Firm wrote a letter to the BBF stating that Larson's Short Story contained the Factual Letter "in whole or in part" ("the Cease and Desist Letter").  *Id.* at ¶ 50. The Cease and Desist letter informed the BBF that publication of *The Kindest* would infringe upon Dorland's copyright of the Factual Letter, and asked the BBF to cease and desist from printing, copying, or distributing *The Kindest*.  Exhibit B, Cease and Desist Letter.  If not, the Cease and Desist Letter states that the BBF would risk incurring damages under the Copyright Act.  *Id.*  Specifically, the Cease and Desist Letter states:

> "Be further advised that such action, if necessary, would no longer be for attribution, but will demand the full measure of penalties for statutory copyright infringement under 17 U.S.C. § 504(c), which as you likely are aware, could be as high as $150,000 under facts such as those presented herein wherein BBF has admitted infringement and willfully proceeds in complete and intentional disregard of our client's rights despite such advance knowledge of infringement."

The BBF ultimately rescinded its selection of *The Kindest* as its One City/One Story selection.  *Id.* at ¶ 57.

### b.  Procedural Background

The Plaintiff filed her original Complaint on January 30, 2019.  The operative complaint, the Second Amended Complaint, was filed on August 16, 2020.  The Second Amended Complaint raises the following counts: (I) Intentional Interference by Dorland with Larson's advantageous business relationship with ASF; (II) Intentional Interference by Dorland with Larson's advantageous business relationship with the BBF; (III)  Interference by Cohen Law with Larson's advantageous business relationship with the BBF; (IV) Interference by Attorney Cohen with Larson's advantageous business relationship with the BBF; (V) Commission by Cohen Law of Unfair and Deceptive Acts and Practices in violation of M.G.L. c. 93A; (VI) Commission by Attorney Cohen of Unfair and Deceptive Acts and Practices in violation of M.G.L. c. 93A; (VII) Defamation against Dorland; (VIII) Claim to Declaratory judgment regarding Dorland's copyright claims.

On July 31, 2020, the Defendants served Requests for Production and Interrogatories upon the Plaintiff.  The Plaintiff responded on November 30, 2020.  The Plaintiff gave the following answers in response to the Defendants' Interrogatories regarding expert disclosures:

> **13. Please state in full the name and address of each and every person whom you expect to call as an expert witness on your behalf in the above matter, including as to each person the nature of his or her specialization.**
>
> OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly vague, ambiguous and burdensome. Subject to and without waiver of these objections, Plaintiff answers this interrogatory as follows:
>    I am informed that my counsel has not yet determined who he intends to call as expert witnesses.  I am told that he will notify all defendants of this information in accordance with the applicable Federal Rules of Civil Procedure at the appropriate time.
>
> **14. With respect to each expert witness whom you expect to be called for testimony on your behalf at trial, please state, specifying as to each expert:**

a. the substance of facts and opinions to which each such expert is expected to
testify; and
b. a summary of the grounds for each opinion of each expert.

OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly vague, ambiguous and burdensome. Subject to and without waiver of these objections, Plaintiff answers this interrogatory as follows:
        I am informed that my counsel has not yet determined who he intends to call as expert witnesses and that he will notify all defendants of this information in accordance with the applicable Federal Rules of Civil Procedure at the appropriate time.

*See* Exhibit C, Plaintiff's Response to the Defendant's Interrogatories.  To date, the Plaintiff has not supplemented these responses.  Pursuant to an agreement between the parties, Discovery in this matter will close on September 30, 2021.  The Plaintiff has taken the deposition of the Defendants and Dorland.  During the Defendants deposition, Plaintiff's counsel raised several pointed questions regarding Dorland's entitlement to statutory damages under 17 U.S.C. § 504(c) as referenced in the Cease and Desist Letter.  Exhibit D, Deposition of Jeffrey Cohen and the Cohen Law Firm (Aug. 19, 2021), at 93-103.  These questions included the following:

Q: Why don't you go down to the first full paragraph on Page 2 of your July 3rd letter and take a look at what you claim is the full measure of penalties for statutory copyright infringement?

A: I don't think there's a demand that's specific here. I think we wanted their - - I can only read you the letter and I don't agree with you that there's a specific reference other than to penalties that could be as high as 150,000.

Q: Under what provision of the Copyright Act would you be entitled to statutory damages as high as $150,000?

A: I don't think it says that, Andrew.  Read it again.  The term "statutory damages" isn't anywhere in this letter.

Q: "Penalties for statutory copyright infringement under Section 504C, which, as you are likely aware, could be as high as $150,000."  I happen to have Section 504C in front of me and 504C is entitled "Statutory Damages."

MR. GREENE:  Is there a question here?

