UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SONYA LARSON<br><br>                     Plaintiff,<br>v.<br><br>DAWN DORLAND PERRY, et al.<br><br>                     Defendants. | Civil Action<br><br>No. 1:19-cv-10203-IT |

**PLAINTIFF, DEFENDANT IN COUNTERCLAIM'S OPPOSITION TO THE MOTION TO COMPEL OF DEFENDANTS,
COHEN BUSINESS LAW GROUP, PC AND JEFFREY A. COHEN**

Plaintiff, Defendant in Counterclaim, Sonya Larson ("Larson") opposes the Motion of Defendants, Cohen Business Law Group, PC ("Cohen Law") and Attorney Jeffrey A. Cohen (collectively, the "Cohen Defendants") to compel Larson to supplement her answers to expert interrogatories. As grounds for this opposition, Larson states as follows:

A.     Larson has been very clear about damages she is seeking in this Action.

The Cohen Defendants seem perplexed by the damages being sought in this Action by Larson. There are four counts pending against the Cohen Defendants. Counts III and IV of the Second Amended Complaint ("SAC" Dkt. 91) are for intentional interference by Cohen Law (Count III) and Attorney Cohen (Count IV) with Larson's advantageous business relationship with the Boston Book Festival (the "BBF").

In Paragraphs 80 and 89 respectively, Larson is seeking damages resulting from the BBF's decision to rescind its selection of Larson's short story, *The Kindest* as its One City/One Story contest winner. In her SAC, Larson is claiming the following damages:

- that Larson has had to endure public humiliation resulting from the BBF's decision to rescind her Short Story as its contest winner, which was further publicized in an August 2018 *Boston Globe* article at the urging of Defendant, Third-Party Plaintiff, Dawn Dorland Perry;

- that Larson has had to explain the events to her friends, family, employer, and colleagues;

- that Larson lost the publicity and exposure and other reasonable future professional and/or economic benefits that that would have been created due to widespread distribution of 30,000 print copies of *The Kindest* to readers in English and Spanish, plus untold numbers of online readers in English, Spanish, Mandarin, Russian, Portuguese, Haitian-Creole, and French; and

- that Larson lost a significant professional achievement that likely would have resulted in receiving numerous speaking engagements and print, television and radio interviews as previous winners of the One City/One Story competition had received.

Similar damages are being sought in Counts V and VI against Cohen Law and Attorney Cohen for committing unfair and deceptive acts and practices in violation of M.G.L. c. 93A. [SAC ¶¶ 98 and 107.]

Additionally, Larson submitted answers to interrogatories that give detailed lists of opportunities she lost as a result of the cancelation of her short story by the BBF. Also, in her very recent deposition on September 28, 2021, Larson elaborated on her damages. While Larson may decide to call witnesses to help support her claimed damages, the witnesses likely will be fact witnesses such as previous BBF contest winners, and not expert witnesses. A decision whether to call expert witnesses on this subject has not yet been made.

B.  <u>Registration of a copyright before a work is infringed is a prerequisite under Section 412 of the Copyright Act to recover for statutory damages and attorney fees.</u>

The Cohen Defendants also seem perplexed by deposition questions about Section 412 of the Copyright Act posed to Attorney Cohen on August 19, 2021, and by Requests for Admissions served on the Cohen Defendants on August 30, 2021.

Section 412 provides that neither statutory damages nor attorney's fees are available to a copyright claimant unless the copyrighted work was registered with the Copyright Office before the alleged infringement or within 90 days of first publication of the work. [17 U.S.C. § 412] Dorland registered the copyright to her July 2015 letter effective June 10, 2018, almost three years after it was first posted by Dorland on Facebook. [Exhibit A] Dorland was aware of the letter in Larson's story at least as early as June 2, 2018. [See Exhibit B – email chain where Dorland admits reading *The Kindest* on the weekend of June 2, 2018) Therefore, Dorland is not entitled to either Statutory Damages under Section 504(c) of the Copyright Act or attorney's fees and costs under Section 505 of the Act. This is true both in the 9th Circuit where Cohen Law and Attorney Cohen practice law and in this Circuit. See, <u>Derek Andrew, Inc. v. Poof Apparel Corp.</u>, 528 F.3d 696, 699–703 (9th Cir. 2008) (Every court to consider the issue has held that "infringement 'commences' for the purposes of § 412 when the first act in a series of acts constituting continuing infringement occurs. . . . " Accordingly, we join those circuits that addressed the issue before us and hold that *the first act of infringement* in a series of ongoing infringements of the same kind marks the commencement of one continuing infringement under § 412. This interpretation, we believe, furthers Congress' intent to promote the early registration of copyrights. (Citations omitted.)); <u>Latin Am. Music Co. v. Am. Soc'y Of Composers, Authors & Publishers (ASCAP)</u>, 642 F.3d 87, 90 (1st Cir. 2011) (Section 412 bars recovery of statutory damages under section 504 and attorneys' fees under section 505 by

copyright owners who fail to register the work before the alleged infringement began, citing Johnson v. Gordon, 409 F.3d 12, 20 (1st Cir. 2005) (recognizing that registration is "a condition precedent for obtaining certain remedies, such as statutory damages and attorneys' fees").

In quizzing Atty. Cohen about Section 412 during his deposition and in other discovery, Larson was simply trying to get Attorney Cohen to acknowledge that at the time he sent a cease and desist letter to the BBF on July 3, 2018, he knew, or should have known that neither Statutory Damages or attorney's fees were available to his client, Dorland.  Despite what he knew or should have known, Attorney Cohen made an unwarranted demand for Statutory Damages and attorney's fees.  [See Exhibit C.]

Larson may ultimately decide to call expert witnesses to help explain certain aspects of Copyright Law to the jury, however, a decision about hiring expert witnesses on Copyright Law has not yet been made.  More importantly, this Court is fully capable of instructing the jury at trial on relevant aspect of Copyright Law and the meaning and intent behind Section 412.

C.  Larson has fully complied with this Court's order regarding discovery.

On July 7, 2021, this court made the following order:

> Judge Indira Talwani: ELECTRONIC ORDER granting Request for Revised Scheduling Order Deadlines 143 . All fact discovery shall be completed by September 30, 2021. (Kelly, Danielle) (Entered: 07/07/2021)

Quite clearly, fact discovery ended on September 30, 2021, not expert discovery.

D.  The Cohen Defendants did not accurately summarize deposition testimony and then failed to attach any of the six exhibits they referenced in their memo to the court.

In the pending Motion, the Cohen Defendants have misstated as established facts, certain statements from a deposition transcript of Ms. Larson.  The Cohen Defendants referred to a copy of the September 3, 2021 deposition transcript of Larson in their Motion.  The Cohen Defendants

failed to attach a portion of the deposition or any of the other exhibits referenced in their Motion and Memorandum.

WHEREFORE, Larson respectfully requests that this Court deny the pending Motion and that she be awarded her costs and attorney's fees against the Cohen Defendants for filing a unwarranted and frivolous motion.

Respectfully submitted,
SONYA LARSON,
By her attorney,

/s *Andrew D. Epstein*

October 4, 2021

Andrew D. Epstein, Esquire (BBO #155140)
Barker, Epstein & Loscocco
176 Federal Street
Boston, MA 02110
Tel: (617) 482-4900
Direct Telephone: (617) 272-5700
Fax: (617) 426-5251
Photolaw@aol.com

Certificate of Service

I certify that the within Opposition was filed through the court's ECF system and a copy was sent electronically on the day it was filed to all counsel of record.

*/s/ Andrew D. Epstein*

October 4, 2021

Andrew D. Epstein