UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SONYA LARSON,

        Plaintiff

v.

DAWN DORLAND PERRY,
COHEN BUSINESS LAW GROUP, PC and
JEFFREY A. COHEN, ESQUIRE,

        Defendants.

AND

DAWN DORLAND PERRY

        Plaintiff-in-Counterclaim

v.

SONYA LARSON

        Defendant-in-Counterclaim

C. A. No.: 1:19-CV-10203-IT

**DAWN DORLAND PERRY'S MEMORANDUM IN SUPPORT OF HER
MOTION FOR RECONSIDERATION OF DECISION ON
<u>MOTION TO AMEND RESTATED COUNTERCLAIM</u>**

Dawn Dorland Perry ("Ms. Dorland") respectfully moves this Court to reconsider its Order [Dkt. No. 161] denying Ms. Dorland's Motion to Amend her Restated Counterclaim ("Motion to Amend"). The Order made clear that the basis for the Court's denial of Ms. Dorland's Motion to Amend was timing: the Motion was filed and served after the August 31, 2020 deadline to amend pleadings in this matter, and fact discovery is already closed. However, delay standing alone should not prevent a full adjudication on otherwise meritorious claims, particularly where the facts giving rise to the proposed new claim were not disclosed until after

1

the pleading deadline, especially absent prejudice to the other party. Here, the Motion was denied prior to Ms. Larson's providing any evidence or argument concerning potential prejudice, and no said prejudice was suggested by the Court. Further, as the record reflects, the vast majority of the delays in this case since the expiration of the deadline to amend pleadings was the result of Ms. Larson's actions and discovery lapses, over which Ms. Dorland was required to file a Motion to Compel, which was not fully resolved until the end of May, 2021 – approximately 8 months after the tracking order deadline. Accordingly, Ms. Dorland respectfully requests that the Court reconsider its denial of her Motion to Amend.

## I. RELEVANT FACTUAL BACKGROUND

Ms. Dorland refers the Court to the factual background as set forth in her Motion to Amend (ECF No. 160, pgs. 2-3) and in her proposed amended complaint (ECF 160-1). Those papers are incorporated herein by reference.

## II. STANDARD OF REVIEW

"The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (internal citation omitted). A motion for reconsideration is most viable when "the court has misapprehended some material fact or point of law," but requires that "the movant must demonstrate… that the rendering court committed a manifest error of law." See id. As set forth below, Ms. Dorland believes that, notwithstanding the onerous standards for a motion for reconsideration, that an error has been committed and this motion is therefore brought in good faith.

## III. ARGUMENT

### A. Delay, Standing Alone, Is Not Grounds To Deny A Motion To Amend A Pleading, Absent Prejudice To The Other Party Or Bad Faith By The Movant.

A motion to amend "may properly be denied when it is made belatedly and would unduly delay the course of proceedings by, *e.g.,* introducing new issues for discovery." Ins. Co. of N. Am. v. S/S "Cape Charles", 122 F.3d 1056 (2d Cir. 1995); Middle Atlantic Utilities Co. v. S.M.W. Development Corp., 392 F.2d 380, 384 (2d Cir.1988) (delay alone is generally insufficient to justify denial of a motion to amend). When delay would trigger requirements for additional discovery at a time when, for instance, a case is otherwise ready for trial, denial of a motion to amend may be appropriate. See id. But in general, when a "proposed amendment alleges facts or circumstances which may be a proper subject of relief, the suitor, in the absence of sufficient reasons for denying him this opportunity, should have a chance to test his claim on the merits." Middle Atl. Utilities Co. v. S. M. W. Dev. Corp., 392 F.2d 380, 384 (2d Cir. 1968), citing Foman v. Davis, 371 U.S. 178, 182 (1962). "Narrow pleading rules should not be applied to foil an honest plaintiff's efforts to gain redress." Id. When considering *not* granting an opportunity to be heard on the merits, "the trial courts should normally focus on the resultant prejudice to defendant." Id., citing United States v. Hougham, 364 U.S. 310, 316 (1960). If the trial judge makes no finding of prejudice to the non-moving party, other reasons for denial of a motion to amend are likely insufficient. See id. Refusal to grant leave without a proper reason is an abuse of discretion. See Foman, 371 U.S. at 182 (1962). "[D]elay alone is not enough to bar amendment." Donald J. Trump for President, Inc. v. Sec'y of Pennsylvania, 830 F. App'x 377, 386 (3d Cir. 2020) (finding that delay was "undue" only because it would have mooted pending Motions and required substantial re-briefing), citing Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 272 (3d Cir. 2001).

