```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


_____

SONYA LARSON,                              )
                                           )
         Plaintiff,                        )
                                           )
    v.                                     )
                                           )   Civil Action No.
DAWN DORLAND PERRY; COHEN BUSINESS         )   1:19-cv-10203-IT
LAW GROUP, PC; and JEFFREY A. COHEN,       )
ESQUIRE,                                   )
                                           )
         Defendants.                       )
                                           )
_____


     BEFORE THE HONORABLE INDIRA TALWANI, DISTRICT JUDGE


                    STATUS VIDEOCONFERENCE


                  Wednesday, June 15, 2022
                        2:31 p.m.
```

John J. Moakley United States Courthouse
Courtroom No. 9
One Courthouse Way
Boston, Massachusetts


Robert W. Paschal, RMR, CRR
Official Court Reporter
rwp.reporter@gmail.com

**A P P E A R A N C E S**

On behalf of the Plaintiff:

    BARKER, EPSTEIN & LOSCOCCO
    BY:  ANDREW D. EPSTEIN
    176 Federal Street
    Suite 502
    Boston, MA  02110
    (617) 482-4900
    photolaw@aol.com


On behalf of Defendant Dawn Dorland Perry:

    PARTRIDGE SNOW & HAHN LLP
    BY:  SUZANNE M. ELOVECKY
    30 Federal Street
    Boston, MA  02110
    (617) 292-7900
    selovecky@psh.com


On behalf of Defendants Cohen Business Law Group, PC, and Jeffrey A. Cohen:

    BOYLE SHAUGHNESSY LAW
    BY:  MATTHEW H. GREENE
    695 Atlantic Avenue
    11th Floor
    Boston, MA  02111
    (617) 451-2000
    mgreene@boyleshaughnessy.com

**P R O C E E D I N G S**

(In open court at 2:31 p.m.)

THE DEPUTY CLERK:  United States District Court is now in session, the Honorable Judge Indira Talwani presiding.

This is Case Number 19-cv-10203, Larson versus Perry, et al.  Will counsel please identify themselves for the record.

MR. EPSTEIN:  Good afternoon, Your Honor.  It's Andrew Epstein.  I'm the attorney for Sonya Larson.

THE COURT:  Good afternoon.

MS. ELOVECKY:  Good afternoon, Your Honor.  Suzanne Elovecky, counsel for Dawn Dorland.

THE COURT:  Good afternoon.

MR. GREENE:  Good afternoon, Your Honor.  Matthew Greene on behalf of Jeffrey Cohen and the Cohen Business Law Group.

THE COURT:  Good afternoon.

So this case did not resolve in mediation.  You've asked for a status conference, and I think you're looking for a schedule for summary judgment; is that correct?

MS. ELOVECKY:  That's correct, Your Honor.

THE COURT:  Do you have a proposal for -- as to how soon you want to file?

MS. ELOVECKY:  Yes, Your Honor.  So speaking on behalf of Dawn Dorland, we have looked at the calendar; and

```
 1   due to a vacation that I have scheduled long planned, I was
 2   looking at June -- July 29th as a deadline for opening paper
 3   filing.
 4           THE COURT:  And have you conferred with opposing
 5   counsel?
 6           MS. ELOVECKY:  We actually have not conferred on
 7   the date issue.  We did discuss in advance of filing the
 8   joint motion that we'd be looking for a schedule.  We just
 9   didn't take that to the next step.
10           THE COURT:  Okay.  We'll have to do it here during
11   the court time.  Normally -- so the first question is -- not
12   filing until July 29th -- it's not ideal, but I understand
13   people have vacation schedules.  I take it that the vacation
14   is long enough that this schedule is needed?
15           MS. ELOVECKY:  It's a two-week vacation,
16   Your Honor, that is in the middle of that time period, so --
17   I'm just looking at my exact dates.  I'm gone for the full
18   week of the 4th of July and then the half week on either
19   side.  So it's a two-week vacation that's in the middle of
20   that period.
21           THE COURT:  Okay.  July 29th.  Normally,
22   oppositions are due -- and is -- Mr. Greene, are you
23   intending to file a motion as well?
24           MR. GREENE:  I am, and that timeline is fine with
25   me.
```

