# Exhibit 26

## Page 58

Q. If she hasn't frozen.

MS. ELOVECKY: I think she's frozen. While she's frozen, do you mind if we take -- well, I know you just asked a question, but do you mind if she needs to reconnect if I take a bio break?

MR. EPSTEIN: I would like her to -- yeah, all right. Why don't we take a bio break. That's fine. Five minutes or ten minutes, what do you need?

MS. ELOVECKY: I only need five. If you want to take ten, since we are breaking anyway?

MR. EPSTEIN: Okay.

MS. ELOVECKY: 12:20.

(Short Recess Taken.)

THE REPORTER: "QUESTION: Did you have a differentiation in your mind between The New York Times, the newspaper, and The New York Times Magazine, which comes out on Saturday or Sunday, depending upon where you live?"

MS. ELOVECKY: Objection for the record.

Q. Let me -- when you contacted Bob Kolker, in your mind, was there a difference between The New York Times and The New York Times Magazine?

## Page 60

A. I don't agree with the premises of that question. I don't see this as a perpetuation. The litigation itself is perpetual.

Q. It is perpetual until it ends, that's correct. But don't you think the litigation would resolve whatever dispute you had with Ms. Larson?

MS. ELOVECKY: Objection.

A. Actually there are aspects of my dispute with Ms. Larson, with Sonya, that are outside of the jurisdiction of the court.

Q. So what are they?

MS. ELOVECKY: Objection.

You can answer.

A. There are many ethical aspects to this dispute with Sonya Larson.

Q. Aren't they before the court right now?

A. No. Not as I understand it. They are context. They are story supporting the claims back and forth, but as far as I know, they are not the matter being litigated in the jurisdiction of the federal court.

Q. Well, you made plagiarism claims against Ms. Larson, you made copyright infringements