# EXHIBIT D

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

SONYA LARSON

Plaintiff,

v.

DAWN DORLAND PERRY, et al.

Defendants.

Civil Action No.

1:19-cv-10203-IT

## PLAINTIFF, SONYA LARSON'S OBJECTIONS AND RESPONSES TO THE FIRST REQUEST FOR PRODUCTION OF DOCUMENTS OF DEFENDANT, DAWN DORLAND PERRY

### GENERAL OBJECTIONS

Plaintiff objects to the definitions and instructions contained in the first request for documents of Defendant, Dawn Dorland Perry ("Ms. Dorland") on the grounds that they are overly broad, vague, unduly burdensome and beyond the scope of discovery set forth in the Federal Rules of Civil Procedure and/or give meaning to words different from their ordinary English meanings or definitions including those set forth in applicable statutes or court rules. By responding to said document requests, Plaintiff does not in any way adopt Defendant's purported definitions contained in this discovery request to the extent they are inconsistent with the ordinary and customary meanings of such words and phrases or the rules governing the permissible scope of discovery.

Plaintiff also objects to producing electronic copies of documents in the formats requested in that they are not required by the Federal Rules. Plaintiff will produce paper copies of all relevant, material and non-objectionable documents.

Plaintiff further objects to producing any documents and things that are protected by the attorney-client privilege, attorney work product privilege, and/or relate to communications with her attorneys.

Subject to said objections, Plaintiff responds as follows:

DOCUMENTS REQUESTED

1. Copies of all drafts and/or versions of "*The Kindest*", regardless of whether or not said draft or version was published, and regardless of whether the story had been assigned the title of "*The Kindest*" at the time of the draft at issue.

**Response:** OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly vague, ambiguous and burdensome.  Subject to and without waiving the General objections and these specific objections, Plaintiff states as follows:

Plaintiff, Sonya Larson refers Ms. Dorland to Larson's Initial Disclosures that were provided to all counsel by letter dated April 24, 2020, and her answers and responses to all interrogatories she has answered in this Action propounded by all of the Defendants, responses to document requests made by all Defendants that have been or will be made, as well as all exhibits that have been submitted to court as part of various pleadings in this Action, all of which are incorporated herein by reference.

2. All documents reflecting your research related to *The Kindest*, including but not limited to articles read, documents reviewed, websites visited, videos watched, or any other research associated with your writing of *The Kindest* in whatever form.

**Response:** OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly vague, ambiguous and burdensome.  Plaintiff also objects to the word, "research," which is vague and ambiguous.  Subject to and without waiving the General objections and these specific objections, Plaintiff refers Ms. Dorland to her answer to Interrogatory 5 and the written materials referenced in said answer, which are incorporated herein by reference.

3. All documents reflecting or concerning communications between you and any other person that references or relates to Ms. Dorland.

**Response:** OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly vague, ambiguous and burdensome, and not reasonably calculated to lead to the

production of admissible evidence.  Plaintiff also objects to producing documents that reference or relate to Ms. Dorland but do not reference or relate to the subject matter of the Amended Complaint.  Subject to said objections, Plaintiff will produce relevant and material emails and messages.

4. All communications between you and Ms. Dorland, from January 1, 2012 through the present.

**Response**: OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly vague, ambiguous and burdensome.  Plaintiff also objects to producing documents that reference or relate to Ms. Dorland but do not reference or relate to the subject matter of the Amended Complaint.  Subject to said objections, Plaintiff will produce relevant and material emails and messages.

5. All communications concerning any publication of *The Kindest*, regardless of format.

**Response**: OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly vague, ambiguous and burdensome, and not reasonably calculated to lead to the production of admissible evidence.  Plaintiff also objects to the word "publication" which has differing definitions depending on the context in which the word is used.  Subject to said objections, Plaintiff will produce relevant and material emails and messages that are in her possession.

6. All documents concerning publication of *The Kindest*, including but not limited to contracts, including but not limited to all drafts, versions and proposals.

