# Exhibit 42

story since the very early versions when the character had even shared my name. The story now contains the signature line, "Kindly, Rose," as my letter has the signature line, "Kindly, Dawn." (Ms. Larson and her friends had, at one point, joked that the story should be titled, "Kindly, Dawn," and further joked that the publishers of the story would be very confused by this title, since there was no longer a character in the story named "Dawn.")

I believe that there are further similarities in tone and structure which are obvious to a reader but which are not able to be reduced to writing. I also am not able to articulate all of the legally significant similarities, as I am a layperson who does not have legal training, and I defer to my counsel to articulate additional similarities in the course of this litigation.

**Interrogatory No. 23**

Please explain and itemize in as much detail as possible the damages that you are claiming from with respect to each version of *The Kindest.*, including the ASF version, the Brilliance version, the Audible version, the BBF version and the Welcome to the Neighborhood version.

RESPONSE TO INTERROGATORY NO. 23:

Ms. Dorland objects to Interrogatory No. 23 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, nor is it proportionate to the needs of this litigation. Ms. Dorland further objects to Interrogatory No. 23 on the grounds that it is vague and ambiguous. Ms. Dorland further objects on the grounds that, in light of the several subparts contained in the above Interrogatories, Interrogatory No. 23 exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure. Notwithstanding and without waiving the foregoing, Ms. Dorland responds as follows:

The damages that I have suffered as a result of Ms. Larson's actions in copying my letter and the current litigation include the following:

9

1. All profits earned by Ms. Larson as a result of the inclusion of my work within her story, The Kindest. The profits include: $25,000 received from the National Endowment of the Arts; $300 received from American Short fiction; $1,800 received from Somerville Arts Council Fellowship; $125 received from Plympton; any additional profits received for The Kindest not yet disclosed, including but not limited to publishing rights, licensing rights, royalties received, speaking engagement fees, or any other income/profits related to The Kindest which has not been disclosed.

2. My attorney's fees incurred in connection with this litigation, which was initiated by Ms. Larson in bad faith, including the advancement and maintenance of claims for defamation and intentional interference with contracts, and intentional interference with advantageous business relationships, which Ms. Larson and her counsel knew to be brought in bad faith, based on Ms. Larson's knowledge that my claims of her use of my writing were true, as her own statements disclosed in discovery admit to her use of my writing within her story. At bottom, Ms. Larson knew that she submitted a story to Plympton for publication which contained a near exact copy of my letter/original writing within her short story The Kindest, and which was published by Plympton pursuant to an agreement entered into with Ms. Larson. Subsequently, Ms. Larson submitted for publication a slight-edited version of the same story, which contained another, slightly altered, copy of my letter, to American Short Fiction, which once again was published in at least two formats. Ms. Larson is fully aware that when the BBF's attorneys reviewed this version of my letter within her story, they gave her the option of either (a) fully rewriting the letter (specifically instructing her that it must be rewritten, and that she could not simply swap out words and phrases), or (b) withdrawing her story from the One

City One Story program. While Ms. Larson was dishonest with her peer group about the BBF's ultimatum, and continues to be dishonest about these facts to this day, she was aware of this analysis, and still persisted in bringing this litigation, evidencing her bad faith in advancing these tort claims against me. Further, Ms. Larson's pursuit of a declaration concerning her copyright interests in The Kindest also constitutes bad faith, in light of the various admissions of copying made by Ms. Larson beginning in 2015 through at least 2018.

I hereby certify that the statements contained herein are true to the best of my knowledge as of today's date.

Under the penalties of perjury,

*[signature]*

Dawn Dorland Perry

Dated: 6/8/21

As to Objections:

~~April 2,~~ 2021
Jun. 12

/s/ *Suzanne M. Elovecky*

Suzanne Elovecky, BBO # 670047
PARTRIDGE SNOW & HAHN LLP
30 Federal Street
Boston, MA 02110
Phone: (617) 292-7900
Email: selovecky@psh.com

11