UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SONYA LARSON,<br><br>        Plaintiff<br><br>v.<br><br>DAWN DORLAND PERRY,<br>COHEN BUSINESS LAW GROUP, PC and<br>JEFFREY A. COHEN, ESQUIRE,<br><br>        Defendants<br><br>DAWN DORLAND PERRY,<br><br>        Plaintiff-in-Counterclaim<br><br>v.<br><br>SONYA LARSON,<br><br>        Defendant-in-Counterclaim | C.A. No. 1:19-cv-10203-IT |

**DAWN DORLAND PERRY'S MOTION TO STRIKE SONYA LARSON'S RESPONSE TO STATEMENT OF MATERIAL FACTS [DOC. NO. 197]**

        Defendant/Plaintiff-in-Counterclaim Dawn Dorland Perry ("Dorland") hereby moves to strike the Response to the Statement of Material Facts filed by Plaintiff/Defendant-in-Counterclaim Sonya Larson ("Larson" or "Plaintiff") on January 9, 2023 (Doc. No. 197) in its entirety on the grounds that it is untimely and fails to comply with the Federal Rules of Civil Procedure, and the Local Rules.[1]  In support of this Motion, Ms. Dorland states as follows:

---

[1] As previously argued in Ms. Dorland's Reply (Doc. No. 196), Ms. Larson again failed to comply with the Court's May 30, 2014, Rev. Feb. 8, 2022 Standing Order Regarding Motion

- 1 -

1.	The Court's October 27, 2019 Order clearly set Plaintiff's deadline to file "her opposition and any cross-motion for summary judgment" as December 9, 2022.  See Doc. No. 179.

2.	In accordance therewith, on December 9, 2022, Plaintiff Larson filed a cross-motion for summary judgment (Doc. No. 187), and supporting documents, but failed to submit any "concise statement of the material facts of record as to which [she] contended that there exists a genuine issue to be tried."  See L.R. 56.1.  Ms. Larson submitted a document entitled Sonya Larson's Statement of Undisputed Material Facts (Doc. No. 188), but this document only sets forth the facts which Ms. Larson contended are **undisputed**—as opposed to facts presenting genuine issue for trial (*e.g.*, a response to Ms. Dorland's Statement of Undisputed Material Facts).  A statement of **undisputed** material facts, as Ms. Larson filed on December 9, is the opposite of what the Local Rules require in an opposition to summary judgment.  See Wired Informatics, LLC v. OmniMD, Inc., 2022 WL 623870, at *1 (D. Mass. Mar. 3, 2022) (deeming admitted the plaintiff's statement of undisputed material facts where defendant failed to comply with L.R. 56.1); see also Brown v. Armstrong, 957 F. Supp. 1293, 1298 (D. Mass. 1997) (finding that plaintiff's fact statement, which did not distinguish material facts and facts of the case generally, and which made conclusory statements and allegations not supported by citations to the record did not comply with L.R. 56, and thus, the Court deemed all facts set forth in the defendants' fact statement to be admitted).

---

Practice, para. 4, requiring that the parties' memoranda be filed <u>after</u> evidentiary material is docketed, and that citations to evidentiary material on the docket shall include the CM/ECF generated document number and page number.  Here, too, Ms. Larson makes absolutely no effort to comply with the Court's explicit instructions.

3. Ms. Larson attempted to rectify this oversight by filing a Response to Ms. Dorland's Statement of Undisputed Material Facts with her Reply brief on January 9, 2023. See Doc. No. 197. This submission is not only untimely, but also, is wholly impermissible in substance in that it fails to cite to the record to show the existence of a genuine dispute. See Fed. R. Civ. P. 56(c)(1)(A)-(B) ("A party asserting that a fact is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, . . . admissions, interrogatory answers or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.").

4. If a party fails to properly address another party's assertion of fact as required by Rule 56(c), the court may consider the fact undisputed for purposes of the motion; [and] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it. Fed. R. Civ. P. 56(e). See also, Wired Informatics, LLC, 2022 WL 623870, at *1 (D. Mass. Mar. 3, 2022); Brown, 957 F. Supp. 1293, 1298 (D. Mass. 1997)

5. Many of Ms. Larson's "responses" to Ms. Dorland's Statement of Undisputed Facts are substantively non-responsive to the stated undisputed fact in that the responses do not address the text of the fact itself, nor are there citations to a particular part of the record to support the response, nor does the response show that the materials cited do not establish the absence or presence of a genuine dispute. See Fed. R. Civ. P. 56(c)(1)(A)-(B). The following excerpts from Ms. Larson's Response to Ms. Dorland's Statement of Undisputed Facts illustrate these deficiencies:

