

Suzanne M. Elovecky
(857) 214-3097
selovecky@psh.com

July 21, 2023

Honorable Indira Talwani
United States District Court for the District of Massachusetts
1 Courthouse Way
Boston, Massachusetts 02210

  Re: **Citation of Supplemental Authority**
     Sonya Larson v. Dawn Dorland Perry
      Civil Action No. 1:19-cv-10203
     Andy Warhol Foundation for Visual Arts, Inc. v. Goldsmith,
      143 S. Ct. 1258 (2023)

Dear Judge Talwani:

  Ms. Larson's letter adds nothing to the briefing in this matter as it does not rely on unique law or analysis contained in Andy Warhol Found. for Visual Arts, Inc. v. Goldsmith, 143 S.Ct. 1258 (2023). The only cite to Goldsmith in Ms. Larson's letter is nearly identical to the cite in her prior briefing citing to the lower court decision. See ECF No. 189, p. 26. She then proceeds to repeat arguments previously made, adding nothing new to the analysis. See ECF 207; ECF 189 at pp. 27-28; ECF 198 at pp. 18.

  Ms. Larson claims that Ms. Dorland's letter was "utilitarian" rather than "artistic." See ECF 207. Ms. Larson not only reveals her misunderstanding of the analysis applicable here and in Goldsmith (i.e., whether or not the ***use of the work*** was "artistic" or "utilitarian", rather than the ***nature of the copyrighted work***, see Goldsmith at 1274), but it is simply untrue. It is clear from the face of Ms. Dorland's letter that, while it certainly was used as a communicative tool, it also contained carefully crafted creative expression - as Ms. Dorland set forth in her briefing. See, e.g., ECF 184, p. 18. Ms. Larson strains to find differences between the two letters by pointing NOT to the content of the letter in her story, but rather the content of her short story. See ECF 207. The text of the letter in *The Kindest* does not refer to a "white savior dynamic," and instead directly mirrors the content of Ms. Dorland's letter. See, e.g., ECF 181 at ¶¶ 51-53.

  Ms. Larson fails to cite any law attaching relevance to her statements concerning the ***current*** commercial use of Ms. Dorland's letter. ECF 207, p. 2. The proper inquiry is the effect of Ms. Larson's use upon the potential market or value of the copyrighted work. See ECF 184, p. 19-20.

Honorable Indira Talwani
July 21, 2023
Page 2



Goldsmith is not helpful to Ms. Larson. In Goldsmith, the Court held that AWF's use of Ms. Goldsmith's photograph was not transformative and did not constitute fair use. Goldsmith at 1287. That is also the correct conclusion here.

        Sincerely,

        */s/ Suzanne M. Elovecky*

        Suzanne M. Elovecky

SME:bm

### Certificate of Service

I hereby certify that on this 21st day of July 2023, this document was filed and served through the ECF system and sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

        */s/ Suzanne M. Elovecky*
        Suzanne M. Elovecky

4500282.1/30402-2