UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SONYA LARSON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:19-cv-10203-IT |
| | * | |
| DAWN DORLAND PERRY, | * | |
| | * | |
| Defendant. | * | |

ORDER

September 26, 2023

Sonya Larson's Motion for Reconsideration [Doc. No. 214] seeks reconsideration of this court's granting Dawn Dorland Perry summary judgment as to Larson's claims for intentional interference with business relationships with American Short Fiction ("ASF") and Boston Book Festival ("BBF"). Larson contends that this court erred in finding that she had failed to demonstrate any economic injury that resulted from such interference. In support of her request for reconsideration, Larson now offers evidence relating to (1) the attorney's fees she incurred in responding to Dorland or her attorneys' communications with ASF and BBF, and (2) the loss of her job at GrubStreet. Larson Mem. 2 [Doc. No. 215]. Neither suffices.

First, Larson did not claim attorney's fees as damages caused by the alleged interference with these two business relationships. See Second Amended Complaint ¶¶ 68, 76 [Doc. No. 91]. Indeed, at the summary judgment hearing, when asked directly, Larson's counsel conceded that Larson had suffered no direct financial loss as a result of Dorland's alleged interference with Larson's relationships with BBF and ASF. And while counsel argued that indirect financial harm to her career should be considered, he made no mention of attorneys' fees.

Second, Larson's claims concerned her business relationships with ASF and BBF. She did not bring a claim alleging interference with her business relationship with her employer GrubStreet.[1]

Larson has not drawn this court's attention to any evidence of economic harm caused by the alleged interference with business relationships with BBF and ASF that the court erroneously overlooked. As a result, her Motion for Reconsideration is DENIED.

IT IS SO ORDERED

September 26, 2023                                     /s/      Indira Talwani
                                                       United States District Judge

---

[1] Nor could Larson succeed on such a claim. While Dorland wrote to Larson's employer in 2018 to file "a complaint of professional misconduct" against Larson, that letter did not cause Larson's job loss. As Larson herself points out, she was still employed by GrubStreet, and indeed received "a stellar performance review and a promotion" in 2021. Larson Affidavit [Doc. No. 214-1]. Larson contends that her firing was a result of "fallout" from the "Bad Art Friend" article, which was published in the New York Times after Dorland reached out to a Times reporter. Larson Mem. 6 [Doc. No. 215]. That may be true, but that summary glosses over the fact that the article reported on Larson's own statements and conduct—as revealed through text messages and other social media communications. See Larson Mem. SJ, Ex. 36 ("Who Is the Bad Art Friend?") [Doc. No. 192-16] ("[T]he litigation crept along quietly until earlier this year, when the discovery phase uncorked something unexpected . . . . pages and pages of printed texts and emails between Larson and her writer friends, gossiping about Dorland."). GrubStreet in turn cited "certain documents relating to the lawsuit that recently came to light" in its public statement regarding its leadership reorganization. Dorland Mem. SJ, Ex. G [Doc. No. 194-7].