# Exhibit A

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SONYA LARSON<br><br>                Plaintiff,<br>v.<br><br>DAWN DORLAND PERRY, et al.<br><br>                Defendants. | Civil Action<br><br>No. 1:19-cv-10203-IT |

### AFFIDAVIT OF ANDREW D. EPSTEIN IN SUPPORT OF SONYA LARSON'S MOTION FOR COSTS AND ATTORNEY'S FEES UNDER 17 U.S.C. § 505

I, Andrew D. Epstein, on oath depose and state as follows:

1.    I am lead attorney representing Plaintiff, Third-Party Defendant, Sonya Larson in the above action.

2.    I am licensed to practice law in the Commonwealth of Massachusetts. I graduated from Boston University in 1968 with a degree in government, and from Boston University School of Law in 1972. I have been actively practicing law for over 50 years.

3.    While I practice mostly in Massachusetts, I have appeared in state and federal courts in Maine, New Jersey, Connecticut, New York and Illinois. I began to specialize in copyright law in the late 1970's.

4.    I have lectured on various aspects of copyright and art law at numerous law schools including Boston College, Boston University, Harvard and Suffolk University. I have

also lectured on copyright and/or art law at Massachusetts Continuing Legal Education, the Boston Bar Association and the city bar associations in Philadelphia and New York City.

5. I have had a number of reported court decisions including several dealing with copyright issues, namely:

> Matthews v. Freedman, 157 F.3d 25 (1st Cir. 1998);
>
> Bruce v. Weekly World News, Inc., 150 F. Supp.2d 313 (D. Mass 2001), 203 F.R.D. 51 (D. Mass. 2001); 310 F. 3d 25 (1st Circ. 2002);
>
> Phillips v. Pembroke Real Estate, Inc., 288 F. Supp.2d 89 (D. Mass. 2003); on a certified question to the Supreme Judicial Court, 443 Mass. 110 (2004); on appeal, 459 F.3d 128 (1st Cir. 2006).
>
> Cipes v. Mikasa, Inc., 379 F. Supp. 2d 84 (D. Mass. 2005); 439 F. 3d 52 (1st Cir. 2006).
>
> Fitzgerald v. CBS Broadcasting, Inc., 491 F.Supp.2d 177 (Mass. 2007).

6. This has been a very contentious and time-consuming lawsuit. I have spent over 900 hours in litigating this action since December 2018. Although there was considerable duplication in documents produced from various sources, there are over 7,000 pages of documents that had to be reviewed.

7. As shown is the attached time records, Larson is seeking recovery for attorney's fees for 677.7 hours of legal time and expenses of $9,074.07. These fees and expenses cover only the period from April 24, 2020, the day I received Dorland's counterclaim for copyright infringement, to date. No recovery of attorney's fees or costs is being requested prior to April 24, 2020. If I include the total time I spent on this action from beginning to end, the time spent exceeds 900 hours.

8. I represent numerous artists, photographers, writers and museums and I try to keep both my overhead as well as my hourly rate for legal services as low as I can. When I

started to represent Sonya Larson, my hourly rate for artists was a very reasonable $500 per hour. My rate for businesses is usually higher. As I passed my 50th year of practicing law, I increased my hourly rate for artists to $600. Still this is a very reasonable rate for lawyers with 50 years of experience. Some of my peers and colleagues with fewer years of practice charge up to $1,500 per hour for their legal services.

9. I have attached to this affidavit, a list of the services I performed in this Action. When I could, I have excluded my time on matters that were not directly related to the copyright infringement claims.

10. I have included with this affidavit copies of my contemporaneously recorded, handwritten timeslips. Since my handwriting is virtually unreadable by everyone except me, I have had the timeslips typed.

Signed under the pains and penalties of perjury this 13th day of October 2023.

Andrew D. Epstein