UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SONYA LARSON, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 1:19-cv-10203-IT |
| | * |
| DAWN DORLAND PERRY, | * |
| | * |
| Defendant. | * |

MEMORANDUM & ORDER

August 14, 2024

TALWANI, D.J.

Pending before the court is Plaintiff Sonya Larson's Motion for Attorney's Fees and Costs Under Section 505 of the Copyright Act and Fed. R. Civ. P. 54(d)(1) and 52(d)(2) ("Motion for Fees and Costs") [Doc. No. 221], seeking $9,074 in costs and $343,600 in attorney's fees. For the reasons set forth herein, the motion is DENIED.

**I.   Factual Background**

Much of the factual background related to the pending motion is laid out in the court's Memorandum & Order on Summary Judgment ("Mem. & Order") [Doc. No. 211]. Briefly, Dorland donated her kidney in 2015 and documented the experience in a private Facebook group, which included Larson. Id. at 4. Shortly after her surgery, Dorland shared with the Facebook group her letter to the recipient of her kidney (the "Dorland Letter"). Id. Larson saw the letter and began drafting a short story about a woman requiring a kidney transplant who receives a letter from her anonymous living donor. Id. at 4-5. The short story, The Kindest, was at least partially inspired by Dorland's kidney donation and letter. Id. at 5. Larson submitted The Kindest to Plympton, an audio recording studio, and it was released in 2016 with the first version

1

of the letter (the "2016 Letter"). Id. at 6. After submitting The Kindest for publication and audio recording, Larson did a reading of the story at a Boston bookstore. Id. Dorland learned of Larson's reading and The Kindest's use of lines from the Dorland Letter and objected in emails with Larson. Id. Larson revised The Kindest, removing and replacing lines from the Dorland Letter (the "2017 Letter"). Id. at 7.

In 2017 and 2018, American Short Fiction ("ASF") published The Kindest (with the 2017 Letter) in print and online. Id. Dorland contacted ASF, the Boston Book Festival ("BBF"), and others, objecting to Larson's alleged plagiarism. Id. at 8-10. Dorland also registered the copyright for the Dorland Letter on June 10, 2018. Id.

ASF subsequently removed The Kindest from its website and the BBF directed Larson to rewrite the 2017 Letter to "avoid any resemblance in the structure or language to the original [Dorland Letter]," which Larson did (the "2018 Letter"). Id. at 10. Dorland continued to contact the BBF complaining about The Kindest and Larson. Id. at 11. Dorland's counsel, Jeffrey Cohen, sent a cease-and-desist letter to the BBF on July 3, 2018, and Dorland lodged a complaint with Larson's employer on July 7, 2018. Id. at 12. Dorland also contacted a Boston Globe reporter, leading to the publication of multiple articles. Id. at 13-14. The BBF ultimately canceled the "One City/One Story" event that was to feature The Kindest. Id. at 13.

Discovery revealed text messages from Larson in which she admitted to having copying Dorland's letter. See id. at 5. In one message, Larson told a friend that her story "literally has sentences that I verbatim grabbed from Dawn's letter on Facebook." See id. Larson added that she had "tried to change it but I can't seem to. That letter was just too damn good." See id.

## II.     Procedural Background

Larson initiated this action in 2019. See Compl. [Doc. No. 1]. After the court granted in part and denied in part Dorland's motion to dismiss Larson's Amended Complaint [Doc. No. 52], see Mem. & Order [Doc. No. 59], Larson filed her Second Amended Complaint [Doc. No. 91], in which she brought claims against Dorland for Intentional Interference with Larson's Advantageous Business Relationship with ASF (Count I), Intentional Interference with Larson's Advantageous Business Relationship with BBF (Count II), and Defamation (Count VII), and sought a Declaratory Judgment (Count VIII) of noninfringement under 17 U.S.C. § 504, et seq. Am. Compl. [Doc. No. 91].[1] Following discovery, the court granted Dorland summary judgment on each of the state law claims. See Mem. & Order [Doc. No. 211] (finding no intentional interference by Dorland with Larson's advantageous business relationships with ASF, no intentional interference by Dorland with Larson's advantageous business relationship with the BBF, and no defamation by Dorland).

Meanwhile, Dorland asserted counterclaims for copyright infringement, declaratory relief, and injunctive relief under 17 U.S.C. § 502, as well as for intentional infliction of emotional distress. Dorland Answer to Second Am. Compl. [Doc. No. 96]. Larson filed a Motion to Dismiss Dorland's Counterclaims [Doc. No. 77], which the court granted as to Dorland's claim of intentional infliction of emotional distress but denied as to the copyright counterclaims. Mem. & Order [Doc. No. 99].