Q: The question was:  Did you believe that the potential liability of the BBF, if they published Sonya Larson's work, even as it was revised, could result in statutory damages that could be as high as $150,000?

*Id.* at 93-94.  Plaintiff's counsel further asked:

Q: Your client registered her July 2, 2015 letter effective June 10, 2018.  If it is a fact that Sonya Larson wrote her story that may or may not have infringed your client's 2015 letter before the letter was registered, are you claiming that you were entitled to statutory damages of any kind?

*Id.* at 97.   Again, Plaintiff's counsel posed several questions along these same lines, addressing what he referred to as "statutory damages" :

Q: This letter is addressed to the BBF.  If we accept as a fact that Sonya Larson submitted her story to the BBF in May of 2018 and it won the contest and your client's July 2, 2015 letter was registered with the copyright office on June – effective June 10, 2018, and the Boston Book Festival was complicit or contribute - - or a contributory infringer, would it make any difference, wouldn't the availability of statutory damages be a nullity because your client's letter was registered after a story was published?
. . .
Q:  So if Sonya Larson's story was published and distributed to American Short Fiction to audible.com, to the Boston Book Festival before your client's registration of the copyright July 2, 2015 letter, you still think that the BBF, if they went ahead and published the story, as it was originally submitted to them, that they would be possibly responsible for up to $150,000 in statutory damages?
. . .
Q: And are you aware that it says "In any action under this title, no award of statutory damages or attorney fees that's provided by Sections 504 and 505 of the Act shall be made for an infringement of a copyright in an unpublished work commenced before the effective date of registration," . . .

*Id.* at 99-102.

The Plaintiff also served the Defendants with Requests for Admission on August 30, 2021.  Exhibit F, Plaintiff's Requests for Admission.  Again, in Request No. 31-36, Plaintiff's counsel asked pointed questions regarding Dorland's entitlement to statutory damages at the time

of the Cease and Desist Letter:

> **Request 31.** Admit that at the time the July 3, 2018 letter was sent to The Boston Book Festival, Dorland was not entitled to Statutory Damages under the U.S. Copyright Act because the copyright to the Dorland letter of 2015 was not registered with the U.S. Copyright Office until after Dorland first believed that Larson plagiarized and/or infringed the Dorland Letter of 2015.

> **Request 32.** Admit that under 17 U.S.C. § 412, Dorland was not entitled to Statutory Damages under 17 U.S.C. § 504(c) under any circumstances as stated in the July 3, 2018 letter.

> **Request 33.** Admit that if The Boston Book Festival ceased and desisted from printing, copying, distributing and/or publishing Larson's short story entitled "The Kindest", that such action would have a direct impact on Larson.

> **Request 34.** Admit that on July 3, 2018, Cohen Law knew that a short story authored by Sonya Larson entitled, "The Kindest" was first published at least as early as May 2018.

> **Request 35.** Admit that on July 3, 2018, Cohen Law knew that a short story authored by Sonya Larson entitled, "The Kindest" was first published by American Short Fiction at least as early as May 2018.

> **Request 36.** Admit that if a short story authored by Sonya Larson entitled, "The Kindest" was first published at least as early as May 2018, and if the Dorland letter of 2015 was registered with the U.S. Copyright Office effective June 10, 2018, then under 17 U.S.C. § 412, Dorland was not entitled to Statutory Damages under 17 U.S.C. § 504(c) under any circumstances as stated in the July 3, 2018 letter.

Exhibit F, Discovery in this matter is ongoing at the time of the drafting of this Motion, but is set to conclude on September 30, 2021.

## II. ARGUMENT

Pursuant to Fed. R. Civ. P. 26(a)(2)(A), "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Such disclosure must be accompanied by a written report prepared and signed by the witness and must be made at least 90 days before the date set for trial. Fed. R. Civ. P.

26(a)(2)(B)-(D).

The First Circuit has held, recognizing the importance of expert testimony in modern trial practice, that the Civil Rules provide for extensive pretrial disclosure of expert testimony. *Thibeault v. Square D Co*., 960 F.2d 239, 244 (1st Cir. 1992) "In the arena of expert discovery—a setting which often involves complex factual inquiries—Rule 26 increases the quality of trials by better preparing attorneys for cross-examination, and supplying a helpful focus for the court's supervision of the judicial process. […] For Rule 26 to play its proper part in this salutary scheme, discovery must not be allowed to degenerate into a game of cat and mouse." *Id*., at 224, internal citations omitted.  Under Fed. R. Evid. 702, which codified the Supreme Court's holding in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 5-9 U.S. 579 (1993), an expert witness may be called to assist the trier of fact when "scientific, technical, or other specialized knowledge" is required to understand the evidence or determine a fact in issue.