3

Delay, absent a showing of bad faith or undue prejudice, "does not provide a basis for the district court to deny the right to amend." Richardson Greenshields Sec., Inc. v. Lau, 825 F.2d 647, 653, n. 6 (2d Cir. 1987), citing State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir.1981); Howey v. United States, 481 F.2d 1187, 1190 (9th Cir.1973) (Lumbard, J.) ("we know of no case where delay alone was deemed sufficient grounds to deny a Rule 15(a) motion to amend"). Even long lengths of time, absent more, should not justify such a denial. See id., citing State Teachers Retirement Bd., 654 F.2d at 845–46 (amendment allowed after three-year interval); Howey, 481 F.2d at 1188–89 (amendment allowed after five-year interval and on second day of trial); Middle Atl. Utils. Co. v. S.M.W. Dev. Corp., 392 F.2d 380, 383 (2d Cir.1968) (amendment allowed after three-year interval and notice of trial readiness); Zeigan v. Blue Cross and Blue Shield, 607 F.Supp. 1434, 1438 (S.D.N.Y.1985) (amendment allowed after three-year interval); Green v. Wolf Corp., 50 F.R.D. 220, 223 (S.D.N.Y.1970) (amendment allowed after four-year interval). Even when a moving party has delayed in proposing an amendment, so long as the opposing party is not prejudiced by the delay, the amendment should be granted. See Rutter v. Rivera, 74 F. App'x 182, 186–87 (3d Cir. 2003), citing Howze v. Jones & Laughlin Steel Corp., 750 F.2d 1208, 1212 (3d Cir.1984) ("Delay alone ... is an insufficient ground upon which to deny a motion to amend."); see also Charpentier v. Godsil, 937 F.2d 859, 864 (3d Cir.1991) ("Unless the opposing party will be prejudiced, leave to amend should generally be allowed").

**B. The Court's Exclusive Focus On Timing As A Basis For Denial Of The Motion To Amend Was An Abuse Of Discretion.**

Here, the Court made a detailed ruling in denying the Motion to Amend, which stated, in part, as follows:

4

1. "The court's [Second] Scheduling order [#76] stated that "[e]xcept for good cause shown, no motions seeking leave ... to amend the pleadings to assert new claims or defenses may be filed after August 31, 2020." Scheduling Order [#76]. The pleadings closed on February 18, 2021."

2. "Defendant Perry asserts that she did not know certain facts prior to discovery provided by Plaintiff. But the text messages on which Defendant Perry now relies were produced on March 30, 2021. See Mem. 13 [160]. Despite the court's August 31, 2020, deadline requiring "good cause" for seeking leave to amend, Defendant waited more than 9 months before filing her motion."

3. "Defendant Perry asserts further that in a September 28, 2021 deposition, she then "confirmed what Ms. Dorland had long suspected and which is supported by the text messages." Id. But the "long suspicion" and text messages should have alerted Defendant Perry to promptly seek leave to amend the complaint, not to wait for a deposition to "confirm" her claim."

4. "In any event, even if the court found that Defendant Perry was not on notice of the claim until September 28, 2021, Defendant Perry failed to seek timely leave to amend, instead waiting more than 16 months after the motion to amend deadline and more than 3 months after the close of fact discovery to file."

See Dkt. No. 161 (excerpted). While *factually* the Order is accurate with respect to dates and deadlines, it highlights *exclusively* issues of delay and timing, and does not address prejudice (or the lack thereof) to the opposing party, nor does it address that (as stated in the Motion to Compel) no additional discovery would be required were the amendment allowed. Indeed, the Order does not suggest that allowing the amendment would, in any way, slow down or impede the progress of the case, and the Motion to Amend made clear that no additional discovery was necessary to support its proposed new claim. Such a narrow focus on issues of timing is legal error, and should be reconsidered.