1    THE COURT:  I'm sorry; I couldn't understand that.
2    MR. GREENE:  I am, and that timeline is fine with
3 me.
4    THE COURT:  Okay.  So both motions will be filed by
5 July 29th.  Typically -- or the rules provide for three weeks
6 for oppositions.  Mr. Epstein, can you work with that?
7    MR. EPSTEIN:  Yeah, no.  I don't want to complicate
8 matters further, but I've got a couple of issues coming up,
9 and that is I'm leaving in August.  I'm away for much of the
10 month, including over two weeks to Europe, which has been
11 long planned.
12    And then to complicate matters further, the --
13 July 29th is fine.  I'm just concerned about the opposition
14 period.  I have some surgery coming up on the 24th of June,
15 and I'm not sure of the outcome of that surgery.  And this is
16 something that came up rather suddenly, within the last
17 month.
18    THE COURT:  So let me ask counsel a question.
19    MR. EPSTEIN:  Sure.
20    THE COURT:  Do you need to have a judge sit here
21 while you work through a proposed schedule?
22    MR. EPSTEIN:  Of course not.
23    THE COURT:  Can the three of you talk with each
24 other and --
25    MR. EPSTEIN:  Of course we can.

```
 1                THE COURT:  -- work out a proposed schedule?
 2                MS. ELOVECKY:  Yes.
 3                MR. EPSTEIN:  Yeah, it might be elongated, much
 4   more than the Court would like, but as long as you're willing
 5   to accommodate --
 6                THE COURT:  Well, whether I'm willing to
 7   accommodate it or not doesn't depend on how long you talk in
 8   front of me working out -- thinking about the details.  So
 9   you don't need to put your medical history into a court
10   filing, but -- and it is my practice to be reasonable.  I
11   think litigation is a hard enough sport without judges
12   setting unreasonable deadlines.  That said, obviously, this
13   is an older case, and we do need to get it moving.
14                So I will accommodate a reasonable schedule that's
15   based on people working with reasonable dates.  I can't give
16   open-ended extensions.  But why don't you work out a date --
17   a schedule, and if you can work something out, I'm likely to
18   endorse it.
19                I do allow a reply brief as a matter of course in a
20   summary judgment motion because that's contemplated by the
21   local rules.  So include that in your schedule.
22                Do you have anything else that you need from me?
23   Otherwise, I'll talk to you about what I'm looking for in
24   summary judgment motions at this point.
25                MR. EPSTEIN:  The only concern I have is the page
```

```
 1   limitation that's imposed by local rules.  Should we just
 2   write it first and then ask for a larger -- a longer page
 3   extension if it's needed?
 4              THE COURT:  Yes.  I don't want to give an
 5   open-ended page extension unless it's necessary.
 6              The other thing, it doesn't bode well that you
 7   haven't even spoken with each other for a schedule; but I do
 8   expect a 7.1 certificate with a motion for summary judgment,
 9   just like with every other motion.  And I do expect you to
10   actually have a conversation.  I don't -- or a coherent
11   exchange of e-mails.  I'm not specific about how the form has
12   to be, but I intend for you to actually have a conversation.
13              What is a waste of everyone's time, including mine,
14   is if you file a motion on a number of grounds, and the other
15   side is willing to cave after hearing the other side on
16   the -- as to that one ground.  It saves everyone a lot of
17   trouble if you don't have to write it out.
18              And you both -- all three -- know your case very
19   well.  If there is at this point a cause of action you don't
20   need anymore, you know, maybe that can be resolved.  If there
21   is an argument that defendant wants to make that is going to
22   be -- has a good answer to it, if you can resolve any of
23   those things, it really will save everyone time rather than
24   first briefing it or opposing it and then having it --
25              I mean, I'm surprised I have to say this, but it
```

happens, right?  People file motions, and the other side says, "I'm opposing only two, three, and four, and not one."  Well, why was -- why are we all on the papers, then?

So, yes, we'll do page limits afterward -- or after you've figured out what the scope of this matter is.

Anything else on your end?  And then I'll turn to my end on summary judgment motions, if there's nothing else, Counsel.

MR. EPSTEIN:  I have nothing else, Your Honor.

MS. ELOVECKY:  Nothing else for me, Your Honor.

MR. GREENE:  No, Your Honor.  Thank you.

THE COURT:  So the current version of CM/ECF allows us to link documents.  If you use the format in a certain way and you click on the document's cite, you can get linked directly to the cited material.  That's helpful.

Secondly, when people cite the declaration of so-and-so Exhibit A, B, and C, and I can't find it on the docket, that's unhelpful.  So I have issued a standing order in the last few months trying to spell out what I'm hoping is going to be a more helpful way of doing your filings on a summary judgment motion, which would be that you file the supporting material, file the motion, then file the supporting materials, and last file your memorandum.

And the reason for that is then your memorandum can cite the docket number assigned to the exhibits, et cetera,