**Response**: OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly vague, ambiguous and burdensome, and not reasonably calculated to lead to the production of admissible evidence.  Plaintiff also objects to the word "publication" which has

differing definitions depending on the context in which the word is used.  Subject to said

objections, Plaintiff refers Ms. Dorland to her Initial Disclosures produced on or about April 24,

2020 ("Initial Disclosures"), as well as all memoranda and other pleadings, which contain copies

of said documents, and some additional documents that are being produced.


7. All communications evidencing transmittal of any draft, version, or iteration of *The Kindest*,
whether or not said draft, version or iteration had been assigned the title of "*The Kindest*" at the
time of said communication or transmittal, including but not limited to transmittals of *The
Kindest* to publishers (including electronic, audio and/or web-based publishers), potential
publishers, readers, editors, agents, potential agents, writing group members, mentors,
professors, instructors, peers, family members, friends, contests, conferences, or any other
entities.

**Response**: OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is overly

broad, unduly vague, ambiguous and burdensome, and not reasonably calculated to lead to the

production of admissible evidence.  Subject to said objections, Plaintiff refers Ms. Dorland to her

Initial Disclosures and her Answers to Interrogatories in this Action, which are incorporated

herein by reference, and some additional documents that are being produced.


8. Documents reflecting, referencing and/or concerning your membership in the Facebook group
referenced in Paragraph 11 of the Complaint.

**Response**:  OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is unduly

vague and ambiguous in that Plaintiff did not ask to be a "member" of the group.  While some

documents that are being produced happen to mention the Facebook group, Plaintiff does not

believe that she has any documents that are relevant and material tot his request as it is worded.


9. Communications referencing or concerning the Facebook group referred to in Paragraph 11 of
the Complaint.

**Response**: Plaintiff will produce documents she has been able to locate to date that are relevant

and material to the 2015 Factual Letter that Ms. Dorland posted on her Facebook site.


10. Copies of all notes taken by you concerning the Dorland Letter, as referenced in Paragraph 17 of the Complaint.

**Response**: Plaintiff believes that she copied and pasted her notes into her first draft of the story,

which is being produced.


11. All documents and communications regarding the Dorland Letter.

**Response**: OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is overly

broad, unduly vague, ambiguous and burdensome, and not reasonably calculated to lead to the

production of admissible evidence.  Subject to said objections, Plaintiff refers Ms. Dorland to her

Initial Disclosures, her Answers to Interrogatories in this Action, and all documents that are

being produced in response to this document request, all of which are incorporated herein by

reference.


12. All copies of the Dorland Letter in your possession, custody and control.

**Response**: OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is overly

broad, unduly vague, ambiguous and burdensome.  Subject to said objections, Plaintiff refers Ms.

Dorland to her Initial Disclosures as well as all memoranda and other pleadings in this Action,

and all documents that are being produced in response to this document request, all of which are

incorporated herein by reference.


13. Documents sufficient to show the date(s) that the Dorland Letter came into your possession, custody and control.

**Response:** OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly vague, ambiguous and burdensome and unlimited in time. Subject to said objections, Plaintiff refers Ms. Dorland to her answer to Interrogatory No. 4, which states that Plaintiff received a copy of the letter on or about June 8, 2018 from Rebecca Markovits of American Short Fiction. A copy of relevant email exchanges with Ms. Markovits will be produced.

14. Documents sufficient to show your research concerning the concept of a "paired exchange" as that term relates to a kidney donation.

**Response:** Plaintiff does not believe that she has any documents that are relevant and material to this request.

15. Documents sufficient to show when the term "paired exchange" first appeared in The Kindest, regardless of whether the story had been assigned that title at the time.