| Dorland SUMF No. | Dorland's SUMF & **Larson's Response** (in **bold**) | Dorland SUMF Cite |
|---|---|---|
| 7 | In late 2015, Ms. Larson submitted *The Kindest* to Plympton for publication in audio format, and it was accepted for publication.<br><br>**Larson Response: The agreement with Plympton is part of a written document that speaks for itself and it is not as characterized herein.** | Amadei Aff., Exs. G, H, RR at pp. 59-60, Doc. Nos. 181-7 181-8, 182-18 |
| 11 | The story was re-recorded and the re-recorded version was published by Audible; however, the original recorded version remained available on other platforms.<br><br>**Larson Response: The Brilliance Audio Version was published in violation of Larson's agreement with Plympton, and it was not authorized.** | Amadei Aff., Exs. Q, FF, Doc. Nos. 181-17, 182-6 |
| 12 | In the summer of 2016, Ms. Dorland and Ms. Larson corresponded by email concerning Ms. Larson's short story. At the time Ms. Larson told Ms. Dorland that the story was not yet completed, but that she would show Ms. Dorland a copy when it was finished.<br><br>**Larson Response: Larson was not obligated in any way to send her story to Dorland. Denied.** | Amadei Aff., Ex. N, Doc. No. 181-14 |
| 14 | In May 2018, ASF featured *The Kindest* on its website.<br><br>**Larson Response: Larson is not sure what the word "featured" means as it is used herein, and therefore denies this statement.** | Amadei Aff., Ex. X, Doc. No. 181-24; see also, Doc. No. 96-3 |
| 16 | Upon reading the portion of the story that contains a letter from a kidney donor to kidney recipient, Ms. Dorland immediately recognized her own letter.<br><br>**Larson Response: Larson denies this statement is true because she did not actually see her letter.** | Amadei Aff., Ex. Z, Doc. No. 181-26 |

See Doc. No. 197. The remainder of the document is replete with similar baseless and altogether irrelevant "responses". In some instances, Ms. Larson simply ignores the evidence cited by Ms. Dorland. See id., Doc. No. 197, Larson Resp. to SUMF Nos. 7, 8, 9, 12, 14, 24, 29. But even

more critically, in the entirety of the document, Ms. Larson makes no citations to the record to show that a genuine dispute of material fact exists.

6. Moreover, because Ms. Larson submitted her Response to Ms. Dorland's Statement of Undisputed Facts with her Reply brief (which was the final event of the summary judgment briefing schedule), Ms. Dorland did not have a fair opportunity in any further briefing to address Ms. Larson's refutation of facts. Ms. Dorland has therefore been prejudiced by Ms. Larson's untimely submission.

7. During the parties' L.R. 7.1 meet-and-confer, counsel for Plaintiff Ms. Larson cited ongoing health issues as the reason for the late filing of Ms. Larson's response to Ms. Dorland's Statement of Facts.

8. Counsel have discussed the ongoing health issue previously, and the undersigned has accommodated that situation, as has the Court, on multiple occasions. While Ms. Dorland and her counsel are sympathetic to counsel's health issues, the timing of the filing is not the sole basis for this motion.[2] The substance of the responses is not compliant with the Rules, and the Rules explicitly state that one potential outcome is that the facts be deemed admitted. This motion is not brought without empathy, but under these circumstances and where Ms. Dorland has been prejudiced by Ms. Larson's failure to comply with the Rules of Civil Procedure and the Local Rules, Ms. Dorland believes she has no other option than to proceed with this Motion to Strike.

---

[2] Ms. Dorland raised the issue that Ms. Larson did not file a response to Ms. Dorland's statement of facts on December 23, 2022 in her opposition to Ms. Larson's cross-motion. Yet Ms. Larson did not immediately file her response to that statement of facts, but instead waited until she filed her own reply brief on January 9, 2023.

WHEREFORE, Ms. Dorland requests this Court strike Ms. Larson's Response to Ms. Dorland's Statement of Undisputed Facts (Doc. No. 197) in its entirety and deem the facts presented by Ms. Dorland in her Statement of Undisputed Material Facts as undisputed for purposes of summary judgment.

Respectfully submitted,

Dawn Dorland Perry

By Her Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/*Suzanne M. Elovecky*
Suzanne M. Elovecky (BBO# 670047)
Hannah Y. Amadei (BBO# 710509)
30 Federal Street
Boston, MA  02110
(617) 292-7900
(617) 292-7910 FAX
selovecky@psh.com
hamadei@psh.com

DATED:      January 18, 2023

**L.R. 7.1(a)(2) CERTIFICATE**

I certify that on January 18, 2023, I met-and-conferred by telephone with Plaintiff's counsel in an attempt to resolve or narrow the issues raised by the foregoing motion, which was not successful. Plaintiff's counsel confirmed that he intends to oppose this motion.

                                        */s/ Suzanne M. Elovecky*
                                        Suzanne M. Elovecky (BBO # 670047)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of January 2023, this document was filed and served through the ECF system and sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                          */s/ Suzanne M. Elovecky*
                                        Suzanne M. Elovecky (BBO # 670047)