The court denied Dorland's motion for summary judgment and granted Larson's motion for summary judgment as to the copyright claims. Judgment [Doc. No. 219]. In so doing, the

---

[1] Larson also brought claims against Jeffrey Cohen and Cohen Business Law Group. Second Am. Compl ¶¶ 77-107 [Doc. No. 91]. Larson and those two Defendants stipulated to dismissal with prejudice of those claims "without costs or attorney's fees." Stipulation [Doc. No. 178].

3

court made findings about the substantial similarity between the Dorland letter and the three iterations of The Kindest letter.[2] Mem. & Order 16-19 [Doc. No. 211]. The court ultimately found the "at-issue versions of The Kindest [to be] protected by fair use." Id. at 30.

Neither side has filed a bill of costs.

### III.     Discussion

Larson timely filed the pending Motion for Attorney Fees and Costs [Doc. No. 221] pursuant to Section 505 of the Copyright Act. Larson contends that, as the prevailing party to Dorland's copyright infringement counterclaims and because "Dorland's conduct [throughout litigation was] malevolent, unreasonable and motivated by vengeance," she should be awarded fees and costs. Larson Mem. ISO Motion for Fees and Costs ("Larson Mem.") 1, 6 [Doc. No. 222]. Larson argues that because any damages Dorland could have recovered for copyright infringement were modest, her demand for $180,000 in damages plus attorney's fees and pressing forward with litigation was objectively unreasonable conduct, and that this is particularly true in light of the revisions Larson made in creating the 2018 Letter, the BBF's decision not to use The Kindest, and its subsequent cancelation of the One City/One Story ("1C/1S") event. Id. at 3. Larson also argues that Dorland knew her claim was "objectively quite weak" as evidenced by Dorland's own admission that the 2018 Letter "neutralized" her copyright claim and corroborated by this court's finding that the 2018 Letter did not infringe the copyright of the Dorland Letter. Id. at 4; see Mem. & Order [Doc. No. 211]. Larson characterizes

---

[2] The court found the 2016 Letter to be substantially similar to the Dorland Letter, but that "[t]he 2017 Letter does not compel either a finding of substantial similarity or a finding of no infringement." Mem. & Order 18-19 [Doc. No. 211]. The 2018 Letter was not substantially similar to the Dorland Letter and did not infringe upon it due to the extensive changes in language, structure, and tone. Id. at 19.

4

Dorland's actions since the initiation of this suit as "overly aggressive" and motivated by "revenge." Id.

In her Opposition [Doc. No. 223], Dorland argues that fees should not be awarded under the factors set forth in Fogerty v. Fantasy, Inc., 510 U.S. 517, 543 & n. 19 (1994) (the "Fogerty Factors"). See Dorland Opp'n. to Larson's Motion for Fees and Costs ("Dorland Opp'n.") 5 [Doc. No. 223]. She also points to the insufficiency of Larson's proffered time records and improper inclusion of fees related to other Defendants and tort claims.[3] Id. at 14.

A.  *Attorney's Fees*

   1.  Legal Standard

Under "the general 'American rule,' [] the prevailing party may not recover attorneys' fees as costs or otherwise." Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 24 (1975).

Section 505 of the Copyright Act of 1976 gives the court discretion to award reasonable attorney's fees to a prevailing party on a copyright infringement claim. 17 U.S.C. § 505. Two restrictions apply to the application of § 505: (1) attorney's fees are not awarded as a matter of course, but rather, on a case-by-case basis; and (2) courts may not treat prevailing plaintiffs and prevailing defendants differently. Kirtsaeng v. John Wiley & Sons, Inc., 579 U.S. 197, 202 (2016).

Though there is "no precise rule or formula" for determining whether to award attorney's fees under § 505, the Supreme Court has identified several factors to be considered. Fogerty v.

---

[3] Dorland is correct that Larson has failed to grapple with the fact that she was not the prevailing party as to a substantial number of the claims in this litigation, including all of her tort claims against Dorland, and makes no effort to separate any fees or costs associated with the copyright counterclaim from fees or costs associated with the bulk of the remaining litigation. The court proceeds nonetheless to consider whether any fees should be awarded.