In the matter at hand, the Plaintiff's counsel has expressed a clear intent to make a pointed, technical argument against the Defendants relating to Dorland's entitlement to statutory damages.  Plaintiff's counsel has repeatedly posed questions, both in depositions and in requests for admissions, designed to elicit information in support of his apparent argument that Dorland was not entitled to particular damages at the time of the Cease and Desist Letter, and that the Defendants knew or should have known as much.  The degree to which he has raised these questions makes it obvious that he intends to advance this argument as a central aspect of his trial strategy.  Yet, to date the Plaintiff has not disclosed any experts or expert opinions to support these specific and pointed interpretations of U.S. Copyright Law and the relevant damages.

Given the technical nature of the Plaintiff's arguments, the Plaintiff cannot advance her intentional interference claims, or her claim that the Defendant violated 93A in good faith without consulting with relevant experts in U.S. Copyright Law.  The Defendants note that they

disagree with the Plaintiff's characterization of U.S. Copyright Law, as is briefly outlined in the excerpts from the Defendants' deposition cited *infra*, and state that this disagreement further highlights the technical nature of this expected argument, as well as the need for an expert to clarify and explain the Plaintiff's position to a trier of fact.  As such, where discovery is reaching its conclusion, and where the Plaintiff has made it apparent that she intends to advance technical arguments about US Copyright Law and statutory damages, the time is ripe for the Plaintiff to supplement her interrogatory answers with disclosures of her experts.

The Defendants' request is not limited to this variety of expert witnesses.  To the extent that the Plaintiff intends to utilize any expert opinion at trial, the Defendant is entitled under Rule 26 to know the identify of any and all experts the Plaintiff intends to call and the substance of their expected testimony.  Any failure of the Plaintiff to comply with Rule 26 would prejudice the Defendants' ability to evaluate their own need for expert witnesses in particular fields, to evaluate the merits of the Plaintiff's claims, and to prepare for cross-examination of the Plaintiff's experts.  In short, the Defendant is unable to prepare adequate defenses on the issues of liability or damages due to the Plaintiff's failure to comply with Rule 26.  Accordingly, the Court should issue an order requiring the Plaintiff to disclose the expert witnesses she intends to present in this case.

### III. CONCLUSION

WHEREFORE, and for the foregoing reasons, the Defendants Cohen Business Law Group, PC and Jeffrey A. Cohen, Esquire, respectfully request this Court to issue an order compelling Plaintiff Sonya Larson to provide, within (20) days, her supplemental answers to expert interrogatories.

THE DEFENDANTS,
COHEN BUSINESS LAW GROUP, PC,
AND JEFFREY A. COHEN, ESQUIRE,
BY THEIR ATTORNEYS,


DATED: <u>September 23, 2021</u>

_____
Mark W. Shaughnessy, Esq. (BBO# 567839)
mshaughnessy@boyleshaughnessy.com
Matthew H. Greene, Esq. (BBO# 673947)
mgreene@boyleshaughnessy.com
Boyle | Shaughnessy Law, P.C.
695 Atlantic Avenue, 11th Floor
Boston, MA  02111
Phone: (617) 451-2000
Fax: (617) 451-5775

<u>L.R. 7.1(a)(2) CERTIFICATION</u>

I, Matthew H. Greene, certify that on September 24, 2021, I conferred with Plaintiffs' counsel pursuant to Local Rule 7.1(a)(2), and Plaintiffs' advised that they would file their opposition.

*/s/ Matthew H. Greene, Esq. (BBO# 673947)*

**CERTIFICATE OF SERVICE**

  I, the undersigned, do hereby certify that a copy of the foregoing document has been served via email and/or first-class mail postage prepaid on all parties or their representatives in this action as listed below this 23rd day of September, 2021:

<table>
<tr><td><b><i><u>Counsel for Plaintiff, Sonya Larson:</u></i></b></td><td><b><i><u>Defendant, Dawn Dorland Perry</u></i></b></td></tr>
<tr><td>Andrew D. Epstein, Esq.</td><td>Suzanne M. Elovecky, Esq.</td></tr>
<tr><td>Barker, Epstein & Loscocco</td><td>Partridge Snow & Hahn LLP</td></tr>
<tr><td>176 Federal Street, Suite 502</td><td>30 Federal Street</td></tr>
<tr><td>Boston, MA 02110</td><td>Boston, MA 02110</td></tr>
</table>

_____

☐ Mark W. Shaughnessy, Esq. (BBO# 567839)
☐ Matthew H. Greene, Esq. (BBO# 673947)
**_Counsel for Defendants, Cohen Business Law Group, PC and Jeffrey A. Cohen, Esquire_**