The focus on timing, without consideration of other issues, is misplaced in this case. Firstly, the Court correctly observes that the deadline to amend pleadings was August 31, 2020, with all pleadings "closed" on February 18, 2021. However, strict adherence to the August 31, 2020 deadline here is manifestly unjust as it was impossible for Ms. Dorland to have moved to

5

amend before either of those dates. The documents which revealed the existence of the claim which is the subject of the Motion to Amend were not produced by Ms. Larson until the end of March 2021, and indeed documents continued to be produced after that date. In fact, Ms. Dorland would not have received the telling documents absent her Motion to Compel which was filed on March 15, 2021: such delays were caused by Ms. Larson, rather than Ms. Dorland. Prior to March of 2021, Ms. Dorland had no ability to know that Ms. Larson had admitted that she copied Ms. Dorland's intellectual property and was discussing as much with her peer group, and Ms. Dorland did not know that Ms. Larson had discussed her motivations for initiating this litigation with the same peer group prior to the August 31, 2020 motion to amend deadline. In fact, where Ms. Larson produced **no documents** before January of 2021, Ms. Dorland had no reason to suspect that such communications existed and had no basis upon which to believe an extension to said August 2020 deadline was necessary or desirable. See Memorandum in Support of Motion to Compel, ECF No. 107, at p. 3, et seq. (noting that Ms. Dorland served Ms. Larson with discovery requests on July 30, 2020, but that no documents were produced until January 12, 2021, and the meet and confer process initiated by Ms. Dorland was met with silence by Ms. Larson). Ultimately, Ms. Larson produced thousands of additional pages of documents on the eve of filing her opposition to Ms. Dorland's motion to compel.[1]

Moreover, as the record reflects, hearings on Ms. Dorland's Motion to Compel production by Ms. Larson continued past that date, and as late as May 17, 2021, the Court ordered Ms. Larson to continue producing additional materials. See Dkt. No. 137, Transcript of Motion Hearing by Telephone. Ms. Dorland had no reason to expect that the documents produced in March was the entire universe of relevant materials on these issues. The March

---

[1] The Magistrate Judge deferred the attorneys' fees determination concerning that motion, pursuant to Rule 37, to the end of litigation.

documents may have ultimately been the strongest support for the Motion to Amend, but Ms. Dorland had no way to know what other documents were being improperly withheld by Ms. Larson until the end of May when the final productions took place.

After finally obtaining documents from Ms. Larson, Ms. Dorland and her counsel considered several potential claims which the documents implicated. Notwithstanding the Court's suggestion that Ms. Dorland was required to move to amend upon a *suspicion* that a claim existed, Ms. Dorland chose to confirm the good faith basis of her claim, in an effort to avoid unnecessary and wasteful motion practice, through Ms. Larson's deposition, prior to filing any such motion. While acting upon a suspicion is more efficient than the alternative when discovery would be called for concerning a new claim,[2] in the present matter, the claim is closely related to the existing claims, and no further discovery is needed.

Further, in this matter, more than a month after Ms. Larson's deposition and during the meet and confer process relevant the parties' request for referral to mediation (not during negotiations or mediation, to be clear), Ms. Larson's own counsel made statements concerning the non-viability of her claims that underscored the impropriety of this litigation having been commenced in the first place. Such an acknowledgement further supports the need for this Abuse of Process claim, but such discussion did not occur until well after Ms. Larson's deposition.

The Motion to Amend "would have introduced only a new question of law which would not have required [Ms. Larson] to conduct any further discovery and would not have forced [Ms. Larson] to put on evidence of any additional facts at trial." See Rutter v. Rivera, 74 F. App'x 182, 186–87 (3d Cir. 2003). The timing of the Motion to Amend was the only issue leading to the

---

[2] Regardless of whether Ms. Dorland filed her motion before or after Ms. Larson's deposition, it would have been significantly after the tracking order deadline had expired.

7

Court's denial of the same. But when Courts deny a Motion to Amend, it should be based on more than *just* timing.