1     that you're filing.  And I can then link it as I read through
2     the memo.  So it's spelled out in some painful detail in the
3     standing order, and I would appreciate you taking a look at
4     it.
5             The other thing that's just part of my general
6     practice -- I do take the Rule 56.1 statement seriously.  I
7     want that to be your statement of material facts.  And you
8     should think about it -- I can't say that I would actually do
9     this, but as one superior court judge has said, if the other
10    side can find a dis- -- you know, a grounds that are in
11    dispute, that would mean deny the summary judgment motion
12    because the moving party has just said it's material.
13            So make sure you're only putting material things in
14    there.  If you're putting immaterial details that they are
15    then going to have a disagreement about it, then that invites
16    a whole debate as to whether it is or is not, in fact,
17    material.
18            So one way that I would encourage you to do this,
19    and it may help with your page limits, feel free to, you
20    know, be discursive if you want in your background facts or
21    however you want to call it in your memo.  Give me a high
22    level overview if that's what you think would be helpful.
23            The statement of undisputed material facts should
24    not be every fact that is undisputed.  It should be the facts
25    that are material to the motion that you're bringing.

```
 1                  So, for example, if you were bringing a motion on a
 2      statute of limitations ground, the only facts that would be
 3      in there would be the action that's the subject of the
 4      statute of limitations happened on X date.  A complaint was
 5      filed on Y date.  You would not have all of the rest of it in
 6      your statement -- in your 56.1 statement.
 7                  Does that make sense?
 8                  MS. ELOVECKY:  Yes, Your Honor.
 9                  MR. EPSTEIN:  Yes.
10                  MR. GREENE:  Yes, Your Honor.  Thank you.
11                  THE COURT:  So -- and a way to think about it is,
12      if you give me your sentence, the event happened on March 3,
13      2017, and then your supporting authorities where you give me
14      deposition, pages such and such, line such and such,
15      et cetera, if you give me all of that detail in the -- you
16      know, give me the citations for it and why you're bringing
17      it, if you need some greater level of detail, you can put it
18      in your parentheticals, you know, "Mary said she looked at
19      the calendar and that's the day that appeared."  You know,
20      whatever it is.  You don't need to pull it all in the -- as
21      the statement.  It's the supporting evidence for the
22      undisputed fact.
23                  I don't know if that helps, but -- and someone
24      suggested to me what do you do if you have different -- some
25      facts are material for some of your arguments and some facts
```

1      are material for others of your other causes of action.
2      You're welcome to break it up that way, you know, "Cause of
3      Action 1:  Here are the three material undisputed facts.
4      Cause of Action 2:  Here are four undisputed material facts."
5              If you think about it that way, what it is I am
6      wrestling with in deciding whether to grant or deny summary
7      judgment, instead of, here's where we tell the story, I think
8      that helps focus it and maybe avoids these -- I have had
9      defendants file, you know, 200 undisputed material facts.
10     It's really not helpful for any of us.  So --
11             I also have a little bit of a last thing on the
12     summary judgment, and then I will let you go.  If you're
13     giving me portions of a deposition and the moving party gives
14     me pages 4 and 6 and the opposing party gives me page 5 and
15     the reply brief gives me page 7, I have to turn to three
16     documents to get the -- to try to read it through front to
17     back.
18             So if you're adding material to a -- you know, I
19     don't -- I don't want the whole deposition.  You don't need
20     to file the whole deposition.  But if you file -- you know,
21     here are these four pages, and the opposing party or the
22     replying party has a few more to add in between, can you just
23     give me a consolidated of them?
24             You know, so movant says 5 and 6, the opposing
25     party gives me 4, 5, and 6, and the reply party gives me 4,

```
 1    5, 6, and 7; then I can just click on one document and just
 2    read the whole thing, rather than flipping pages like that.
 3              That's all I have.  So how much time do you need to
 4    get me a proposed schedule?  How about by the end of the
 5    week?
 6              MS. ELOVECKY:  I can do that, Your Honor.
 7              MR. EPSTEIN:  That's fine, Your Honor.
 8              MR. GREENE:  That's fine, Your Honor.  Thank you.
 9              THE COURT:  Okay.  Anything else?
10              MS. ELOVECKY:  Not from me, Your Honor.
11              MR. EPSTEIN:  No, Your Honor.
12              THE COURT:  And I've lost track of where we are.
13    This is a pre-expert witness fact -- summary judgment
14    motions, correct?
15              MS. ELOVECKY:  Yes.
16              MR. EPSTEIN:  That's correct.
17              THE COURT:  So we will resolve them.  If summary
18    judgment is granted, that's the end.  If summary judgment is
19    denied in part, I'll get you back in for another status
20    conference and set whatever else we need to set.
21              MS. ELOVECKY:  Okay.
22              MR. EPSTEIN:  Okay.
23              THE COURT:  Thank you.
24              This -- the case is a 2019 case, which means it is
25    on my reportable list of old cases.  I will have to report it
```

```
 1    in September on the schedule.  I don't want to have to report
 2    it at the end of March.  So hopefully this will be resolved
 3    in a way that either we're getting summary judgment decided
 4    before then or we're going to trial by then.
 5              MS. ELOVECKY:  Sounds good, Your Honor.
 6              THE COURT:  Thank you.
 7              MR. GREENE:  Thank you, Your Honor.
 8              MR. EPSTEIN:  Thank you, Your Honor.
 9              THE COURT:  We are in recess.
10              (Court in recess at 2:46 p.m.)
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

**CERTIFICATE OF OFFICIAL REPORTER**

   I, Robert W. Paschal, Registered Merit Reporter and Certified Realtime Reporter, in and for the United States District Court for the District of Massachusetts, do hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing pages are a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

              Dated this 21st day of October, 2022.



              /s/ Robert W. Paschal
              _____
              ROBERT W. PASCHAL, RMR, CRR
              Official Court Reporter