**Response:** Plaintiff will produce the first draft of the story in question.

16. All documents reflecting edits to The Kindest during the period of 2014 through the present.

**Response:** OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly vague, ambiguous and burdensome. Subject to and without waiving the General objections and these specific objections, Plaintiff refers Ms. Dorland to Larson's Initial Disclosures, and her answers and responses to all interrogatories she has answered in this Action propounded by all of the Defendants, responses to document requests made by all Defendants that have been or will be made, as well as all exhibits that have been submitted to court as part of various pleadings in this Action, all of which are incorporated herein by reference.

17. Documents sufficient to show the date when you first conceived of the concept of *The Kindest*.

**Response**: Plaintiff does not believe that she has any documents that are relevant and material to this request. See, Plaintiff's answer to Ms. Dorland's Interrogatory No. 10.

18. Copies of all sample letters written to or from kidney donation recipients reviewed, researched by you as referenced in Paragraph 20 of the Complaint.

**Response**: OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly vague, ambiguous and burdensome. Plaintiff also objects to the word, "research," which is vague and ambiguous. Subject to and without waiving the General objections and these specific objections, Plaintiff refers Ms. Dorland to her answer to Dorland's Interrogatory 5 and the written materials referenced in said answer, which are incorporated herein by reference.

19. All documents referencing or reflecting the source of all sample letters written to or from kidney donation recipients reviewed or researched by you as referenced in Paragraph 20 of the Complaint.

**Response**: OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly vague, ambiguous and burdensome. Plaintiff also objects to the word, "research," which is vague and ambiguous. Subject to and without waiving the General objections and these specific objections, Plaintiff refers Ms. Dorland to her answer to Interrogatory 5 and the written materials referenced in said answer, which are incorporated herein by reference.

20. All documents concerning the June 22, 2016 reading of *The Kindest* referenced in Paragraph 21 of the Complaint.

**Response:** Plaintiff will produce the portion of *The Kindest* that she read on June 22, 2016.

21. All "emails and text messages" from Dorland in which she "hound[ed]" you concerning *The Kindest*, as referenced in Paragraph 24 of the Complaint.

**Response:** All relevant and material emails and text messages that the Plaintiff has been able to find to date will be produced.

22. All documents reflecting Dorland's alleged "insistence" on an apology from you, as referenced in Paragraph 25 of the Complaint.

**Response:** All relevant and material emails and text messages that Plaintiff has been able to find to date will be produced.

23. All communications from Plympton concerning Plympton's "scouting" you for new stories, as referenced in Paragraph 27 of the Complaint.

**Response:** All relevant and material emails and text messages that are in Plaintiff's possession will be produced.

24. A copy of the draft of *The Kindest* as provided to Plympton as referenced in Paragraph 27 of the Complaint.

**Response:** A copy will be produced.

25. All documents and communications concerning, referencing or reflecting the sublicense between Plympton and Audible as referenced in Paragraph 28 of the Complaint.

**Response:** All relevant and material emails and text messages that are in Plaintiff's possession will be produced.

26. All documents and communications concerning all versions of *The Kindest* published by Audible.

**Response**:  All relevant and material emails and text messages that are in Plaintiff's possession will be produced.

27. All documents and communications concerning all changes to *The Kindest* by Audible requested by you, as referenced in Paragraph 30 to the Complaint.

**Response**:  All relevant and material emails and text messages that are in Plaintiff's possession will be produced.

28. All communications between you and Audible concerning *The Kindest*, Ms. Dorland, and the Dorland Letter.

**Response**:  All relevant and material emails and text messages that are in Plaintiff's possession will be produced.

29. All communications between you and Audible concerning press coverage of Ms. Dorland's allegation that you copied the Dorland Letter.

**Response**:  All relevant and material emails and text messages that are in Plaintiff's possession will be produced.

30. All communications between you and ASF concerning the publication of *The Kindest* as referenced in Paragraph 31 of the Complaint.

**Response**:  All relevant and material emails and text messages that are in Plaintiff's possession will be produced.

31. All documents related to the publication of *The Kindest* by ASF, including but not limited to any all contracts, including drafts and proposals.