Fantasy, Inc., 510 U.S. 517, 534 n.19 (1994). Among the factors are "frivolousness, motivation, and objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Id. Though the court "should give substantial weight to the objective reasonableness of the losing party's position," it is not the controlling factor in determining the application of § 505 and a court may award fees even if the losing party offered reasonable arguments. Kirtsaeng, 579 U.S. at 208-10. The First Circuit has interpreted Fogerty to allow awarding attorney's fees to a prevailing party where the opposing party's claims are "objectively quite weak," even if they are not outright frivolous or made in bad faith. Airframe Sys., Inc. v. L-3 Commc'ns Corp., 658 F.3d 100, 109 (1st Cir. 2011).[4]

### 2. Application of the Fogerty Factors

#### a. Objective Unreasonableness

To determine whether an opposing party's litigation position is objectively unreasonable, "[a] district court that has ruled on the merits of a copyright case can easily assess whether the losing party advanced an unreasonable claim or defense. That is closely related to what the court has already done: . . . consider[ed] the strength and weakness of each side's arguments." Kirtsaeng, 579 U.S. at 207. The fact that an opposing party was not successful in bringing its claim does not require the court to find objective unreasonableness. Id. at 201 ("[T]he imposition of a fee award against a copyright holder with an objectively reasonable—although unsuccessful—litigation position will generally not promote the purposes of the Copyright Act.") (internal quotations omitted).

---

[4] Larson does not expressly discuss the Fogerty factors or explain how Dorland's actions or claims relate to them.

Dorland argues that the legal and factual components of her counterclaims were objectively reasonable. Dorland Opp'n. 5 [Doc. No. 223]. Larson counters that Dorland's counterclaims were "objectively quite weak" and as such, the court should award her attorney's fees. Larson Mem. 4 [Doc. No. 222].

To prevail on a copyright infringement claim, a plaintiff must show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). The second prong is a two-part inquiry: first, the plaintiff must show that the defendant actually copied the original work; second, the plaintiff must show that "the copying of the copyrighted material was so extensive that it rendered the infringing and copyrighted works 'substantially similar.'" Segrets, Inc. v. Gillman Knitwear Co., 207 F.3d 56, 60 (1st Cir. 2000).

Fogerty and § 505 are clear that awarding attorney's fees to a prevailing party is discretionary, even where the opposition's claims are objectively weak. Airframe Sys., Inc., 658 F.3d at 109 ("First, while the Fogerty standard . . . *permits* a court to award attorney's fees when the opposing party's claims are objectively weak, it does not *require* the court to do so."). Larson's argument that the court should grant fees under the "objectively weak" framework is based almost exclusively on the strength of Dorland's claims against the 2018 Letter. Larson Mem. 4 [Doc. No. 222]. But taken as a whole, Dorland's claims were not objectively weak.

First, Dorland undisputedly owns the copyright to the Dorland Letter. Cf. InvesSys, Inc. v. McGraw-Hill Cos., Ltd., 369 F.3d 16, 20-21 (1st Cir. 2004) (affirming district court's decision to award attorney's fees under § 505 because plaintiff company did not own the copyrighted software). And Dorland's copyright claims against Larson were sufficiently colorable and objectively reasonable under existing copyright law that the court denied Larson's Motion to

7

Dismiss [Doc. No. 77] as to the copyright claims. Following a side-by-side comparison of the letters, the court found "enough similarities from which a reasonable jury may conclude that the [2017] and [2016] Letters are substantially similar to the Dorland Letter" and the court could not conclude as a matter of law that Larson's use constituted fair use. Mem. & Order 6-9 [Doc. No. 99].

Second, Dorland was not attempting to "extend her copyright protection far beyond what is allowed by the law." Cf. Matthews v. Freedman, 157 F.3d 25, 29 (1st Cir. 1998) ("A plaintiff's decision to bring a weak, if nonfrivolous, case and to argue for an unreasonable extension of copyright protection are relevant concerns."). At summary judgment, the court extensively explained its reasoning for granting Larson's request for summary judgment on the copyright infringement counterclaim, and in doing so, analyzed all three versions of the letter. See Mem. & Order 15-30 [Doc. No. 211]. The court found the 2016 Letter to be substantially similar to the Dorland Letter, taking "material of substance and value," with nearly half of Dorland's own words either taken verbatim or paraphrased. Id. at 18. The structure of the 2016 Letter was also identical to the Dorland Letter: "a paragraph introducing the donor, including information on race, age, and gender; a paragraph explaining how the donor discovered the need for kidney donation; a paragraph explaining the donor's traumatic childhood; a paragraph expressing the donor's focus on the future recipient; a paragraph wishing the recipient health and happiness; and a concluding paragraph expressing a desire to meet." Id. With respect to the 2017 Letter, the court found Larson copied verbatim and closely paraphrased the Dorland Letter and retained the Letter's structure, but that the similarities between the letters were "not so striking that no reasonable juror could conclude that the two letters are meaningfully different." Id. at 19. Larson ultimately prevailed under fair use, but even then, the court found both the 2016 and 2017 Letters

"borrow[ed] more than necessary from the Dorland Letter." Id. at 27. The court found the 2018 Letter to be very different from the Dorland Letter, with almost no verbatim or closely paraphrased language, and consequently found it did not infringe Dorland's copyright. Id. at 28. Though Dorland did not prevail on her copyright counterclaims, it was not objectively unreasonable for her to bring them.

      b.   Frivolousness and Motivation

A claim is frivolous when it is "either not well-grounded in fact or unwarranted by existing law or a good faith argument for an extension, modification or reversal of existing law." In re Ames, 993 F.3d 27, 34 (1st Cir. 2021). Larson does not explicitly address the frivolousness factor in her Memorandum [Doc. No. 222] but contends that Dorland was motivated by revenge when bringing her copyright claims and seeking substantial damages. Larson Mem. 3-4 [Doc. No. 222].