### C. First Circuit Caselaw Supports Allowance Of An Amendment When Procedural Posture Permits.

First Circuit caselaw, on its face, states that timing alone may justify denial of a motion to amend. However, upon closer examination, in every First Circuit case which Ms. Dorland's counsel has reviewed in which a Motion to Amend was denied based on timing, the Court noted that the "timing" of such a Motion to Amend was problematic because of the specific procedural posture of a given case, such that allowing the Motion to Amend would have resulted in substantial delay, additional discovery, re-litigating resolved issues, or otherwise impeded the efficient operations of the Court process.

Specifically, Motions to Amend are routinely denied on the basis of timing when the case is at such a stage where amendment would cause either prejudice to the non-moving party or would cause delay in the Court's proceedings. See e.g., Calderon-Serra v. Wilmington Tr. Co., 715 F.3d 14, 19–20 (1st Cir. 2013) (motion to amend filed only after fully briefed motions to dismiss had been taken under advisement); Kay v. New Hampshire Democratic Party, 821 F.2d 31, 34–35 (1st Cir. 1987) (finding that a three month delay in seeking to amend was justification for denial of the motion to amend where the case had already been dismissed); Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004) (stating that moving to amend after the opposing party timely moved for summary judgment may justify denial of the motion to amend).[3]

---

[3] The undersigned counsel is unaware, after diligent research, of any 1st Circuit case where the Court upheld denial of a Motion to Amend where such denial was based *solely* on timing and where such amendment would not conflict with other ongoing or prescheduled Court events, such as briefs having already been filed or judgment having been entered.

8

None of these situations are present in this case – no Motions are pending before the Court, judgment has not been entered, there is no deadline set for summary judgment, and there is no trial date.[4] When a party seeks leave to amend, "outright refusal to grant the leave without a proper reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." Foman, 371 U.S. at 182 (1962). Particularly where the Motion to Amend states that no further discovery is needed, and where no delay will result should the Motion be allowed, denial of such a Motion to Amend solely on the basis of timing is improper, and should be reconsidered.

## IV.   CONCLUSION

The Court is justifiably concerned about conformity to its deadlines and its scheduling concerns. Nevertheless, Ms. Dorland's Motion to Amend was brought in order to vindicate her rights after being haled into this case needlessly by Ms. Larson, a claim of which Ms. Dorland was aware after the pertinent deadlines at issue had passed. In ruling that the Motion to Amend would not be allowed, the Court *only* cited to timing concerns as the basis. But there is no indication the Court believed any prejudice would result from the proposed amendment, nor that Ms. Dorland acted in bad faith in bringing her Motion to Amend.  The delay was not strategic, nor to gain some undue advantage, and the Court did not cite to any such deficiencies in its Order.

Absent more than *just timing*, denial of the Motion to Amend was an abuse of the Court's discretion. Respectfully, while Ms. Dorland acknowledges that the Court typically has discretion on these matters, in this instance where timing issues were the only problems with the Motion to

---

[4] See ECF No. 153, directing the parties to meet and confer to either schedule mediation or develop a joint proposed summary judgment schedule. The parties have engaged in mediation as directed, but the parties have not yet agreed on a proposed summary judgment schedule.

Amend, leave should have been freely granted to Ms. Dorland. Ms. Dorland had good cause for moving to amend after the deadline for amending pleadings had elapsed, and expects that she would prevail on the merits of her claim if given the opportunity.

The Abuse of Process claim which Ms. Dorland seeks to add arises out of the knowingly and deliberately wrongful filing of this action by Ms. Larson. All documents, discovery, and testimony related to this claim is identical to such materials already produced in this case.

Therefore, Ms. Dorland respectfully requests that the Court reconsider its denial of her Motion to Amend, and allow the parties to fully brief Ms. Dorland's motion.

Respectfully submitted,

DAWN DORLAND PERRY,

By her attorneys,

*/s/ Suzanne M. Elovecky*
Suzanne Elovecky, Esq. (BBO # 670047)
PARTRIDGE, SNOW & HAHN LLP
30 Federal Street, 7th Floor
Boston, MA  02110
(617) 292-7900
selovecky@psh.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 7, 2022.

*/s/ Suzanne M. Elovecky*
Suzanne M. Elovecky (BBO #670047)

4206374.3/30402-2