**Response**:  All relevant and material emails and text messages that are in Plaintiff's possession will be produced.  The contract with ASF has already been produced in Plaintiff's Initial Disclosures and Ms. Dorland is referred to said document which is incorporated herein by reference.

32. All communications between you and ASF concerning *The Kindest*, Ms. Dorland and the Dorland Letter.

**Response**:  All relevant and material emails and text messages that are in Plaintiff's possession will be produced.  The contract with ASF has already been produced in Plaintiff's Initial Disclosures and Ms. Dorland is referred to said document which is incorporated herein by reference.

33. All communications between you and ASF concerning press coverage of Ms. Dorland's allegation that you copied the Dorland Letter.

**Response**:  All relevant and material emails and text messages that are in Plaintiff's possession will be produced.

34. All communications between you and ASF regarding the BBF.

**Response**:  All relevant and material non-privileged emails and text messages that are in Plaintiff's possession will be produced.

35. All communications between ASF and BBF.

**Response**:  All relevant and material emails and text messages that are in Plaintiff's possession will be produced.

36. All communications between you and ASF concerning ASF's decision to remove *The Kindest* from ASF's website.

**Response:** All relevant and material emails and text messages that are in Plaintiff's possession will be produced.

37. All documents and communications regarding or concerning your submission of *The Kindest* to BBF as referenced in Paragraph 32 of the Complaint.

38. All documents and communications concerning the BBF and *The Kindest*.

**Response:** All relevant and material non-privileged emails and text messages that are in Plaintiff's possession will be produced.

39. All documents and communications concerning *The Kindest* and One City/One Story, as referenced in Paragraph 35 of the Complaint, including but not limited to the version of *The Kindest* submitted to One City/One Story and/or BBF.

**Response:** All relevant and material non-privileged emails and text messages that are in Plaintiff's possession will be produced.

40. All communications with the BBF concerning similarities between the Dorland Letter and the letter contained in *The Kindest*.

**Response:** All relevant and material non-privileged emails and text messages that are in Plaintiff's possession will be produced.

41. All communications with the BBF concerning changes to *The Kindest*.

**Response:** All relevant and material non-privileged emails and text messages that are in Plaintiff's possession will be produced.

42. All communications with the BBF concerning Ms. Dorland and the Dorland Letter.

**Response:** All relevant and material non-privileged emails and text messages that are in Plaintiff's possession will be produced.

43. All communications between you and your writing group, as referenced in Paragraph 38 of the Complaint, concerning *The Kindest*, regardless of whether or not the story had been assigned that title at the time of the communication.

**Response**: OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly vague, ambiguous and burdensome.  Subject to and without waiving the General objections and these specific objections, all relevant and material non-privileged emails and text messages that are in Plaintiff's possession will be produced.

44. All communications between you and your writing group, as referenced in Paragraph 38 of the Complaint, concerning Ms. Dorland and/or the Dorland Letter.

**Response**: OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly vague, ambiguous and burdensome.  Subject to and without waiving the General objections and these specific objections, all relevant and material emails and text messages that are in Plaintiff's possession will be produced.

45. All communications between you and your writing group, as referenced in Paragraph 38 of the Complaint, concerning the BBF, including but not limited to the One City One Story contest, as relates to *The Kindest*, the Dorland Letter, or Ms. Dorland.

**Response**: OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly vague, ambiguous and burdensome.  Subject to and without waiving the General objections and these specific objections, all relevant and material non-privileged emails and text messages that are in Plaintiff's possession will be produced.

46. All communications between members of your writing group and the BBF concerning *The Kindest*, Ms. Dorland or the Dorland Letter, to the extent you were copied and/or have a copy in your possession, custody or control.

**Response**: OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly vague, ambiguous and burdensome.  Subject to and without waiving the General objections and these specific objections, all relevant and material emails and text messages that are in Plaintiff's possession will be produced.

47. All communications between members of your writing group and any other entity concerning Ms. Dorland, *The Kindest* or the Dorland Letter, to the extent you were copied and/or have a copy in your possession, custody or control.