The court agrees that Dorland's monetary demand was not reasonable, and that Dorland may well have pursued her claims for reasons unrelated to the money involved. But Dorland's copyright claims themselves were not objectively unreasonable, as discussed above. See Markham Concepts, Inc. v. Hasbro, Inc., 71 F.4th 80, 86, 92 (1st Cir. 2023) (affirming district court's order rejecting defendant's request for fees and finding its conclusion that "[b]ecause the case was not objectively unreasonable, it follows that it was not frivolous" was not an abuse of discretion). Moreover, Dorland did not initiate this litigation; as Dorland points out, once Larson removed their dispute to the courthouse, Fed. R. Civ. P. 13(a) required Dorland to assert the copyright counterclaims in her Answer to Larson's Complaint or else lose the right to pursue them entirely. Dorland Opp'n. 10 [Doc. No. 223].

These Fogerty factors favor denying Larson's Motion [Doc. No. 221].

9

      c. Compensation and Deterrence

Courts may award attorney's fees where there has been litigation misconduct, regardless of the objective reasonableness of the offending party's claims. <u>Kirtsaeng</u>, 579 U.S. at 209. The court may also award fees "to deter repeated instances of copyright infringement or overaggressive assertions of copyright claims, again even if the losing position was reasonable." <u>Id.</u> Larson urges the court to find such conduct here. She believes ordering Dorland to pay attorney's fees "will act as a deterrent to future unwanted retribution against [Larson]" given that Dorland was "being overly aggressive." Larson Mem. 4, 6 [Doc. No. 222].

First, most of the retribution Larson references throughout her <u>Motion</u> and <u>Memorandum</u> is related to business dealings and interpersonal conflict, not litigation. <u>See</u> Mot. for Fees and Costs 4 [Doc. No. 221]; Larson Mem. 3-5 [Doc. No. 222]. But Larson ultimately did not prevail on her various claims relating to these matters and she cannot remedy those matters via the attorneys' fees provision on an unrelated claim.

Moreover, the deterrence factor is meant to dissuade parties and future litigants from bringing "ill-advised actions or litigating reasonable ones excessively" and says nothing about how parties conduct themselves outside the court. <u>Markham Concepts</u>, 71 F.4th at 95. And, as previously discussed, Dorland's copyright counterclaims were not objectively unreasonable, so her continued pursuit of judgment cannot be considered litigation misconduct, as Larson would suggest. <u>See</u> Larson Mem. 4 [Doc. No. 222]. Even where this court has previously found that a party employed "overly aggressive litigation tactics," it has declined to find litigation misconduct sufficient to award attorney's fees under § 505. <u>See</u> <u>Photographic Illustrators Corp. v. Orgill, Inc.</u>, 2020 WL 3051774, at *1 (D. Mass. June 8, 2020) (concluding defendant should not recover attorney's fees despite plaintiff "filing a slew of lawsuits against small-business sublicensees"

10

where the conduct "was not so egregious as to outweigh the other relevant factors"). The deterrence factor does not favor awarding Larson attorney's fees.

B.   *Costs*

The types of costs a prevailing party may recover under the Copyright Act are limited to those specified in 28 U.S.C. § 1920. See Fed. R. Civ. P. 54(d)(1). Under Rule 54(d), "costs—other than attorney's fees—should be allowed to the prevailing party." However, the court is permitted to exercise its substantial discretion and deny costs in certain circumstances, such as when a party is "only partially successful," or where costs are "unreasonably high or unnecessary." Cantrell v. Int'l Broth. of Elec. Workers, AFL-CIO, Local 2021, 69 F.3d 456, 459 (10th Cir. 1995). The court may also reduce a request for costs where "the taxable costs of the litigation were disproportionate to the result achieved." Dunne v. Resource Converting, LLC, 991 F.3d 931, 941 (8th Cir. 2021). Here, both parties were only partially successful and neither party filed a timely bill of costs. Accordingly, Larson's request for costs is denied.

**IV.   Conclusion**

For the foregoing reasons, Larson's Motion for Fees and Costs [Doc. No. 221] is DENIED.

IT IS SO ORDERED

August 14, 2024                                          /s/ Indira Talwani
                                                         United States District Judge