**Response**: OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly vague, ambiguous and burdensome.  Subject to and without waiving the General objections and these specific objections, all relevant and material emails and text messages related to *The Kindest* and the Dorland Letter that are in Plaintiff's possession will be produced.

48. All communications between you and your writing group, as referenced in Paragraph 38 of the Complaint, concerning the Dorland Letter.

**Response**: OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly vague, ambiguous and burdensome.  Subject to and without waiving the General objections and these specific objections, all relevant and material emails and text messages that are in Plaintiff's possession will be produced.

49. All communications between you and your writing group, as referenced in Paragraph 38 of the Complaint, concerning kidney donations.

**Response**: OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly vague, ambiguous and burdensome. Subject to and without waiving the General

objections and these specific objections, all relevant and material non-privileged emails and text messages that are in Plaintiff's possession will be produced.

50. All communications between your friends and the BBF, as referenced in P's Initial Disc. 131, to the extent you were copied and/or have a copy in your possession, custody or control.

**Response**: OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly vague, ambiguous and burdensome.  Subject to and without waiving the General objections and these specific objections, all relevant and material emails and text messages that are in Plaintiff's possession will be produced.

51. All documents referencing or reflecting demands or claims for legal fees made by the BBF upon you related to *The Kindest*, Ms. Dorland and/or the Dorland Letter.

**Response**:  Plaintiff refers to her Initial Disclosures, and her answers and responses to all interrogatories she has answered in this Action propounded by all of the Defendants, responses to document requests made by all Defendants that have been or will be made, as well as all exhibits that have been submitted to court as part of various pleadings in this Action, all of which are incorporated herein by reference.

52. All communications between you and your writing group, as referenced in Paragraph 38 of the Complaint, concerning Ms. Dorland's allegations of plagiarism (also referenced in Paragraph 38 of the Complaint).

**Response**: OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly vague, ambiguous and burdensome.  Subject to and without waiving the General objections and these specific objections, all relevant and material non-privileged emails and text messages that are in Plaintiff's possession will be produced.

53. All communications between you and your writing group, as referenced in Paragraph 38 of the Complaint, concerning articles published in the Boston Globe concerning *The Kindest* and/or Ms. Dorland and you.

**Response**: OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly vague, ambiguous and burdensome.  Subject to and without waiving the General objections and these specific objections, all relevant and material non-privileged emails and text messages that are in Plaintiff's possession will be produced.

54. All documents and/or communications between you and the BBF (including but not limited to the One City/One Story Board) concerning Ms. Dorland and/or the Dorland Letter and/or Ms. Dorland's plagiarism and/or copyright infringement violation allegations.

**Response**: OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly vague, ambiguous and burdensome.  Subject to and without waiving the General objections and these specific objections, all relevant and material non-privileged emails and text messages that are in Plaintiff's possession will be produced.

55. All documents and/or communications between you and ASF concerning Ms. Dorland.

**Response**: All relevant and material non-privileged emails and text messages related to The Kindest and Ms. Dorland that are in Plaintiff's possession will be produced.

56. All communications between you and ASF concerning the Dorland Letter.

**Response**: All relevant and material emails and text messages that are in Plaintiff's possession will be produced.

57. All communications between you and ASF concerning Ms. Dorland's plagiarism and/or copyright infringement violation allegations against you.

**Response**: OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is confusing, unduly vague, ambiguous and burdensome.  Subject to and without waiving the General objections and these specific objections, relevant and material non-privileged emails and text messages that are in Plaintiff's possession will be produced.

58. All communications between you and any other person concerning Ms. Dorland's allegation that you copied and/or plagiarized the Dorland Letter.

**Response**: OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is confusing, unduly vague, ambiguous and burdensome.  Subject to and without waiving the General objections and these specific objections, relevant and material non-privileged emails and text messages that are in Plaintiff's possession will be produced.

59. All communications between you and any other person concerning Ms. Dorland's allegation that you infringed her copyright in the Dorland Letter.

**Response**: OBJECTION: Plaintiff objects to this interrogatory to the extent that it implies that Ms. Dorland owns the copyright to the Dorland Letter.  Subject to and without waiving the General objections and this specific objection, relevant and material non-privileged emails and text messages that are in Plaintiff's possession will be produced.

60. All documents and/or communications between yourself and GrubStreet concerning Ms. Dorland.

**Response:** OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is confusing, unduly vague, ambiguous and burdensome. Subject to and without waiving the general objections and these specific objections, relevant and material emails and text messages relative to *The Kindest,* Ms. Dorland and GrubStreet that are in Plaintiff's possession will be produced.

61. All communications between you and GrubStreet concerning the Dorland Letter.

**Response:** OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is confusing, unduly vague, ambiguous and burdensome. Subject to and without waiving the general objections and these specific objections, relevant and material non-privileged emails and text messages relative to *The Kindest* that are in Plaintiff's possession will be produced.

62. All communications between you and GrubStreet concerning Ms. Dorland's plagiarism and/or copyright infringement violation allegations.

**Response:** OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is confusing, unduly vague, ambiguous and burdensome. Subject to and without waiving the general objections and these specific objections, relevant and material non-privileged emails and text messages relative to *The Kindest* and Ms. Dorland that are in Plaintiff's possession will be produced.

63. All documents and/or communications between yourself and Bread Loaf Writers' Conference and/or representatives of Middlebury College concerning Ms. Dorland.

**Response**: OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is confusing, unduly vague, ambiguous and burdensome.  Subject to and without waiving the general objections and these specific objections, relevant and material emails and text messages relative to *The Kindest* and Ms. Dorland that are in Plaintiff's possession will be produced.

64. All communications between yourself and Bread Loaf Writers' Conference and/or representatives of Middlebury College concerning *The Kindest*.

**Response**: OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is confusing, unduly vague, ambiguous and burdensome.  Subject to and without waiving the general objections and these specific objections, relevant and material non-privileged emails and text messages relative to *The Kindest* that are in Plaintiff's possession will be produced.

65. All communications between yourself and Bread Loaf Writers' Conference and/or representatives of Middlebury College concerning the Dorland Letter.

**Response**: OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is confusing, unduly vague, ambiguous and burdensome.  Subject to and without waiving the general objections and these specific objections, relevant and material non-privileged emails and text messages relative to *The Kindest* that are in Plaintiff's possession will be produced.

66. All communications between yourself and Bread Loaf Writers' Conference and/or representatives of Middlebury College concerning Ms. Dorland's plagiarism and/or copyright infringement violation allegations against you.

**Response**: OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is confusing, unduly vague, ambiguous and burdensome.  Subject to and without waiving the

general objections and these specific objections, relevant and material non-privileged emails and

text messages relative to *The Kindest* that are in Plaintiff's possession will be produced.

67. Your submission to Bread Loaf Writer's Conference and/or Middlebury College, including
all writing samples provided to those entities in 2016, 2017 or 2018, including but not limited to
as support for any application for a tuition scholarship.

**Response**: OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is

confusing, unduly vague, ambiguous, burdensome, irrelevant, immaterial and not reasonably

calculated to lead to the production of admissible evidence.  Subject to and without waiving the

general objections and these specific objections, Plaintiff did not submit *The Kindest* in

connection with her application to Bread Loaf Writer's Conference and/or Middlebury College

in 2016, 2017 or 2018.

68. All documents and communications evidencing Ms. Dorland's contacts with "various writing
communities in the United States" concerning her claims of plagiarism, as referenced in
Paragraph 45 of the Complaint.

**Response**: Many of the requested documents were produced by Dorland or her legal counsel and

will not be duplicated.  However, to the extent there are other relevant and material emails and

text messages that are in Plaintiff's possession, they will be produced.

69. All communications between you and the Boston Globe, or any representative of the Boston
Globe, concerning Ms. Dorland, *The Kindest* and/or the Dorland Letter.

**Response**: All relevant and material non-privileged emails and text messages that are in

Plaintiff's possession will be produced.

70. All communications between you and any other person concerning the Boston Globe article
titled "Inspiration or plagiarism? Writing hackles raised in Boston dispute" published on July 26,
2018.

**Response**: All relevant and material non-privileged emails and text messages that are in

Plaintiff's possession will be produced.


71. All communications between you and any other person concerning the Boston Globe article titled "Boston Book Festival cancels One City One Story event amid plagiarism flap" published on August 13, 2018.

**Response**: All relevant and material non-privileged emails and text messages that are in

Plaintiff's possession will be produced.

72. All documents and communications concerning all payments and/or receipts received by you related to *The Kindest* and/or the Dorland Letter, including but not limited to royalties, license fees, contract payments, speaker fees, booking fees, reimbursements, sublicensing fees, and any other income of any kind related to *The Kindest* and/or the Dorland Letter.

**Response**: OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is

confusing, unduly vague, ambiguous, burdensome, irrelevant, immaterial and not reasonably

calculated to lead to the production of admissible evidence.  Subject to and without waiving the

general objections and these specific objections, Plaintiff will produce documents that have a

direct connection to the short story called *The Kindest*.  See my answer to Dorland's

Interrogatory No. 16.


73. All documents evidencing Ms. Dorland's permission and/or authorization for the inclusion of the Dorland Letter within *The Kindest*.

**Response**: OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is

confusing, unduly vague, ambiguous, burdensome, irrelevant, immaterial and not reasonably

calculated to lead to the production of admissible evidence.  Subject to and without waiving

these objections, Plaintiff states that she did not include the Dorland Letter within *The Kindest*.

74. All documents and correspondence evidencing that Ms. Dorland's claim of plagiarism was "false," as referenced in Paragraph 52 of the Complaint. *Any documents produced in response to this request must be clearly marked as being responsive to this request.*

**Response**: OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is confusing, unduly vague, ambiguous, burdensome, irrelevant, immaterial and not reasonably calculated to lead to the production of admissible evidence.  Plaintiff also objects in that she will comply with the Federal Rules of Civil Procedure in responding to this request and not otherwise.  Subject to and without waiving these objections, Plaintiff states that the versions of *The Kindest* that she has produced herewith and in various pleadings, and in her Initial Disclosures speak for themselves.

75. All documents and communications concerning the BBF's rescission of its selection of *The Kindest* as the One City/One Story selection.

**Response**: All relevant and material non-privileged emails and text messages that are in Plaintiff's possession will be produced.

76. All communications and/or documents concerning any damages suffered by the BBF as a result of the rescission of the BBF's selection of *The Kindest* as its 2018 One City / One Story selection, as referenced in Paragraph 59 of the Complaint.

**Response**: All relevant and material non-privileged emails and text messages that are in Plaintiff's possession will be produced.

77. All documents and communications supporting your claim that "[t]he BBF's decision to pull Larson's short story had nothing to do with the validity of Dorland's claim of plagiarism or copyright infringement" as contained in Paragraph 59 of the Complaint.

**Response**: OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is confusing, unduly vague, ambiguous, burdensome, irrelevant, immaterial and not reasonably

calculated to lead to the production of admissible evidence.  Subject to and without waiving

these objections, Plaintiff states that all relevant and material non-privileged emails and text

messages that are in Plaintiff's possession will be produced.

78. All documents and/or communications referencing "white saviors" or "white savior
narratives" as a "tone" you identified in the Dorland Letter," as referenced in the document
labeled "P's Initial Disc 88".

**Response**: OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is

confusing, unduly vague, ambiguous, burdensome, irrelevant, immaterial.  A white savior

narrative includes a situation where a white character rescues non-white characters from

unfortunate circumstances.  Subject to and without waiving these objections, Plaintiff states that

the versions of *The Kindest* that she has produced in various pleadings and her Initial Disclosures

speak for themselves.

79. All documents and communications reflecting essays, stories or any other writings authored
by Ms. Dorland read and/or reviewed by you, including but not limited to copies of said writings.

**Response**: OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is

confusing, unduly vague, ambiguous, burdensome, irrelevant, immaterial and not reasonably

calculated to lead to the production of admissible evidence.

80. All drafts of the story authored by you currently titled "At the Bottom of New Lake",
regardless of whether or not it had been assigned said title at the time of the drafts.

**Response**: OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is

confusing, unduly vague, ambiguous, burdensome, irrelevant, immaterial and not reasonably

calculated to lead to the production of admissible evidence.

81. All attachments referenced in the documents produced as your Initial Disclosures, and which were not produced.

**Response**: OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is unduly vague and ambiguous.  Plaintiff will produce any non-privileged documents that are relevant and material to this Action upon specific request of said documents by Ms. Dorland.

82. A complete copy of the document reflected at P's Initial Disc. 132, without redactions. If said document is claimed as privileged, then a privilege log consistent with the Instructions contained herein.

**Response**: OBJECTION: Plaintiff will comply with the Federal Rules of Civil Procedure, but she objects to this interrogatory on the grounds that the communication that was redacted is privileged under the attorney/client privilege.

83. All documents and communications concerning or referencing the Escrow Agreement produced at Ps Initial Disc 149, et seq.

**Response**: All relevant and material non-privileged emails and text messages that are in Plaintiff's possession will be produced.

84. All correspondence between you and the U.S. Copyright Office concerning all versions of *The Kindest*.

The application for registration was filed electronically by counsel for Plaintiff.  Without waiving the attorney-client privilege or the work product privilege, documents with the Copyright Office will be produced.

85. All documents evidencing any and all copyrights you own concerning all versions of *The Kindest*.

**Response**: Plaintiff has already produced a copy of the Certificate of Registration for *The Kindest*.  See, Amended Complaint.

86. All documents provided to any expert in this matter.

**Response**: OBJECTION: Plaintiff objects to this interrogatory on the grounds that the reference to an "expert" it is unduly vague and ambiguous and may be irrelevant and immaterial to the allegations in the Complaint, and may be protected as attorney work-product.

87. All documents concerning reports Ms. Larson has received from experts, consultants, or other professionals, concerning any of the allegations, claims, or defenses at issue in this action.

**Response**: OBJECTION: Plaintiff objects to this interrogatory on the grounds that the reference to "experts, consultants or other professionals" it is unduly vague and ambiguous, may be irrelevant and immaterial to the allegations in the Complaint, and may be protected as attorney work-product.

88. All documents you intend to rely upon at the trial of this matter.

**Response**: Plaintiff has not yet determined which documents she will rely on at trial and she will supplement this response as required by Judge Talwani.

89. All documents received pursuant to subpoenas issued to third parties in connection with this matter.

None.

90. The curriculum vitae of each expert whom you expect to call at trial in this case.

**Response**: Plaintiff has not yet determined who, if anyone, she will call to testify at trial as an expert witness, and she will supplement this response as required by Judge Talwani.

91. Any and all documents relied upon by any expert whom you intend to call at trial in this case.

**Response**: Plaintiff has not yet determined who, if anyone, she will call to testify at trial as an expert witness, and she will supplement this response as required by Judge Talwani.

92. Any and all statements of persons having any knowledge relevant to this action by whatever means preserved or recorded.

**Response**: OBJECTION: Plaintiff objects to this interrogatory on the grounds that it is confusing, unduly vague, ambiguous, burdensome, irrelevant, immaterial and not reasonably calculated to lead to the production of admissible evidence.

SONYA LARSON,
By her attorney,

/s *Andrew D. Epstein*

Andrew D. Epstein, Esquire (BBO #155140)
Barker, Epstein & Loscocco
176 Federal Street
Boston, MA 02110
Tel: (617) 482-4900
Direct Line: (617) 272-5700
Fax: (617) 426-5251
Photolaw@aol.com